FILED
MAR 17 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARCUS L. WILLIAMS,  )
Box #77423  )
1300 N. WAREHOUSE RD  )
FORT LEAVENWORTH KS 66027-2304.,  )
      Plaintiff,  )
       )
v.  )
       )
DEPARTMENT OF THE AIR FORCE,  )
1670 AIR FORCE PENTAGON  )
WASHINGTON D.C. 20330-1670.,  )
      Defendant.  )
       )

CASE NUMBER 1:06CV00508

JUDGE: Royce C. Lamberth

DECK TYPE: Pro se General Civil

DATE STAMP: 03/17/2006

## COMPLAINT

For his complaint in the District Court and files Pro Se against defendant Department of The Air Force, for declaratory judgment of Plaintiff's individual terminated active duty status on the date of his expiration of term of service of his respective military service enlistment to further effect the dissolution of his legally created Armed Forces artificial entity or person. And Plaintiff alleges the particulars hereinafter:

### THE PARTIES

### I.

1. Plaintiff is, and at all times mentioned herein has been, an person under the supervision of the United States Air Force, a prisoner of the United States in the custody of the Department of Defense, confined to the United States Disciplinary Barracks, Fort Leavenworth Kansas.

2. Plaintiff is informed and believes and thereon alleges that Defendant, Department of The Air Force, is, and at all times mentioned herein, has been, an agency of the executive branch of the United States.

### CONSENT TO PROCEED BEFORE A UNITED STATES MAGISTRATE JUDGE FOR ALL PURPOSES

### II.

3. In accordance with the provisions of 28 U.S.C. § 636(c)(3), the Plaintiff to the above-captioned civil matter hereby voluntarily waive his rights to proceed before a District Judge of the United States District Court and consent to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial.

## JURISDICTION

### III.

4. This action is based on the U.S. Constitution and therein Article 1 Section 8 Clause 14; United States Code, Title 10 Sections 101(b)(6), 101(b)(7), 101(d)(1), 101(d)(3), and 802(c); General Order, By Order of the Secretary of The Air Force, Air Force Instruction (hereinafter "AFI") of AFI 36-3208, Administrative Separation of Airmen, Section 2A. paragraphs 2.1.1., and 2.4. And jurisdiction is conferred on this Court by United States Code, Title 28 Section 1331 pursuant to a federal question, and United States Code, Title 5 Sections 551, and 702 of the Administrative Procedure Act; the Fifth Amendment to the U.S. Constitution and the equitable powers inherent in the courts of the United States.

## COUNT I

### IV.

#### To Determine Plaintiff's Status Upon Expiration Of Term Of Service

5. Under the United States Code, Title 10 Section 101(d)(1), accordingly defines in pertinent part "Active Duty", as "full-time duty in the active military service of the United States", and further that Section 101(d)(3) of said United States Code defines "active service" as "service on active duty".

6. Plaintiff's Date of Separation of 28 February, 2001, that was entered

2

on 30 January, 1997, was voluntarily extended until 28 December, 2001, as described in and covered by his active duty enlistment extension contract (AF Form 1411). A copy of Plaintiff's active duty enlistment extension contract is attached as Exhibit A, and made part of this Complaint.

7. Charges were preferred against the Plaintiff and served on him 20 September, 2001, for various alleged offenses in violation of the Uniform Code of Military Justice.

8. In accordance with United States Code, Title 10 Section 802(c), that states in pertinent part that, "Notwithstanding any other provision of law, a person serving with an armed force...is subject to this chapter until such person's active service has been terminated in accordance with law or regulations promulgated by the Secretary concerned".

9. General Order,"By Order of the Secretary of The Air Force", AFI 36-3208, Administrative Separation of Airmen, Section 2A. paragraph 2.4. Retention for Action by Court-Martial, orders in mandatory compliance in pertinent part that, "This paragraph authorizes the retention of airmen beyond ETS in anticipation of the preferring of charges. The SJA determines what type of appropriate action is sufficient to authorize retention pending the preferring of charges. If there is sufficient time, the Staff Judge Advocate (SJA) or a member of the SJA's staff will notify the MPF separations unit in writing to involuntarily extend the member's ETS". And further that General Order, "By Order of the Secretary of The Air Force", AFI 36-3208 Section 2A. paragraph 2.1.1., states in pertinent part that, "Retain airmen only when their enlistments are extended by law..". A copy of Air Force Instruction 36-3208 Section 2A is attached as Exhibit B, and made part of this Complaint.

10. On 29 December, 2001, Plaintiff's active duty enlistment terminated without administrative action to effectuate an involuntary extended active

3

duty enlistment.

11. Plaintiff's Leave And Earnings Statements (hereinafter "LES") encompassing periods of 1 through 31 March, 2002, and running the tenure until 1 January, 2004, reports an expiration of term of service (hereinafter "ETS") of 29 December, 2001, marked as "011229" and described in recorded section labeled "ETS". A copy of Plaintiff's Leave And Earnings Statements of 1-31 March, 2002, is attached as Exhibit C and 1-31 January, 2004, is attached as Exhibit D, and are made a part of this Complaint.

12. On and before Plaintiff's active duty enlistment and extension expired and thereinafter, he was neither retained in service nor recalled by proper authority to active duty respective to the absence of observance and compliance of mandatory procedure by the officers or employees of Defendant whereto Plaintiff's active duty enlistment was permitted to terminate on 29 December, 2001, without further action to involuntarily extend it.

## COUNT II

### V.

#### To Determine Whether Plaintiff's Active Duty Official Capacity of Title, Grade and Rank Was Severed Upon His Expiration of Term of Service

13. Plaintiff refers to paragraphs 1 through 12, inclusive, hereinabove, and by such reference incorporates each and every allegation contained in said paragraphs into this Count II for judgment as though fully set forth herein.

14. Pursuant to United States Code, Title 10 Section 101(b)(6), defines in pertinent part "enlisted member" as a "person in an enlisted grade". And further that the said United States Code thereunder Section 101(b)(7) defines

the term "grade" as "a step or degree, in a graduated scale of office or military rank, that is established and designated as a grade by law or regulation".

15. On and before 28 December, 2001, and prior to expiration of term of service of 29 December, 2001, that Plaintiff was an artificial person or entity created under law or regulation of the United States with an separate legal existence in the official capacity of "Staff Sergeant (E-5), Marcus L. Williams, in the United States Air Force".

16. On 29 December, 2001, Plaintiff's active duty enlistment and extension terminated, and that which further imposed the relinquishment of his artificial person or entity of "Staff Sergeant (E-5), Marcus L. Williams, in the United States Air Force", that deprived the Plaintiff of any lawful right to enter into any form of agreements and/or contracts with the Defendant and to be identified and assumed to profess or act as the said artificial person or entity.

17. Due to the inaction by the officers or employees of the Defendant to not involuntarily extend the Plaintiff's active duty enlistment, that the Plaintiff by law could not hold the official capacity of the artificial person or entity of "Staff Sergeant (E-5), Marcus Lonnie Williams, in the United States Air Force".

**PRAYER FOR JUDGMENT**

**VII.**

WHEREFORE, plaintiff prays:

A. For a decree declaring that Plaintiff was not on active duty or possessed an Armed Forces status after the expiration of his respective enlistment and was neither lawfully retained in service by proper authority; and

5

B. Further decree declaring that on and thereafter Plaintiff's expiration of term of service on 29 December, 2001, that he was divested of the artificial person or entity created by laws of the United States, of, Staff Sergeant Marcus L. Williams, in the United States Air Force, and held no such legal rights or authority under the laws of the United States to enter into agreements, and/or contracts and/or to be identified or professed under and as the artificial entity of Staff Sergeant Marcus L. Williams, in the United States Air Force; and

C. The court decree that those officers or employees of the United States Air Force who were responsible and neglicted to effectuate for the extension of Plaintiff's service did so in knowing the violations of the Plaintiff's Constitutional rights;

D. This judgment be certified to the Secretary of Defense;

E. And for such other and further relief as this court deems just and proper.

Dated this 13th day of March, 2006.

Respectfully submitted,

*[signature]*
MARCUS L. WILLIAMS, 77423
1300 N. WAREHOUSE RD
FORT LEAVENWORTH KS 66027-2304

6

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARCUS L. WILLIAMS,               )
       Plaintiff,             )
                                  )
   v.                             )   APPENDIX
                                  )
DEPARTMENT OF THE AIR FORCE,      )
       Defendant.             )
                                  )

EXHIBIT A, .................. Enlistment Extension Contract

EXHIBIT B, .................. Air Force Instruction 36-3208

EXHIBIT C, .................. Leave And Earnings Statement, 1-31 March 2002

EXHIBIT D, .................. Leave And Earnings Statement, 1-31 January 2004

06 0508

FILED

MAR 17 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# EXTENSION OR CANCELLATION OF EXTENSIONS OF ENLISTMENT IN THE REGULAR AIR FORCE/AIR FORCE RESERVE

AUTHORITY: 10 U.S.C 501 through 520a, 8013; 44 U.S.C 3103.
PRINCIPAL PURPOSES: Documents approved or disapproved requests for extensions or cancellation of extension. Used to decide pay and allowance entitlements for the extension period.
ROUTINE USES: None
DISCLOSURE IS VOLUNTARY: However, if the information is not provided, the extension or cancellation may not be processed.

## I. IDENTIFICATION DATA

| NAME (Last, First, MI) | GRADE | SSN | UNIT OF ASSIGNMENT |
|---|---|---|---|
| WILLIAMS MARCUS L | SSG | 265737113 | 42 LG |

## II. REQUEST FOR EXTENSION

I hereby request that my current enlistment that I entered on (1) __970130__ for a period of (2) __4__ years, be extended a period of (3) __10__ months for the purpose of (4) __BEST INTEREST OF THE AIR FORCE__

Authority for this request is AFI 36-2606, Table 4.1, Rule (5) __288__ (for Regular Air Force members) or AFI 36-2612, Paragraph _____ (for Air Force Reserve members). THIS FORM IS NOT USED TO EXTEND ACTIVE DUTY TOURS OF AIR FORCE RESERVE MEMBERS ON ACTIVE DUTY. This is the (6) __2nd__ extension to my current enlistment. All extensions to my current enlistment (including this extension) now total (7) __11__ months.

| DATE | NAME (First, Middle Initial, Last) | SIGNATURE |
|---|---|---|
| 28 Feb 01 | MARCUS L WILLIAMS | *[signed]* |

## III. AUTHENTICATION

SUBSCRIBED AND SWORN/AFFIRMED BEFORE ME THIS __27__ DAY OF __Feb__ 20__01__.

| TYPED NAME AND GRADE OF COMMISSIONED OFFICER(8) | SIGNATURE |
|---|---|
| RONALD G. BRANSFORD, Major, USAF | *[signed]* |

## IV. UNIT COMMANDER/NCO DETACHMENT CHIEF ACTION (Initial or 'X' appropriate Item)

[X] RECOMMEND APPROVAL. By recommending approval of this extension, I certify (at this time) that the airman is qualified and recommended for reenlistment (includes airman not yet considered under the Selective Reenlistment Program (SRP).).

[ ] RECOMMEND APPROVAL. (For reenlistment ineligible airmen.) This member is ineligible for reenlistment due to one or more of the reasons contained in AFI 36-2606, Table 3.2, 2.2, or 3.4. By recommending approval, I understand that this extension must comply with the restrictions of AFI 36-2606, Chapters 4.

[ ] RECOMMEND DISAPPROVAL. (Enter reasons for the recommendations in 'Remarks' or attach appropriate documentation.)

| DATE | TYPED NAME/GRADE OF UNIT CMDR/NCO DET CHIEF | SIGNATURE |
|---|---|---|
| 27 Feb 01 | RONALD G. BRANSFORD, Major, USAF | *[signed]* |

## V. MILITARY PERSONNEL FLIGHT ACTION

STATEMENTS SUBMITTED BY THE MEMBER AND RECORDED ABOVE HAVE BEEN VERIFIED FROM MEMBER'S UPRG/BLMPS

Request is [X] APPROVED [ ] DISAPPROVED (Enter reasons for disapproval in 'Remarks') Member's DOS of (9) __010228__ is hereby extended to (10) __011228__. Authority is AFI 36-2606, Table 4-1, Rule (11) __28__ for Regular Air Force members or, AFI 36-2612, Paragraph _____ for Air Force Reserve members. Reenlistment Eligibility Status Code is (12) __1J__.

FOR SECOND TERM AND CAREER AIRMEN

| TAFMSD | HIGH YEAR OF TENURE DATE |
|---|---|
| 930202 | 1302 |

| DATE | TYPED NAME/GRADE OF APPROVAL AUTHORITY (13) | SIGNATURE |
|---|---|---|
| 28 Feb 01 | TERESA A BENNETT/ TSGT | *[signed]* |

## VI. REQUEST FOR CANCELLATION

MEMBER'S REQUEST: I hereby request that my extension of enlistment that was approved on (14) _____ for a period of (15) _____ months be cancelled because (16) _____

| DATE | TYPED NAME/GRADE OF MEMBER | SIGNATURE |
|---|---|---|
| | | |

UNIT COMMANDER'S/NCO DET CHIEF'S REQUEST: I hereby request cancellation of the member's extension which was approved on (17) _____ for a period of (18) _____ months for the purpose of (19) _____. The reason for which this extension was executed has been cancelled and the member is ineligible to reenlist according to AFI 36-2606, Table 3.2 or 3.4 (Attach any documentation which supports cancellation request.).

| DATE | TYPED NAME/GRADE OF UNIT CMDR/NCO DET CHIEF (20) | SIGNATURE |
|---|---|---|
| | | |

## VII. APPROVAL OF REQUEST FOR CANCELLATION

MPF ACTION (for member's request): Request is [ ] APPROVED [ ] DISAPPROVED (Enter reasons for disapproval in 'Remarks' or attach appropriate documentation) Member's current date of separation (DOS) of (21) _____ is changed to (22) _____. Authority is AFI 36-2606, Paragraph (23) _____ for Regular Air Force members or AFI 36-2612, Paragraph _____ for Air Force Reserve members.

| DATE | TYPED NAME/GRADE OF APPROVAL AUTHORITY (24) | SIGNATURE |
|---|---|---|
| | | |

CHIEF, MIL PERS FLT ACTION (For unit CC/NCO Det request): Request is [ ] APPROVED [ ] DISAPPROVED (Enter reasons for disapproval in 'Remarks' or attach appropriate documentation). Member's current DOS of (25) _____ is changed to (26) _____. Authority is AFI 36-2606, Paragraph (27) _____ for Regular Air Force members or AFI 36-2612, Paragraph _____ for Air Force Reserves.

| DATE | TYPED NAME/GRADE OF APPROVAL AUTHORITY (28) | SIGNATURE |
|---|---|---|
| | | |

Attachment 2

## Chapter 2

## REQUIRED SEPARATIONS

*Section 2A—Expiration of Term of Service (ETS)*

**2.1. Eligibility for Separation.** Airmen are absolutely entitled to separation from active duty at ETS unless there is a specific authority for their retention. ETS occurs when an airman completes an enlistment or the term of active service required by the active duty orders. The Air Force sets terms of service according to the law. AFIs 36-2002, *Enlistment in the United States Air Force* (formerly AFR 33-3) and 36-2606, *US Air Force Reenlistment, Retention, and NCO Status Programs* (formerly AFR 35-16, volume 1) set terms of enlistment.

   2.1.1. As a rule, separate airmen on the date ETS occurs, but their separation is not automatic. They are members of the Air Force until they are separated by administrative action. Retain airmen only when their enlistments are extended by law or when one of the conditions described in paragraphs **2.3.** through **2.7.** exists.

**2.2. ETS Separation.** Base separation authorities separate airmen at ETS under this paragraph. The service of an airman separated at ETS will be characterized as honorable. To find whether to discharge, release or transfer an airman who has an unfulfilled MSO, see Table 1.4. To find when an ETS separation may take place before ETS, see paragraphs **2.2.1.** and **2.2.2.**

   2.2.1. A separation is an ETS separation if the member is within 30 days of ETS and is serving overseas or is a non continental United States resident serving outside the home state, territory, or possession. For example, a person who is a resident of Alaska, Hawaii, Guam, etc, serving in CONUS is considered to be serving overseas. *EXCEPTION:* If the member has been approved for involuntary separation or separation in lieu of trial by court-martial, the separation is not considered an ETS separation.

   2.2.2. A member of the Regular Air Force may ask for separation on the last workday before ETS if the ETS falls on Saturday, Sunday, or a holiday. This workday will be the effective date of separation (DOS). Place the request for early separation in the FRGp for permanent retention. Separate airmen who do not ask for ETS separation on the last workday before ETS on ETS.

**2.3. Retention To Make Good Time Lost.** Airmen who are unable to perform duty for 1 day or more for a reason listed in Title 10 U.S.C., Section 972 are liable to make good the time lost. If they want to reenlist, they must first make good the time lost. For more information, see AFI 36-2606 (formerly AFR 35-16, volume 1). For airmen who are ineligible, or who do not intend to reenlist, separation at the original ETS may be in the best interest of the Air Force.

   2.3.1. As a rule, commanders should start action to waive the liability to make good the time lost at least 30 days before the original ETS. The separation authority may waive liability to make good 180 days or less. HQ AFMPC/DPMARS2 may waive liability of more than 180 days. For example, if a commander recommends a waiver in the case of an airman who had 230 days time lost, the separation authority may:

      2.3.1.1. Waive 180 days or less and require the airman to make good the remainder; or

    2.3.1.2. Waive 180 days and refer the case to HQ AFMPC/DPMARS2 with a recommendation for waiver of all or part of the remainder.

**2.4. Retention for Action by Court-Martial.** For information about how incomplete court-martial action affects separation from active duty, see paragraph **1.9**. These restrictions also apply to ETS separations. This paragraph authorizes the retention of airmen beyond ETS in anticipation of the preferring of charges. The SJA determines what type of appropriate action is sufficient to authorize retention pending the preferring of charges. If there is sufficient time, the Staff Judge Advocate (SJA) or a member of the SJA's staff will notify the MPF separations unit in writing to involuntarily extend the member's ETS.

    2.4.1. Verbally notify when time does not permit written notification, but written confirmation of the verbal notice should be provided the MPF within 5 work days.

**2.5. Retention To Complete Separation Processing.** Retain airmen beyond ETS for the convenience of the government to complete separation processing if they:

    2.5.1. Are en route to the place of separation.

    2.5.2. Decline to reenlist as scheduled. Airmen scheduled for reenlistment within 7 calendar days of their DOS sign a statement agreeing to be retained beyond DOS if they do not reenlist. See AFI 36-2606, table 4.7 (formerly AFR 35-16, volume 1) for more information. Retain for separation processing only.

**2.6. Retention for Medical Treatment or Evaluation.** Retain airmen beyond ETS with their consent (medical hold) for medical treatment or evaluation when their attending physician feels they are not medically qualified for retirement or separation. The medical facility sends the request to HQ AFMPC, Medical Standards Division (DPMMM). HQ AFMPC/DPMMM approves medical hold according to AFMAN 48-123 (formerly AFR 160-43).

    2.6.1. Do not retain airmen beyond ETS without their consent, unless they are physically incapable of expressing consent and have no guardian to act for them. Consent may be presumed in these cases. Make sure airmen (or their guardians) understand the advantages of retention for treatment or evaluation for possible disability separation.

    2.6.2. For formats of the statements requesting or declining to request retention, see **Figure 2.1.** and **Figure 2.2.** File the statement in the FRGp. Make a written report of the circumstances if the airman or guardian will not sign one of the statements. Separate the airman on ETS if retention for treatment or evaluation has not been authorized. Comply with AFMAN 48-123 (formerly AFR 160-43) to arrange for post separation treatment of an airman who has been hospitalized.

**2.7. Airmen Awaiting Disposition by Foreign Courts.** With their consent, retain airmen beyond ETS while they wait for disposition of criminal charges by civilian authorities in a foreign country. Commanders and personnel officers should start their action at least 1 month before the airman's ETS or as soon as they have information showing that civil court disposition may not be complete by ETS. The commander informs the MPF of the facts of the case and the need for retention.

    2.7.1. If an airman's ETS will pass while the civil charges are still pending:

## DEFENSE FINANCE AND ACCOUNTING SERVICE MILITARY LEAVE AND EARNINGS STATEMENT

| ID | NAME (LAST, FIRST, MI) | SOC. SEC. NO. | GRADE | PAY DATE | YRS SVC | ETS | BRANCH | ADSN/DSSN | PERIOD COVERED |
|---|---|---|---|---|---|---|---|---|---|
| | WILLIAMS MARCUS L | 285737113 | E1 | 931005 | 08 | 011229 | AF | 4053 | 1-31 MAR 02 |

| ENTITLEMENTS | | DEDUCTIONS | | ALLOTMENTS | | SUMMARY | |
|---|---|---|---|---|---|---|---|
| TYPE | AMOUNT | TYPE | AMOUNT | TYPE | AMOUNT | +AMT FWD | .00 |
| A | | | | | | +TOT ENT | .00 |
| B | | | | | | -TOT DED | .00 |
| C | | | | | | -TOT ALMT | .00 |
| D | | | | | | =NET AMT | .00 |
| E | | | | | | -CR FWD | .00 |
| F | | | | | | =EOM PAY | .00 |
| G-O | | | | | | DIEMS 920921 | RET PLAN CHOICE |
| TOTAL | | | | | | | |

| LEAVE | BF BAL | ERND | USED | CR BAL | ETS BAL | LV LOST | LV PAID | USE/LOSE | FED TAXES | WAGE PERIOD | WAGE YTD | M/S | EX | ADD'L TAX | TAX YTD |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 59.5 | .0 | 0 | 59.5 | 0 | .0 | .0 | 14.5 | | .00 | 1624.08 | S | 01 | .00 | 181.53 |

| FICA TAXES | WAGE PERIOD | SOC WAGE YTD | SOC TAX YTD | MED WAGE YTD | MED TAX YTD | STATE TAXES | ST | WAGE PERIOD | WAGE YTD | M/S | EX | TAX YTD |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | .00 | 1845.18 | 114.40 | 1845.18 | 26.76 | | FL | .00 | .00 | S | 00 | .00 |

| PAY DATA | BAQ TYPE | BAQ DEPN | VHA ZIP | RENT AMT | SHARE | STAT | JFTR | DEPNS | 2D JFTR | BAS TYPE | CHARITY YTD | TPC | PACIDN |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | .00 | 0 | | | 0 | | | .00 | | |

| Thrift Savings Plan (TSP) | BASE PAY RATE | BASE PAY CURRENT | SPEC PAY RATE | SPEC PAY CURRENT | INC PAY RATE | INC PAY CURRENT | BONUS PAY RATE | BONUS PAY CURRENT |
|---|---|---|---|---|---|---|---|---|
| | 0% | | 0% | | 0% | | 0% | |
| | TSP YTD DEDUCTIONS .00 | | DEFERRED .00 | | EXEMPT .00 | | | |

REMARKS     YTD ENTITLE    2283.48     YTD DEDUCT    343.19

-2001 FEDERAL AND STATE INCOME TAXES ARE
DUE! FOR FREE TAX ASSISTANCE AND ELECTRONIC
FILING, VISIT YOUR INSTALLATION TAX
ASSISTANCE CENTER OR SUPPORTING LEGAL
ASSISTANCE OFFICE.
-CONTACT YOUR VOTING ASSISTANCE OFFICER TO
REQUEST YOUR BALLOTS NOW! "VOTE TO CHOOSE -
CHOOSE TO VOTE" HTTP://WWW.FVAP.NCR.GOV
-MEMBERS AND THEIR FAMILIES AFFECTED BY
COMBAT ZONE SERVICE MAY CALL THE IRS TOLL
FREE AT 866-562-5227 TO DISCUSS ANY TAX
TOPIC.
MEMBERS ENROLLED IN TSP SHOULD VERIFY THEIR
ADDRESS VIA E/MSS OR THE PAY OFFICE.

STATUS DETERMIN HLDPAY BAL         $.00
TOTAL INDEBTEDNESS        $1971.08(080)
CORRECT FITW WAGES/DEDTN YTD    (080)
HELD PAST ETS                011230(057)
START   HELD PAY-STATUS      020301(050)

DFAS Form 702, Jan 02                         www.dfas.mil

# DEFENSE FINANCE AND ACCOUNTING SERVICE MILITARY LEAVE AND EARNINGS STATEMENT

| ID | NAME (LAST, FIRST, MI) | SOC. SEC. NO. | GRADE | PAY DATE | YRS SVC | ETS | BRANCH | ADSN/DSSN | PERIOD COVERED |
|---|---|---|---|---|---|---|---|---|---|
| | WILLIAMS MARCUS L | 265737113 | E1 | 931005 | 10 | 011229 | AF | 4095 | 1-31 JAN 04 |

| ENTITLEMENTS | | DEDUCTIONS | | ALLOTMENTS | | SUMMARY | |
|---|---|---|---|---|---|---|---|
| TYPE | AMOUNT | TYPE | AMOUNT | TYPE | AMOUNT | +AMT FWD | .00 |
| | | | | | | +TOT ENT | .00 |
| | | | | | | -TOT DED | .00 |
| | | | | | | -TOT ALMT | .00 |
| | | | | | | =NET AMT | .00 |
| | | | | | | -CR FWD | .00 |
| | | | | | | =EOM PAY | .00 |
| TOTAL | | | | | | DIEMS 920921 | RET PLAN CHOICE |

| LEAVE | BF BAL 59.5 | ERND .0 | USED 0 | CR BAL 59.5 | ETS BAL .0 | LV LOST .0 | LV PAID .0 | USE/LOSE 19.5 | FED TAXES | WAGE PERIOD .00 | WAGE YTD .00 | M/S S | EX 01 | ADD'L TAX .00 | TAX YTD .00 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FICA TAXES | WAGE PERIOD .00 | SOC WAGE YTD .00 | SOC TAX YTD .00 | MED WAGE YTD .00 | MED TAX YTD .00 | STATE TAXES | ST FL | WAGE PERIOD .00 | | WAGE YTD .00 | M/S S | EX 00 | | TAX YTD .00 | |
| PAY DATA | BAQ TYPE | BAQ DEPN | VHA ZIP | RENT AMT .00 | SHARE 0 | STAT | JFTR | DEPNS 0 | 2D JFTR | BAS TYPE | CHARITY YTD .00 | TPC | PACIDN | | |
| Thrift Savings Plan (TSP) | BASE PAY RATE 0% | BASE PAY CURRENT | SPEC PAY RATE 0% | SPEC PAY CURRENT | INC PAY RATE 0% | INC PAY CURRENT | BONUS PAY RATE 0% | BONUS PAY CURRENT | | | | | | | |
| | | | TSP YTD DEDUCTIONS .00 | DEFERRED .00 | EXEMPT .00 | | | | | | | | | | |

REMARKS       YTD ENTITLE ___.00___       YTD DEDUCT ___.00___

```
-GET YOUR W2 ONLINE AT HTTPS://MYPAY.DFAS.MIL
-YOUR 2003 FEDERAL AND STATE INCOME TAXES ARE
DUE! FOR FREE TAX ASSISTANCE AND ELECTRONIC
FILING, SEE YOUR INSTALLATION TAX ASSISTANCE
CTR OR SUPPORTING LEGAL ASSISTANCE OFFICE.
-TRICARE DENTAL PROGRAM ANNUAL PREMIUM RATES
INCREASED JAN 04. FOR INFORMATION SEE THE
UNITED CONCORDIA WEBSITE AT WWW.UCCI.COM OR
CONTACT UCCI CUSTOMER SERVICE.
-AAFES DEPLOYS WITH YOU...CHECK OUT WWW.
AAFES.COM FOR MILITARY FRIENDLY FEATURES.
-2004 PRESIDENTIAL/STATE PRIMARIES IN
FEBRUARY: AZ,DE,MO,OK,SC,TN,VA,WI,PR. SEE
YOUR VOTING ASSISTANCE OFFICER OR VISIT
WWW.FVAP.GOV.
```

```
STATUS DETERMIN HLDPAY BAL           $.00
MIL PAY/ALLOW DEBT BAL           $1608.82
TOTAL INDEBTEDNESS            $309.72(022)
```

DFAS Form 702, Jan 02                                              www.dfas.mil