IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARCUS L. WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:06CV00508 |
| ) | |
| DEPARTMENT OF THE AIR FORCE ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S MOTION TO DISMISS

Defendant hereby moves to the dismiss plaintiff's complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure on the ground that this Court lacks subject matter jurisdiction, and Rule 21 of the Federal Rules of Civil Procedure, and Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that plaintiff has failed to state a claim upon which relief can be granted and principles of collateral estoppel.

In support of this motion, the Court is referred to the accompanying Memorandum of Points and Authorities. A proposed Order consistent with this motion is attached hereto.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney


_____
RUDOLPH CONTRERAS D.C. Bar No. 434122
Assistant United States Attorney

                                                    _____
KEVIN K. ROBITAILLE
Special Assistant U.S. Attorney
555 Fourth Street, N.W.,
Washington, D.C. 20530
(202) 353-9895

Of Counsel:
Terrence J. McCollom, Major, USAF
Air Force Legal Operations Agency
General Litigation Division
1501 Wilson Blvd., 7th Floor
Arlington, VA 22209-2403

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARCUS L. WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:06CV00508 |
| ) | |
| DEPARTMENT OF THE AIR FORCE ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

Defendant, by and through his undersigned attorneys, files this Memorandum in support of Defendant's Motion to Dismiss. Plaintiff's complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) because the Court lacks subject matter jurisdiction, pursuant to Fed. R. Civ. P 21 because the Air Force is not a properly named defendant, and pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that Plaintiff has failed to state a claim upon which relief can be granted.

**BACKGROUND**

Plaintiff has filed a number of lawsuits based on the same operative facts, in several Courts requesting various forms of relief. In 2004, Plaintiff filed a lawsuit with this Court seeking the same relief sought here. The two lawsuits are identical, except that Plaintiff has omitted reference to his Court-martial conviction from his complaint and amended complaint in

this action. The first case was dismissed without prejudice based on Plaintiff's failure to respond to Defendant's Motion to Dismiss or to Transfer. Williams v. Department of the Air Force, No. 1:04CV02161(RCL) (D.D.C. 2005). The plaintiff's motion to stay the appellate proceedings was denied by the United States Court of Appeals for the District of Columbia on March 14, 2006. The Court of Appeals further ordered that appellee's motion for summary affirmance in regards to the motion to dismiss or to transfer be granted. No. 1:04CV02161 Docket entry 19. In granting Summary Affirmance the D.C. Circuit held that Plaintiff had not offered any basis for the District Court's Jurisdiction over his Complaint. Id.

## STATEMENT OF FACTS

Plaintiff Marcus Williams is a former member of the United States Air Force. His initial date of separation from the Air Force was February 28, 2001. Amended Complaint ¶ 5. Plaintiff voluntarily extended his contract until December 28, 2001. Amended Complaint ¶ 5. Court-martial charges were preferred against plaintiff on September 20, 2001, prior to the expiration of his enlistment. See Complaint ¶ 7; See also; Complaint Williams v. Department of the Air Force, No. 1:04CV02161(RCL) (D.D.C. 2005) ¶ 6 (Hereinafter Complaint 04)[1]. As a result of the court-martial charges, plaintiff's period of enlistment was involuntarily extended through his court-martial on January 11, 2002. Complaint ¶¶ 7-9; Complaint 04 ¶¶ 14-15. Following a guilty verdict at his court-martial, plaintiff was sentenced to a dishonorable discharge, confinement for a period of ten years, and reduction to the grade of E-1 (airman basic). Complaint 04 ¶15. Plaintiff appealed his court-martial conviction to the United States Air Force Court of Criminal

---

[1] The Government requests the Court take Judicial Notice of documents filed in Civil Action 1:04CV02161(RCL) pursuant to Fed. R. Evid. 201.

Appeals (the "AFCCA"). On February 20, 2004, the AFCCA affirmed plaintiff's conviction, but reduced his period of confinement from ten to nine years. Plaintiff appealed the AFCCA's decision to the United States Court of Appeals for the Armed Forces ("CAAF"), which, on July 21, 2004, denied the petition for review. Plaintiff is serving his court-martial sentence at the United States Disciplinary Barracks in Fort Leavenworth, Kansas. Complaint ¶ 1.

Plaintiff previously filed a lawsuit with this Court alleging that the United States Air Force lacked court-martial jurisdiction over him, but failed to respond to Defendant's motion to dismiss. The case was subsequently conceded and a judgment was entered on June 28, 2005, granting defendant's motion to dismiss or transfer the case. Williams v. Department of the Air Force, No. 1:04CV02161(RCL) (D.D.C. 2005). The plaintiff's motion to stay the appellate proceedings was denied by the United States Court of Appeals for the District of Columbia on March 14, 2006. The Court of Appeals further ordered that appellee's motion for summary affirmance in regards to the motion to dismiss or to transfer be granted. No. 1:04CV02161 Docket entry 19.

Plaintiff also filed a complaint in the United States Court of Federal Claims against defendant seeking monetary damages for days of unused leave accrued upon his ETS date and declaratory relief, matching the relief requested in the instant complaint before this Court; in both complaints, Mr. Williams alleges that the United States Air Force improperly retained him and did not have authority to separate him from service on October 1, 2003 with a dishonorable discharge. Williams v. United States, 2006 WL 1084002 (Fed. Cl. 2006); Exhibit 1. The Court of Federal Claims granted the defendant's motion for judgment on the administrative record and held that because of the court-martial charges pending over the plaintiff, the Air Force had the

3

authority to retain jurisdiction over him after his term of service had expired. Williams v. United States, 2006 WL 1084002 (Fed. Cl. 2006).

## ARGUMENT

### I. THE COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S COMPLAINT

A. Standard of Review

Under Federal Rule of Civil Procedure 12(b)(1), plaintiff bears the burden of "establishing by a preponderance of the evidence that the court has jurisdiction to entertain his claims." Fed. R. Civ. P. 12(b)(1); Bennet v. Ridge, 321 F. Supp. 2d 49, 51 (D. D.C. 2004); Grand Lodge of Fraternal Order of Police v. Ashcroft, 185 F. Supp.2d 9, 13 (D. D.C. 2001) (holding that the court has an "affirmative obligation to ensure that it is action within the scope of its jurisdictional authority.").

In deciding a Rule 12(b)(1) motion, the Court is not limited to the allegations in the complaint but may consider material outside of the pleadings in its effort to determine whether it has jurisdiction in the case. See, EEOC v St. Francis Xavier Parochial Sch. 117 F.3d 621, 624-25 n. 3 (D.C. Cir. 1997); Herbert v. Nat'l Acad. Of Sciences, 974 F.2d 192, 197 (D.C. Cir. 1992); Hasse v. Sessions, 835 F.2d 902, 906 (D.C. Cir. 1987).

B. Plaintiff's Collateral Attack to the Air Force's Court-Martial Jurisdiction Should be Construed as a Petition for Habeas Corpus.

Plaintiff seeks a decree declaring that he was not lawfully retained in service, that he was divested of his membership in the Air Force at the expiration of term of service, and that officers or employees of the Air Force knowingly violate plaintiff's constitutional rights through continued incarceration. Complaint at VII. A-C. Although Mr. Williams has not specifically

requested to be released from his confinement at Fort Leavenworth, his action must nonetheless be construed as a petition for a writ of habeas corpus. Monk v. Secretary of the Navy, 793 F.2d 364, 366 (D.C. Cir. 1986).

In Monk, a Marine Corps general court-martial convicted the plaintiff of murdering his wife, and sentenced him to a dishonorable discharge, forfeiture of all pay and allowances, and confinement for thirty years. Monk, 793 F.2d at 364. After exhausting his military and administrative appeals, and while confined at Fort Leavenworth in Kansas, the plaintiff filed suit in the District of Columbia District Court challenging his conviction on various constitutional grounds. Id. at 365-66. Although plaintiff only sought declaratory relief, and did not specifically request release, the Court held that plaintiff's action was, in effect, a petition for writ of habeas corpus, and must be construed as such. Id. at 366.

The Court further noted that Congress had determined that habeas corpus is the appropriate federal remedy for a prisoner who claims that he is "in custody in violation of the Constitution . . . of the United States," 28 U.S.C. 2241(c)(3), and that determination overrode the general terms of the declaratory judgment and federal question statutes. Monk 793 F.2d at 366; cf. Preiser v. Rodriguez, 411 U.S. 475, 490 (1973) (habeas corpus provides the exclusive federal remedy for state prisoners seeking immediate release or speedier release from custody). See also LoBue v. Christopher, 82 F.3d 1081, 1083-85 (D.C. Cir. 1996); Forrester v. United States Parole Comm'n, 310 F. Supp. 2d 162, 168-69 (D. D.C. 2004).

In a subsequent case, the Monk analysis was used to construe another request for declaratory relief—one that parallel's that of the instant case—as a writ of habeas corpus. In Rooney v. Secretary of the Army, 405 F.3d 1029 (D.C. Cir. 2005), plaintiff requested declaratory

relief that his original discharge date was valid and that a revocation of his discharge, propelled by allegations of fraud, was invalid. As in Monk and the instant case, plaintiff's complaint sought only declaratory relief and did not request release. However, the Court reasoned that "release . . . would follow automatically since, in a second action for a writ of habeas corpus, the prior judgment would have res judicata effect," and "[a]ccordingly, habeas corpus is Rooney's exclusive remedy." Rooney, 405 F.3d at 1031, citing Monk, 793 F2d at 366.

Review under the Administrative Procedure Act ("APA") is likewise unavailable unless there is "no other adequate remedy in a court" available to plaintiff. 5 U.S.C. § 704. Any attempt to gain jurisdiction under the APA would be an impermissible effort to "manipulate the preclusive effect of habeas jurisdiction." Lobue, 82 F. 3d at 1083.

In sum, although the plaintiff has not specifically sought release, a new trial would follow automatically since, in a subsequent action for a writ of habeas corpus, the prior judgment would have res judicata effect. Monk, 793 F. 2d at 366. As such, plaintiff's action must be construed as a petition for a writ of habeas corpus, and must be reviewed in light of the habeas corpus statute. Id.

  C. The Court Lacks Subject Matter Jurisdiction over Plaintiff's Habeas Petition.

Although Writs of habeas corpus may be granted by the district courts for "members of the armed services who have been unlawfully detained, restrained or confined," Blackmon v. England, 323 F. Supp. 2d 1, 6 (D.D.C. 2004), quoting Schlanger v. Seamans, 401 U.S. 487, 489 (1971), district courts are limited to granting habeas relief "within their respective jurisdictions." 28 U.S.C. § 2241(a). Congress has required that Writs of Habeas Corpus be directed "to the person having custody over the detained." 28 U.S.C. § 2243. In addition, the "respective

jurisdictions" clause was enacted to prevent judges anywhere from issuing the Great Writ on behalf of applicants far distantly removed, Carbo v. United States, 364 U.S. 611, 617 (1961). The traditional rule has always been that habeas relief is issuable only in the district of confinement. Id. at 618. See also Rumsfeld v. Padilla, 542 U.S. 426, 124 S. Ct. 2711, 2718 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement.").

In Rooney, as noted above, the Court dismissed plaintiff's argument that the United States District Court for the District of Columbia may have jurisdiction over the Secretary of the Army, holding that "the petitioner's 'immediate custodian, not a supervisory official who exercises legal control, is the proper respondent." Rooney, 405 F.3d at 1032 citing Padilla, 124 S. Ct. at 2720. This rule must be maintained in order to prevent "rampant forum-shopping," overlap in District Court jurisdiction, and "the very inconvenience, expense, and embarrassment which Congress sought to avoid when it added the respective-jurisdictions limitation in 1867." Padilla, 124 S. Ct. at 2725.

> D. The Air Force is not the Proper Respondent to the Plaintiff's Complaint and Should be Dismissed as a Defendant Pursuant to Fed. R. Civ. P. 21

The federal habeas corpus statute is explicit in its description of the proper respondent as "the person who has custody," or "the person having custody." 28 U.S.C. § 2242, 2243. The consistent use of the definite article in reference to the custodian indicates that there is only one proper custodian. Padilla, 124 S. Ct. 2711 at 2722; Guerra v. Meese, 786 F.2d 414, 416 (D.C.

Cir. 1986) (holding that the provisions of the habeas statute indicate that "the custodian is the person having a day-to-day control over the prisoner") Monk, 792 F.2d 369.

Plaintiff is incarcerated at the United States Disciplinary Barracks in Fort Leavenworth, Kansas, and his immediate custodian is the commandant of that facility, and not the Department of the Air Force. Monk, 793 F.2d at 368-69. Therefore, the Court should dismiss the Department of the Air Force from the case as an improper party to plaintiff's petition for a writ of habeas corpus. Fed. R. Civ. P. 21[2]

## II. PLAINTIFF'S CLAIMS HAVE ALREADY BEEN DECIDED

### A. The D.C. Circuit Court has Already Determined that this Court Lacks Jurisdiction

This Court and the United States Court of Federal Claims have reviewed the content of the plaintiff's immediate complaint in previously filed complaints. Plaintiff previously filed with this Court seeking the same declaratory relief concerning the involuntary extension of his service through charges preferred. Defendant's motion to dismiss or to transfer was granted in the previous complaint after plaintiff failed to respond. Although the dismissal was "without prejudice," the U.S. Court of Appeals for the District of Columbia specified that appellant was "free to file a new complaint *in the appropriate district court having jurisdiction over his claims*" (italics added). This emphasis is consistent with the court's grant of appellee's motion for summary affirmance. Citing Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C. Cir. 1987), the Court of Appeals declared that "[t]he merits of the parties' positions are so clear as to

---

[2] If plaintiff had properly named the Leavenworth commandant in his habeas corpus petition, this court would still lack jurisdiction, as the only court with personal jurisdiction over the commandant is the District Court within which the plaintiff is incarcerated. Padilla, 124 S.C.t. at 2724 (finding Southern District Court of New York lacked personal jurisdiction over South Carolina warden named in habeas petition).

8

warrant summary action." To summarily affirm an issue, the Court must find that "no benefit will be gained from further briefing and argument of the issues presented." Sills v. Bureau of Prisons, 245 U.S. App. D.C. 389 (D.C. Cir. 1985). In granting Summary Affirmance the D.C. Circuit held that Plaintiff had not offered any basis for the District Court's Jurisdiction over his Complaint. Williams v. Department of the Air Force, No. 1:04CV02161(RCL) (D.D.C. 2005). Plaintiff has offered nothing in the new complaint to allow this Court to deviate from the decision of the circuit court.

      B. Plaintiff's claim is barred by Collateral Estoppel.

Relitigation of the merits of plaintiff's instant complaint is also precluded by the ruling of the United States Court of Federal Claims in Williams v. United States, No. 05-11235 (Fed. Cl. 2006), as this Court lacks the authority to collaterally review the decisions of a sister circuit. See, Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981).

Even where claim preclusion is unavailable, review of an issue of law or fact in a suit on a different cause of action involving a party to a previous case may be collaterally estopped if its resolution was necessary to the judgment of the first case. Montana v. United States, 440 U.S. 147, 153 (1979). Collateral estoppel applies where "(1) the issue is actually litigated, and (2) determined by a valid, final judgment on the merits; (3) after a full and fair opportunity for litigation by the parties or their privies; (4) under circumstances where the determination was essential to the judgment and not merely dictum." Washington Med. Ctr., Inc. v. Holle, 573 A.2d, 1269, 1283 (D.C. App. 1990). It may be used defensively to preclude relitigation of an issue or law or fact that a plaintiff previously lost against another defendant. See, Parklane Hosiery, Inc. v. Shore, 439 U.S. 322, 329 (1979).

The Court of Federal Claims, in reviewing plaintiff's previous complaint, asked "whether the Air Force had the authority to extend Mr. Williams' term of service beyond his ETS and whether the Air Force properly invoked that authority." Williams v. United States, 2006 WL 1084002 (Fed. Cl. 2006). In granting a judgment in favor of the defendants on the basis of the administrative record, the Court of Federal Claims necessarily found that the Air Force had the authority, and exercised the authority, to retain jurisdiction over Mr. Williams after his term of service had expired. Id. at 10-11. As such, this issue is precluded from review by this Court and plaintiff's complaint should be dismissed for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6).

### III.    Plaintiff Fails to State a Claim upon Which Relief May be Granted

#### A. Standard of Review

A Plaintiff must state a claim upon which relief can be granted. District of Columbia Retirement Bd. v. United States, 657 F. Supp. 428, 433 (D.D.C. 1987). A court must accept the allegations of the complaint as true in determining whether to grant a Rule 12(b)(6) motion to dismiss for failure to state a claim. Scolaro v. D.C. Bd. of Elections and Ethics, 104 F. Supp. 2d 18, 22 (D.D.C. 2000). See, e.g., Croixland Properties Ltd. Partnership v. Corcoran, 174 F.3d 213, 215 (D.C. Cir.1999). All reasonable inferences must be drawn in favor of the Plaintiff, and a court should only dismiss a complaint for failure to state a claim "'if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Id. (quoting Hishon v. King & Spalding, 467 U.S. 69, 73(1984)); see also Price v. Crestar Secs. Corp., 44 F.Supp.2d 351, 353 (D.D.C.1999). A court "does not test whether the Plaintiff will prevail on the merits, but instead whether the claimant has properly stated a claim." Price at 353.

While plaintiff is entitled to all favorable inferences that can be drawn from those allegations, Warth v. Seldin, 422 U.S. 490, 501 (1975), the court need not accept inferences drawn by plaintiff if such inferences are unsupported by the facts set out in the complaint. Kowal, 16 F.3d at 1276.  Further, while the court must accept plaintiff's allegations of fact as true, the court is not required to accept as correct the conclusions plaintiff would draw from such facts.  Taylor v. Federal Deposit Insurance Corp., 132 F.3d 753, 762 (D.C. Cir. 1997); National Treasury Employees Union v. United States, 101 F.3d 1423, 1430 (D.C. Cir. 1996).  Nor must a Court "accept legal conclusions cast in the form of factual allegations."  Kowal, 16 F.3d at 1276; see also Papasan v. Allain, 478 U.S. 265, 286 (1986).

In determining whether the Complaint fails to state a claim, the Court may consider the facts alleged in the Complaint, the Amended Complaint, any documents attached or incorporated in the Complaint, and matters of which the Court can take judicial notice.  Fed. R. Evid. 201; EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624 (D.C. Cir. 1997).  The Court may take judicial notice of public documents without converting Defendant's Motion to Dismiss into a motion for summary judgment.  Swierkiewicz v. Sorema, 534 U.S. 506 (2002).

> B. It Is a Well Established Point of Law That the Air Force May Retain Jurisdiction over a Member after His ETS Date with the Initiation of Court-martial Proceedings.

RCM 202(c)(1) Permits a Military Member To Be Held On Active Duty After the Expiration of His or Her Term of Service.  Federal Courts have long held that court-martial jurisdiction continues until the service member is formally discharged and that the mere expiration of a term of enlistment does not terminate court-martial jurisdiction. See Ruizgarcia v. United States, 54 Fed. Cl. 41, 43 (2002) (noting that the Government continues to possess

jurisdiction over a service member who, at the end of an enlistment contract, is confined as a result of a court martial conviction); Barrett v. Hopkins, 7 F. 312 (C.C.Kan. 1881) (holding that jurisdiction of the court over an army soldier, having once attached by arrest, was retained for all purposes of trial, judgment, and execution although the soldier's term of enlistment expired prior to trial).

There is no unconditional right of discharge for members of the armed forces at the expiration of their term of service and a member may be retained beyond his or her ETS date for the purposes of a court-martial proceeding. Smith v. Vanderbush, 47 M.J. 56 (C.A.A.F. 1997). UCMJ Art.(2)(a)(1), 10 U.S.C.A. § (802)(a)(1). Also see, Solorio v. United States, 483 U.S. 435, 451 (1987) (holding that "the requirements of the Constitution are not violated where, as here, a court-martial is convened to try a serviceman who was a member of the Armed Services at the time of the offense charged").

Plaintiff argues that failure of the Air Force to observe the "mandated administrative procedures," articulated in the Air Force instructions, resulted in some constructive discharge that removed the plaintiff from Air Force jurisdiction. However, this interpretation misconstrues the applicable provisions and case law. Rules for Courts-Martial (RCM), issued pursuant to Executive Order 12473, are explicit in their exclusion of any constructive discharge: "Completion of an enlistment or term of service does not by itself terminate court-martial jurisdiction. An original term of service may be adjusted for a variety of reasons such as . . . . [S]ervicemembers may be retained past their scheduled time of separation over protest, by action with a view to trial while they are still subject to the code." RCM (2)(B)(i) and RCM 202(c)(1).

RCM 202(c)(1) states that once court-martial jurisdiction attaches, it continues "for all

purposes of trial, sentence, and punishment" and the military member may be held on active duty after his or her ETS. Court-martial jurisdiction attaches when "action with a view to trial" takes place. Allen v. Steele, 759 F.2d 1469, 1471 (9th Cir. 1985). The court-martial charges were preferred against Mr. Williams prior to his ETS. The Air Force properly maintained jurisdiction over Mr. Williams after December 29, 2001 pursuant to RCM 202(c)(1).

Mr. Williams also argues that his Leave and Earnings Statements (LES) state an ETS of December 29, 2001. However, although it was proper for Mr. Williams' pay to end on his ETS, this statement did not affect a discharge. When a servicemember's enlistment expires while in confinement pursuant to a court-martial sentence that is neither overturned nor set aside, he is not entitled to receive pay after his ETS date. Anderson v. United States, 54 Fed. Cl. 620, 627 (2002), aff'd, 70 Fed. Appx. 572 (Fed. Cir. 2003). The "authority for the military to hold an enlistee in service after [his term of service has expired] without pay pending court-martial unless there is an acquittal constitutes a 'settled rule of law.'" Fischer, 61 M.J. at 418 (citing Simoy v. United States, 64 Fed. Appx. 745, 746 (Fed. Cir. 2003); Anderson, 70 Fed. Appx at 575; Dock v. United States, 46 F. 3d 1083 (Fed. Cir. 1995)). Although the member's pay may end, the expiration of a term of enlistment does not terminate court-martial jurisdiction. Allen, 759 F.2d 1469, 1471 (9th Cir. 1985). The mere fact that Mr. Williams has documents reflecting an ETS date of December 29, 2001 does not mean that the Air Force no longer possessed court-martial jurisdiction over him on that date. Because Mr. Williams had not yet been discharged and court-martial charges were pending against him on that date, Mr. Williams remained subject to the Uniform Code of Military Justice and the Air Force retained jurisdiction over him. See, 10 U.S.C. § 802(a)(a).

Therefore, because the Air Force properly maintained jurisdiction over Mr. Williams after December 29, 2001 pursuant to RCM 202(c)(1), Plaintiff can prove no set of facts upon which relief may be granted.

## CONCLUSION

For all the foregoing reasons, plaintiff's complaint should be dismissed for lack of jurisdiction and failure to state a claim upon which relief may be granted, or the Department of the Air Force should be dismissed as an improper party.

Respectfully submitted,

_____/s/_____
KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS D.C. Bar No. 434122
Assistant United States Attorney

_____/s/_____
KEVIN K. ROBITAILLE
Special Assistant U.S. Attorney
555 Fourth Street, N.W., 10th Floor
Washington, D.C. 20530
(202) 353-9895

Of Counsel:
Terrence J. McCollom, Major, USAF
Air Force Legal Operations Agency
General Litigation Division
1501 Wilson Blvd., 7th Floor
Arlington, VA 22209-2403

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on the 22nd day of June, 2006, a copy of the foregoing Motion to Dismiss was served by First-Class mail; postage prepaid to: MARCUS WILLIAMS, Box #77423, 1300 N. Warehouse Rd., Fort Leavenworth, Kansas, 66027-2304.

                                                       /s_____
                                    KEVIN K. ROBITAILLE
                                    Special Assistant U.S. Attorney
                                    555 Fourth Street, N.W.,
                                    Washington, D.C. 20530