UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARCUS L. WILLIAMS,            )
           Plaintiff,    )
                               )
v.                             )    Civil Action No. 06-0508 (RCL)
                               )
DEPARTMENT OF THE AIR FORCE,   )
           Defendant.    )
                               )

## PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO THE DEFENDANT'S MOTION TO DISMISS

    1. On 22 June, 2006, the defendant, Department of The Air Force, acting by and through attorney of record, interposed two independent standards of its affirmative defense in response to the Plaintiff's complaint on file. The Defendant's two defensive standards consist of but not limited to, (1) Lack of Subject-Matter Jurisdiction, Fed. R. Civ. P. Rule 12(b)(1), to construe the complaint pursuant to an Writ of Habeas Corpus petition, and (2) Failure to State a Claim, Fed. R. Civ. P. Rule 12(b)(6), on basis of previous litigation to allege the doctrine of res judicata.

    2. Because the Plaintiff's complaint arises under the Administrative Procedure Act (APA), 5 U.S.C. § 551 and 5 U.S.C. § 702, that which does not provide the authority and/or jurisdiction for the Courts to review court-martial and military commissions, this Court is statutorily barred from reviewing the military court-martial board and appellate activity. Moreover, the Plaintiff's complaint on file does not allege the court-martial. In all respects, the Defendant's allegation of lack of subject-matter jurisdiction must fail by operation of law.

    3. Additionally, the Defendant's allegations of failure to state a claim must further be thrown out as a matter of law, as Federal Rules of Civil Procedure Rule 41(b) negates issue preclusion because the prior case was

RECEIVED
JUL 3 - 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

dismissed for lack of jurisdiction before the U.S. Court for the District of Columbia, and pursuant to the Rules of the United States Court of Federal Claims Rule 52(a) that provides for the Court to find facts of the case in determining its judgment, inthat the Federal Claims Court did not move to find the facts of the Plaintiff's case that further negated any issue preclusions.

## STANDARD OF REVIEW

**Res Judicata:**

4. The doctrine of collateral estoppel provides that "once a court has decided an issue of fact or law necessary to its judgment, that decision is conclusive in a subsequent suit based on a different cause of action involving a party to the prior litigation." United States v. Mendoza, 464 U.S. 154, 158 (1984). The doctrine of issue preclusion bars parties from relitigating any issue "contested by the parties and submitted for judicial determination in [a] prior case," so long as "the issue [was] actually and necessarily determined by a court of competent jurisdiction in that prior case" and "preclusion in the second case [would] not work a basic unfairness to the party bound by the first determination." Government of Rwanda v. Johnson, 409 F.3d 368, 374 (C.A.D.C. 2005), Citing Yamaha Corp. of Am. v. United States, 961 F.2d 245, 254 (D.C. Cir. 1992); Apotex, Inc. v. Food & Drug Admin, 393 F.3d 210, 217 (C.A.D.C. 2004), "Res judicata plays a central role in advancing the purpose for which civil courts have been established, the conclusive resolution of disputes within their jurisdiction."; Montana v. United States, 440 U.S. 147, 153 (1979), "once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation.".

2

**[AND]**

**STANDARD OF REVIEW**

**Motion To Dismiss, Rule 12(b)(6)**

5. A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint. Browning v. Clinton, 292 F.3d 235, 242 (D.C. Cir. 2002). The complaint need only set forth a short and plain statement of the claim, giving the defendant fair notice of the claim and the grounds upon which it rests. Kingman Park Civic Ass'n v. Williams, 348 F.3d 1033, 1040 (D.C. Cir. 2003) (citing Fed. R. Civ. P. 8(a)(2) and Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Such simplified notice pleading is made possible by the liberal opportunity for discovery and the other pre-trial procedure established by the Rules to disclose more precisely the basis of both claim and defense to define more narrowly the disputed facts and issues." Conley, 355 U.S. at 47-48. It is not necessary for the plaintiff to plead all elements of his prima facie case in the complaint, Swierkiewicz v. Sonoma N.A., 534 U.S. 506, 511-14 (2002), or "plead law or match facts to every element of legal theory," Krieger v. Fadely, 211 F.3d 134, 136 (D.C. Cir. 2000).

6. ["the accepted rule in every type of case"] is that a court should not dismiss a complaint for failure to state a claim unless the defendant can show beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Warren v. Dist. of Columbia, 353 F.3d 36, 37 (D.C. Cir. 2004); Kingman Park, 348 at 1040. And further that, in resolving a Rule 12(b)(6) motion, the court must treat the complaint's factual allegations--including mixed questions of law and fact--as true and draw all reasonable inferences therefrom in the plaintiff's favor. Macharia v. United States, 334 F.3d 61, 64, 67 (D.C. Cir. 2003); Holy Land Found. for Relief & Dev. v. Ashcroft, 333 F.3d 156, 165 (D.C. Cir. 2003);

Browning 292 F.3d 242. While many well-pleaded complaints are conclusory, the court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations. Warren, 353 F.3d at 39; Browning, 292 F.3d at 242.

**Procedure and Analysis: U.S. FEDERAL CLAIMS COURT**

7. Rules of The United States Court of Federal Claims (RCFC), Rule 52(a) Findings by the Court, covers that "In all actions tried upon the facts, the court shall find the facts specially and state separately its conclusions of law thereon, and judgment shall be entered pursuant to RCFC 58."; H.B. Mac, Inc. v. U.S., 153 F.3d 1338, 1343 (C.A. Fed. 1998), ("We review factual findings by the Court of Federal Claims for clear error. See RCFC 52(a)"). See also the comparable Federal Rules of Civil Procedure Rule 52(a).

8. For the Rules of The United States Court of Federal Claims (RCFC), Rule 41(a)(2) Dismissal of Actions, provides that, "Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice."

**ARGUMENT**

9. Contrary to the establishment of judiciary rules for the United States Court of Federal Claims (as amended), Rule 52(a), for the institution of exercising an proper fact finding element within cases brought before it, on 25 April, 2006, the Federal Claims Court presiding over the Petitioner's prior case optioned to foreclose on any finding of facts in the course of its hearing and determination of the entire case as duly stated in the Court's Opinion and Order, Case No. 05-1123C. (Opinion and Order; at page 2 footnote 1, Attached as enclosure 1). Consequently, there existed an irregular judgment by the Federal Claims Court in its exception of finding the facts of the case and as a resultant, the doctrine of res judicata does not apply.

10. However, the Federal Claims Court specifically stated that it was

not reviewing the Court-Martial Board because it was not tied into an monetary mandated claim, but whether the Defendant had authority to extend Plaintiff's term of active service beyond his Expiration of Term of Service (ETS) and whether the Defendant properly "invoked" that extension authority. (Opinion and Order; at page 9, Attached as enclosure 2).

### The Authority to Extend

11. Pursuant to the judgment upon the administrative record submitted by the Defendant, the Federal Claims Court's Opinion and Order exclusively recited the primary aspect of [a]uthority to extend the Plaintiff's active duty status under Rules for Courts-Martial (R.C.M.) Rule 202(c)(1) as taken from the Defendant's dispositive motion.

12. Pursuant to statute, the codified enactment of Congress vested the President with authority to prescribe the requisite of Court-Martial jurisdiction covered in 10 U.S.C. § 817(a) ..."The exercise of jurisdiction by one armed force over personnel of another armed force shall be in accordance with regulations prescribed by the President.". In his inherent authority by virtue of the statutory enactment of the U.S. Congress, by Executive Order the President promulgated Rules for Courts-Martial 202(c)(1) providing that a servicemember whose enlistment has expired may be "held on active duty". The Manual for Courts-Martial Rule 202, entitled "Persons subject to the jurisdiction of court-martial" under Discussion, section (2)(B)(i) Effect of completion of term of service, reads in pertinent part that, "Completion of an enlistment or term of service does not by itself terminate court-martial jurisdiction. An original term of service may be adjusted for a variety of reasons...". The Air Force Instruction 36-3208 subsection 2.4. Retention for Action by Court-Martial, details this involuntary extension of active duty and requires that proper administrative

5

action be taken to effectuate the extension.

13. The R.C.M. Rule 202(c)(1) is discretionary and not self executing, as constituted by a body of experience in the Military Justice System. U.S. v. Fischer, 61 M.J. 415 fn. 1 (U.S. Armed Forces 2005) ("Rule for Courts-Martial 202(c)(1) provides that a servicemember whose enlistment has expired may be "held on active duty." Marine Corps Manual for Legal Administration § 1005 (31 Aug 99), details this involuntary extension of active duty and requires that proper administrative action be taken to effectuate the extension." See Air Force Instruction 36-3208, subsection 2.4.

### Whether The Extension Authority was Administratively Effectuated

14. In furtherance of the Court's observation and probing of the entire case the Opinion and Order does not conclude that the Defendant administratively "invoked" and/or effectuated the enlistment and extension authority to hold the Plaintiff on a active duty status. And further that, the Federal Claims Court's Opinion and Order [d]oes state that Plaintiff's Expiration of Term of Service was on **29 December, 2001**, as uncontested and alleged by the Defendant.

15. In the prior litigation before the Federal Claims Court, the Defendant's Motion Upon The Administrative Record and Appendix failed to produce and offer as evidence to the Court of any form of official administrative documentation under, RCFC Rule 9(d) Official Document or Act, that would have effected an involuntary extension of Plaintiff's active-duty status and nor does the Opinion and Order provides references to any administrative activities to extend the Plaintiff's active service. Id.

16. The Opinion and Order in this regard supports its determination of Plaintiff's conclusive term of active service of **29 December, 2001**. To the contrary, the Defendant's wants this instant Court to alter the Opinion

and Order of another Circuit by the supplanting of an liberal interpretation that the Defendant did administratively effectuated an extension of Plaintiff's term of active military service.

**Law and Analysis: Federal Court, District of Columbia**

17. The Federal Rules of Civil Procedure, Rule 41(b) Involuntary Dismissal: Effect Thereof, provides in part that, "a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction..., operates as an adjudication upon the merits." NextWave Pers. Commc'ns, Inc. v. FCC, 254 F.3d 130, 143 (C.A.D.C. 2001) "[D]ismissals for lack of jurisdiction," however, "are not decisions on the merits and therefore have no [claim preclusive] effect on subsequent attempts to bring suit in a court of competent jurisdiction." quoting Kasap v. Folger Nolan Fleming & Douglas, Inc., 166 F.3d 1243, 1248 (D.C. Cir. 1999).

### STANDARD OF REVIEW

### Motion To Dismiss, Rule 12(b)(1)

18. Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies outside this limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994); St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1938); "[a]s a court of limited jurisdiction, we begin, and end, with an examination of our jurisdiction." Gen. Motors Corp. v. Envtl. Prot. Agency, 363 F.3d 442, 448 (D.C. Cir. 2004).

19. Because "subject-matter jurisdiction is an 'Art. III as well as a statutory requirement[,] no action of the parties can confer subject-matter jurisdiction upon a federal court.'" Akinseye v. District of Columbia, 339 F.3d 970, 971 (D.C. Cir. 2003) (citing Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxite de Guinea, 456 U.S. 694, 702 (1982)). On a motion to dismiss

for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), the plaintiff bears the burden of establishing that the court has subject-matter jurisdiction. Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). The court may dismiss a complaint for lack of subject-matter jurisdiction only if "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Empagran S.A. v. F. Hoffman-Laroche, Ltd., 315 F.3d 338, 343 (D.C. Cir. 2003) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Pleadings filed by individuals representing themselves are held to a less stringent standard than those prepared by attorneys. Boag v. MacDougall, 454 U.S. 364 (1982).

20. Because subject-matter jurisdiction focuses on the court's power to hear the claim, however, the court must give the plaintiff's factual allegations closer scrutiny when resolving a Rule 12(b)(1) motion than would be required for a Rule 12(b)(6) motion for failure to state a claim. Macharia v. United States, 334 F.3d 61, 64, 69 (D.C. Cir. 2003); Grand Lodge of Fraternal Order of Police v. Ashcroft, 185 F.Supp.2d 9, 13 (D.D.C. 2001). Additionally, the court is not limited to the allegations contained in the complaint. Hohri v. United States, 782 F.2d 227, 241 (D.C. Cir. 1986), (vacated on other grounds), 482 U.S. 64 (1987). To determine whether it has jurisdiction over the claim, the court may consider materials outside the pleadings. Herbert v. Nat'l Acad. of Scis., 974 F.2d 192, 197 (D.C. Cir. 1992).

**Law and Analysis:**

21. Court-martial and otherwise military tribunals are exempt from the statute covered in 5 U.S.C. § 551(1)(F), Administrative Procedure Act. Roelofs v. Secretary of Air Force, 628 F.2d 594, 599 (1980), "Though section 551 of the APA specifically excludes from its scope actions of courts martial

and military commissions...". See also <u>McKinney v. Caldera, 141 F.Supp.2d 25, 31 (D.D.C. 2001)</u> ("For most purposes, the APA defines agency to mean: each authority of the Government of the United States, whether or not it is within or subject to review by another agency, but does not include- ..(F) courts martial and military commissions"). See also, <u>5 U.S.C. § 701(b)(1)</u>.

22. Accordingly, "With the exception of a collateral attack challenging the validity of a judgment for "lack of jurisdiction or some other equally fundamental defect," review by a civil court of a judgment issued by a military court is barred". <u>Piersall v. Winter, 435 F.3d 319, 324 (C.A.D.C. 2006)</u>; See also <u>Brannum v. Lake, 311 F.3d 1127, 1131 (C.A.D.C. 2002)</u>, "permits an equitable suit claiming that the military has exercised Uniform Code authority without jurisdiction". Citing <u>Schlesinger v. Councilman, 420 U.S. 738 (1975)</u>.

23. <u>Rooney v. Secretary of Army, 293 F.Supp.2d 111, 123 (D.D.C. 2003)</u>, "rather, the question it raises is whether he is a soldier or a civilian, and thus, whether he is subject to military jurisdiction at all". Citing <u>United States ex rel. Roberson v. Keating, 121 F.Supp. 477, 479 (N.D. Ill. 1949)</u>, "when we come to the question of whether or not a citizen is or is not a member of the [armed forces], the point becomes basic and fundamental under our constitution and must be judged by the civil courts".

## ARGUMENT

### Military Courts Cannot Adjudge A Person's Status

24. Military Court(s) are statutorily divested of jurisdiction from administratively determining a person's status under the Uniform Code of Military Justice as reaffirmed in the case of <u>Clinton v. Goldsmith, 526 U.S. 529 (1999)</u>, whereof the Secretary of The Air Force (Executive Department) instituting an independent executive action that administratively dropped

9

Goldsmith from the Air Force's active duty rolls that further prompted the Supreme Court in reminding the military courts of their statutory jurisdictional boundaries, "The CAAF is accorded jurisdiction by statute to "review the record in [specified] cases reviewed by" the service courts of criminal appeals, 10 U.S.C. §§ 867(a)(2), (3), which in turn have jurisdiction to "revie[w] court-martial cases," § 866(a)". Goldsmith Id. The President was compelled to ensure that the military courts acted within its duties and jurisdiction as promulgated in the controlling Rules for Courts-Martial (R.C.M.) Rule 201(a)(1)..."The jurisdiction of courts-martial is entirely penal or disciplinary." (Discussion), Id. "Jurisdiction" means the power to hear a case and to render a legally competent decision. A court-martial has no power to adjudge civil remedies"; See also Rules for Courts-Martial (R.C.M.) Rule 1003(b)(9)..."A court-martial may not adjudge an administrative separation from the service".

**Subject-Matter Jurisdiction**

25. The Plaintiff complaint never made allegations of any proceedings or review of an Court-Martial Board in this instant case. Such allegations were constructed by the Defendant in its affirmative defense. This instant civil action seeks the determination of Plaintiff's status upon his expiration of term of service.

26. The Plaintiff's complaint alleges jurisdiction under the Administrative Procedure Act (APA), pursuant to 5 U.S.C. § 551 and 5 U.S.C. § 702 that excludes any court-martial and military commissions from its statutory review. Plaintiff's cause of action is on the basis of an administrative scope ensuing the inaction(s) by an administrative federal agency thats independent and separate from a military court-martial board. Nothwithstanding the Defendant's allegations of an Habeas Corpus construction,

this instant Court is statutorily prevented from reviewing the Court-Martial Board. 5 U.S.C. §§ 551, 702. However, the Defendant seeks to have this Court surrender its proper jurisdiction over this case.

**Secrtary of The Air Force Ancillary Determination**
**of Plaintiff's Status After Expiration of**
**Term of Service (ETS)**

27. The Office of The Secretary, Department of The Air Force, in response to a matter of inquiry by Plaintiff's United States Senator who further serves as a member of the Committee on Armed Forces, finally rendered an official statement irregardless of the proceedings before the court-martial and appellate activities and determined that court-martial trial and jurisdiction existed over the Plaintiff by statute of 10 U.S.C. § 802(a)(1), ..."awaiting discharge after expiration of their terms of enlistment". The Plaintiff refers to and attaches the Secretary Concerned reply to the Senator's inquiry as Enclosure 3. Exclusively, the statutory characterization subordinate to a "Duty Status", codified in 10 U.S.C. § 101(d) et. seq., does not prescribe in its definition or alludes to a person "awaiting discharge" as a duty status. The [A]waiting [D]ischarge provision is designed to permit the Defendant to accomplish an orderly separation or discharge and not to relieve it from the consequences of its own negligence in failure to administratively effectuate an involuntary extension of Plaintiff's active duty enlistment.

28. However, this issue recirculates back to the issue of whether the Defendant executed the prescribed administrative procedures to lawfully effectuate the retention authority for an involuntary extension of a statutory enlistment. See Bell v. U.S., 366 U.S. 393 (1961), "Enlistment is a contract, but it is one of those contracts which changes the status; and, where that is changed, no breach of the contract destroys the new status or relieves

from the obligations which its existence imposes.* * * By enlistment the citizen becomes a soldier. His relations to the State and the public are changed. He acquires a new status, with correlative rights and duties; and although he may violate his contract obligations, his status as a soldier is unchanged". Citing In re Grimley, 137 U.S. 147, 151, 152 (1890).

29. Because Plaintiff's extension to active duty until 28 December, 2001, incurred for purposes of "Best Interest of The Air Force" per Air Force Form (AF Form) 1411, he was serving an Active Duty Service Commitment in accordance with... Air Force Instruction (AFI) 36-2107 Active Duty Service Commitments (ADSC)

1.3.2. The following ADSC-incurring events require documentation other than the AF Form 63:

1.3.2.1. Entry on Extended Active Duty (EAD).

30. Upon the termination of Plaintiff's enlistment and extension, that his active duty status also terminated per... Air Force Instruction (AFI) 36-2107 Active Duty Service Commitments (ADSC), Subsection 1.1.4.1., states that, "Enlisted personnel serve on active duty in accordance with their enlistment contracts.".

## Conclusion

Wherefore, the Plaintiff prays that this Court deny the Defendant's Motion to Dismiss where such move for dismissal is prevented by operation of governing law.

Dated this 28th day of June, 2006.

Respectfully, submitted

*[signature]*

MARCUS L. WILLIAMS
Box #77423
1300 N. Warehouse Rd
Fort Leavenworth KS 66027-2304

service on October 1, 2004 and to classify his discharge as dishonorable. He avers that his Expiration Term of Service ("ETS") date was December 29, 2001, that he should be deemed to have been discharged on that date, and that his discharge should be classified as "honorable."

This case is before the court on the government's motion to dismiss and motion for judgment upon the administrative record, as well as Mr. Williams' cross-motions for judgment upon the administrative record and for summary judgment. For the reasons set forth, the government's motion to dismiss is denied but its motion for judgment upon the administrative record is granted. Mr. Williams' cross-motions are denied.

## BACKGROUND[1]

Mr. Williams enlisted in the Air Force on February 2, 1993. Compl. ¶ 5; see Administrative Record ("AR") 170 (Certificate of Release or Discharge from Active Duty). His original enlistment period was for four years. Compl. ¶ 5. He re-enlisted in the Air Force on January 30, 1997, with an ETS of February 28, 2001. Id. Subsequently, Mr. Williams' enlistment was further extended to December 28, 2001, moving his ETS date to December 29, 2001. Id. ¶ 6; see id. Ex. A (Extension of Enlistment form (Feb. 28, 2001)).

On June 2, 2001, then-Staff Sergeant Williams was apprehended and placed in military confinement and charged with violations of the Uniform Code of Military Justice ("UCMJ"). Defendant's Motion for Judgment on the Administrative Record ("Def.'s Judgment Mot.") App. at 28-29 (Charge Sheet) (Sept. 20, 2001)).[2] Court-martial charges were preferred against then-Staff Sergeant Williams on September 20, 2001. Def.'s Judgment Mot. App. at 28-29.[3] The charges against him were referred for trial by general court-martial on November 20, 2001. Def.'s Judgment Mot. App. at 30 (Charge Sheet).

Then-Staff Sergeant Williams' court-martial convened on January 10, 2002. He pled guilty to all of the charges except unlawful entry of a dwelling with intent to commit an assault

---

[1] The recitations that follow do not constitute findings of fact by the court. Rather, the recited factual elements are taken from the parties' filings and are either undisputed or alleged and assumed to be true for purposes of the pending motions.

[2] The Uniform Code of Military Justice is codified at 10 U.S.C. §§ 801-946.

[3] He was charged with (1) unlawful entry of a dwelling with the intent to commit an assault (violation of UCMJ Art. 130, 10 U.S.C. § 930); (2) assault with a deadly weapon (violation of UCMJ Art. 128, 10 U.S.C. § 928); (3) theft of a government-owned handgun (violation of UCMJ Art. 121, 10 U.S.C. § 921); (4) desertion (violation of UCMJ Art. 85, 10 U.S.C. § 885); (5) unlawful transport of a stolen firearm (violation of UCMJ Art. 134, 10 U.S.C. § 934); and (6) forging four different checks with the intent to defraud (violation of UCMJ Art. 123, 10 U.S.C. § 923). Def.'s Judgment Mot. App. at 28-29.

The pleading nuances employed by Williams do have consequences, however. An instructional case in this regard is *Kidwell v. Department of the Army*, 56 F.3d 279 (D.C. Cir. 1995). In *Kidwell*, the government argued that the plaintiff's claim for equitable relief was "in essence" a claim for monetary relief because the equitable relief sought, a change in discharge status, would have resulted in monetary relief. The D.C. Circuit stated that a "plaintiff does not 'in essence' seek monetary relief . . . merely because he . . . hints at some interest in a monetary reward . . . or because success on the merits may obligate the United States to pay the complainant." 56 F.3d at 284. As the D.C. Circuit held, the "plain terms" of the complaint should be used to determine the jurisdiction of the court, because to look beyond the plain terms of the complaint would require the court to go "outside the record" to determine what kind of relief a plaintiff "might receive" in order to determine its own jurisdiction. *Id.* at 285-86. This case is essentially the mirror image of *Kidwell*. It would require this court to go "outside the record" to predict what other relief plaintiff "might receive" if the court were to grant Williams monetary damages and correction of his military records. The government's motion to dismiss for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1500 is therefore denied.

### B. Judgment on the Administrative Record

In the alternative, the government requests that the court grant judgment in its favor on the basis of the administrative record filed in this case. Based on the claims presented by Williams' complaint, the court need only determine (1) whether the Air Force had the authority to extend Mr. Williams' term of service beyond his ETS and whether the Air Force properly invoked that authority, and (2) whether the dishonorable discharge that resulted from Mr. Williams' court-martial was a proper predicate for the forfeiture of any leave that Mr. Williams had accrued.

### 1. *Extension of Williams' time in service.*

The government first argues that Mr. Williams waived his ability to contest his service extension because he did not raise jurisdictional defects during his court-martial and appeals in the military court system. Def.'s Judgment Mot. at 6-9. However, this court is not reviewing the court-martial but instead the Air Force's extension of Mr. Williams' term of service prior to his court-martial. Rather than waiver, the issue is the Air Force's authority to extend plaintiff's service.

The Air Force retains jurisdiction over a service member who, at the end of an enlistment period, is confined awaiting court-martial charges. UCMJ Article 2, 10 U.S.C. § 802, provides that members of the armed forces who are awaiting discharge are subject to the UCMJ.[11] In that

---

[11]This Article specifies that persons who are subject to the UCMJ include "[m]embers of a regular component of the armed forces, including those awaiting discharge after expiration of their terms of enlistment." 10 U.S.C. § 802(a)(1). This Article further provides that "(c) Notwithstanding any other provision of law, a person serving with an armed force . . . is subject

9



**DEPARTMENT OF THE AIR FORCE**
WASHINGTON, DC

Office of the Secretary

March 31, 2006

The Honorable Bill Nelson
United States Senator
225 East Robinson Street, Suite 410
Orlando FL 32801

Dear Senator Nelson

    This is in reply to your inquiry on behalf of Marcus L. Williams regarding his continuation on active duty past his anticipated separation date. Mr. Williams argues that because his court-martial occurred after his expiration of term of service, his court-martial and consequent confinement are illegal.

    Mr Williams was tried by a general court-martial for several offenses. He pled guilty to one specification of desertion, one specification of larceny of a nine-millimeter Baretta handgun, four specifications of check forgery, and one specification of transporting a stolen firearm in interstate commerce, in violation of Articles 85, 121, 123, and 134, Uniform Code of Military Justice (UCMJ). He was convicted, contrary to his pleas, of one specification of aggravated assault and one specification of housebreaking, in violation of Articles 128 and 130, UCMJ. The general court-martial, consisting of a military judge sitting alone, sentenced him to reduction to airman basic, confinement for 10 years, and a dishonorable discharge.

    Under the UCMJ, "members of a regular component of the armed forces, *including those awaiting discharge after expiration of their terms of enlistment* [emphasis added]" are subject to court-martial jurisdiction. Mr Williams was subject to trial by court-martial under that statutory authority. Once court-martial jurisdiction over a person attaches, such jurisdiction continues for all purposes of trial, sentence, and punishment, notwithstanding the expiration of that person's term of service.

    At trial, the military judge noted that Mr Williams' enlistment had expired and the trial counsel (prosecutor) noted that Mr Williams had been involuntarily extended on active duty for purposes of trial by court-martial. Likewise, on February 20, 2004, the Air Force Court of Criminal Appeals reviewed Mr. Williams' conviction and found jurisdiction was present. They specially noted "The appellant does not allege that the court-martial lacked jurisdiction over him, nor does the record provide a reason for so concluding."

    We trust this information is helpful.

Sincerely

*Karen L. Cook*

KAREN L. COOK, Lt Col, USAF
Deputy Chief, Congressional Inquiry Division
Office of Legislative Liaison

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 29th day of June, 2006, I caused to be placed in the prison mail via United States Postal Service (Certified Postage, First Class), a copy of my memorandum of points and authorities in opposition to the Defendant's Motion to Dismiss, served on the Defendant's attorney of record at the following address:

KEVIN K. ROBITAILLE
Special Assistant U.S. Attorney
Civil Division
555 Fourth St., N.W.
Washington DC 20530

*[signature]*
MARCUS L. WILLIAMS
Box# 77423
1300 N. Warehouse Rd
Fort Leavenworth KS 66027-2304