IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MARCUS L. WILLIAMS | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:06CV00508 |
| | ) |
| DEPARTMENT OF THE AIR FORCE, | ) |
| | ) |
| Defendant | ) |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS**

Defendant files this Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss.

The government has demonstrated that this Court lacks subject matter jurisdiction over the claims set forth in Plaintiff's Amended Complaint ("Compl.") as it is properly construed, and furthermore, that the Air Force is not a proper respondent to Plaintiff's Amended Complaint as it is properly construed. The government has also demonstrated that Plaintiff has failed to set forth a claim upon which relief can be granted. Plaintiff's arguments in opposition to Defendant's Motion to Dismiss are without merit.

**I.      THE COURT MAY LOOK BEYOND THE PLEADINGS WHEN DECIDING WHETHER TO CONSTRUE PLAINITFF'S AMENDED COMPLAINT AS A PETITION FOR HABEAS CORPUS.**

Plaintiff inaccurately asserts that Defendant, in seeking dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction, asks this Court to review the determinations of the military court-martial. Pl. Resp. ¶¶ 26. In opposition to Defendant's motion to dismiss, Plaintiff

correctly, but inappositely, states that federal courts may exercise jurisdiction over jurisdictional challenges to the military applications of the UCMJ.  Pl. Resp. ¶ 22-23, 26.  Plaintiff insists that, because his amended complaint omits reference to his court-martial proceedings, the Court must not consider facts relating to the court-martial in determining whether the Court has subject matter jurisdiction over Plaintiff's claims.  Pl. Res. ¶¶ 25-26.  Essentially, Plaintiff asks the Court to ignore the facts surrounding Plaintiff's incarceration, including the preferring of court-martial charges and Plaintiff's conviction, and to review in isolation Plaintiff's legal status on the date of his Expiration Term of Service (ETS).

It is well-established that, because jurisdictional challenges "impose[ ] on the court an affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority," the "plaintiff's factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to state a claim." Grand Lodge of the Fraternal Order of Police v. Ashcroft, 185 F. Supp. 2d 9, 13-14 (D.D.C. 2001) (internal citations omitted).  Therefore, "[w]hen reviewing a challenge pursuant to Rule 12(b)(1), the Court may consider documents outside the pleadings to assure itself that it has jurisdiction." Al-Owhali v. Ashcroft, 279 F. Supp. 2d 13, 21 (D.D.C. 2003) (citing Land v. Dollar, 330 U.S. 731, 735 n.4, 91 L. Ed. 1209, 67 S. Ct. 1009 (1947); Haase v. Sessions, 835 F.2d 902, 906 (D.C. Cir. 1987); Artis v. Greenspan, 223 F. Supp. 2d 149, 152 (D.D.C. 2002)); see also Mem. at 4.  Considering documents outside the pleadings in resolving a motion to dismiss under Rule 12(b)(1) does not convert the motion into one for summary judgment.  Al-Owhali, 279 F. Supp. 2d at 21.  Therefore, Plaintiff's efforts to mask the circumstances of his court-martial are without merit.  The Court may refer to documents from prior litigations, where Plaintiff alleges the facts of his court-martial trial and conviction.  See Williams v. Dep't of the Air Force, No.

1:04CV02161 (RCL) (D.D.C. June 27, 2005), aff'd 2006 U.S. App. LEXIS 1047 (D.C. Cir. Jan. 13, 2006) ("Williams I"); Williams v. United States, 2006 WL 1084002 (Fed. Cl. Apr. 25, 2006) ("Williams II").

In light of documents from prior litigation, for the reasons stated in Defendant's Motion to Dismiss, Plaintiff's Amended Complaint is properly construed as a petition for habeas corpus. Habeas corpus is the exclusive remedy here because Plaintiff seeks declaratory relief that by which release would "follow automatically since, in a second action for a writ of habeas corpus, the prior judgment would have res judicata effect." Rooney v. Secretary of the Army, 405 F.3d 1029, 1031 (D.C. Cir. 2005), citing Monk v. Secretary of the Navy, 793 F.2d 364, 366 (D.C. Cir. 1986). Accordingly, the Court should dismiss the Amended Complaint for lack of subject matter jurisdiction. See Mem. at 4-8.

## II. PLAINTIFF'S ASSERTION THAT THE DOCTRINE OF COLLATERAL ESTOPPEL DOES NOT APPLY IS LEGALLY ERRONEOUS.

Plaintiff's meritless claims have been previously considered, both here, Williams I, No. 1:04CV02161 (RCL) (D.D.C. June 27, 2005), aff'd 2006 U.S. App. LEXIS 1047 (D.C. Cir. Jan 13, 2006), and in the Court of Federal Claims, Williams II, 2006 WL 1084002 (Fed. Cl. Apr. 25, 2006), and Plaintiff is estopped from relitigating them now before this Court.

### A.) The Court of Federal Claims Properly and Finally Decided the Issue of Whether the Air Force Properly Extended Plaintiff's Term of Service After the Preferring of Court-Martial Charges Against Him.

Plaintiff incorrectly asserts that because the Court of Federal Claims did not make findings of fact, that judgment was "irregular," and thus, "the doctrine of res judicata does not apply" in the present case. Pl. Resp. ¶ 9 (citing Williams II, 2006 WL 1084002 at *1 n.1). Plaintiff further asserts that the Court of Federal Claims explicitly withheld on determination of the factual issue Plaintiff now claims to have raised. Id. ¶ 10. Plaintiff cites no authority for his

3

erroneous assertion that an "irregular" final judgment rendered by the Court of Federal Claims is not preclusive for purposes of *res judicata*. Pl. Resp. ¶¶ 3, 9-10. Plaintiff's conclusory assertion would be incorrect even if Plaintiff's application of the Rules of the Court of Federal Claims ("RCFC") was correct.[1] The great weight of authority demonstrates that final judgments – *even if "irregular" or erroneous* – are preclusive for purposes of issue preclusion. see Consolidated Edison Co. of New York v. Bodman, 449 F.3d 1254, 1257 (D.C. Cir. 2006), and claim preclusion, see Coleman v. Potomac Elec. Power Co., 442 F. Supp. 2d 209, 215 (D.D.C. 2006) (citing Hardison v. Alexander, 655 F.2d 1281, 1288 (D.C.Cir.1981) ("the parties to a suit and their privies are bound by a final judgment and may not relitigate any ground for relief which they already have had an opportunity to litigate even if they chose not to exploit that opportunity whether the initial judgment was erroneous or not.")). Even when Plaintiff's Reply Memorandum is construed liberally to state arguments to the effect that, in the absence of findings of fact, the Court of Federal Claims did not actually or fairly litigate the same issue presented in Plaintiff's Amended Complaint in this case, Plaintiff's arguments are without merit.

Under the doctrine of issue preclusion or "collateral estoppel," Plaintiff is barred from relitigating the issue already decided as a matter of law by the Court of Federal Claims: "whether the Air Force had the authority to extend Mr. Williams' term of service beyond his ETS and whether the Air Force properly invoked that authority," Williams II, 2006 WL 1084002 at *7. Mem. at 9, citing Montana v. United States, 440 U.S. 147, 153 (1979). As discussed in Defendant's Memorandum in Support of Defendant's Motion to Dismiss, collateral estoppel

---

[1] Plaintiff is incorrect in his application of the RCFC. Plaintiff asserts that under RCFC 52(a) the Court of Federal Claims was required to make special and separate findings of fact prior to determining whether the Air Force had and properly exercised authority to extend Plaintiff's term of service. Pl. Resp. ¶¶ 7, 9. In fact, in Williams II Defendant moved under RCFC 56.1 for judgment on the administrative record. Unlike Rule 52, Rule 56.1 does not require the court to make factual findings, so the judgment was not "irregular." Cf. Bannum, Inc. v. United States, 404 F.3d 1346, 1353-57 (Fed. Cir. 2005) (finding that, under Rule 56.1, the court must make separate factual findings when analyzing a *question of fact* in the first instance).

4

applies where, *inter alia*, an issue is identical to an issue that was "actually litigated" in a prior suit. Mem. at 9; see also Yamaha Corp. of America v. United States, 961 F.2d 245, 254 (D.C. Cir. 1992); Otherson v. INS, 711 F.2d 267, 273 (D.C. Cir. 1983). Plaintiff's argument that collateral estoppel does not apply with respect to the decision in Williams II is without merit, because Plaintiff's claims in this litigation present the identical issue finally adjudicated by the Court of Federal Claims. Pl. Resp. ¶ 14. A party asserting a defense of collateral estoppel bears the burden of showing the identity of an issue alleged to have been decided in previous litigation. Connors v. Tanoma Mining Co., 953 F.2d 682, 684 (D.C. Cir. 1992). If there is uncertainty as to whether a previously decided issue is identical, the prior decision has no preclusive effect in a current litigation. See Connors, 953 F.2d at 684. However, where issues are identical or similar in terms of substantial overlap between evidence, arguments, and the rules of law applied, the issues are identical for purposes of collateral estoppel. See Bryson v. Gere, 268 F. Supp. 2d 46, 57-58 (D.D.C. 2003) (citing Restatement (Second) of Judgments § 27, cmt. c (1982)). In other words, where the "basic facts underlying the new claims are indistinguishable" from those underlying the prior claims, the issue presented is identical. Bryson, 268 F. Supp. 2d at 58. For example, in McLaughlin v. Bradlee, appellant filed constitutional claims relating to the same underlying activity of appellees in three prior litigations. McLaughlin v. Bradlee, 803 F.2d 1197, 1199 (D.C. Cir. 1986). The Court dismissed a fourth complaint on collateral estoppel grounds. Id. at 1202. The D.C. Circuit affirmed, reasoning that new facts alleged to differentiate pending constitutional privacy claims from prior repeatedly litigated constitutional privacy claims presented "no more than cosmetic changes [appellant] has made to perpetuate litigation on the same basic issues." Id.

5

Plaintiff here seeks to repeatedly bring before this court an issue that has been previously and finally decided.  The Court of Federal Claims, in light of undisputed facts in the administrative record, applying Rule 202(c) of the RCM, unambiguously decided as a matter of law that the Air Force had exercised proper authority to extend Plaintiff's term of service beyond his ETS when court-martial charges were proffered against Plaintiff prior to his ETS.  Williams II, 2006 WL 1084002 at * 7-8.  Evaluating Plaintiff's claim in light of the Restatement factors, as the Court did in Bryson, demonstrates that adjudication in this case will also require the Court to apply Rule 202(c) of the RCM to the respective dates of the Air Force's proffer of charges against Plaintiff and Plaintiff's ETS.  The evidence, arguments, and rules of law applied in Williams II completely overlap with the evidence, arguments, and rules of law to be applied in this case.  The "basic issue" is identical.  In erroneously alleging that specific rules and regulations were not followed in extending his term of duty, Plaintiff "has done little more than embellish his previous argument . . . with additional factual allegations" that have no bearing on the basic issue.  See McLaughlin, 803 F.2d at 1204.  Accordingly, Williams II is preclusive, and this Court cannot entertain the issue of Plaintiff's date of separation.

To the extent that Plaintiff, in opposition to Defendant's Motion to Dismiss, argues that the issue of his retention was not actually or fairly litigated by the Court of Federal Claims in Williams II, this argument also lacks merit.  An issue is "actually litigated" when it is "contested by the parties and submitted for determination by the court."  McLaughlin, 803 F.3d at 1202 (citing Otherson, 711 F.3d at 273).  Issues determined on summary judgment or directed verdict are "actually litigated."  Id. at 1203.  No evidentiary hearing, testimony, or trial is required in order for a court's final determination to have preclusive effect under the doctrine of collateral estoppel.  Raspanti v. Keaty, 397 F.3d 264, 271 (5th Cir. 2005) (citing Hirschfiled v. Spanakos,

6

104 F.3d 16, 19 (2nd Cir. 1997)). The preclusive effect of a summary determination is especially persuasive where a Plaintiff attempting to relitigate an issue has failed to exhaust available appeals in the first litigation. See Stevenson v. Sears Roebuck & Co., 713 F.2d 705, 712 (Fed. Cir. 1983); see also Johnson v. District of Columbia, 2005 WL 1903551, *5 (D.D.C. July 20, 2005).

In Williams II, upon Defendant's motion for judgment on the administrative record under RCFC 56.1, the Court of Federal Claims decided the issue of Plaintiff's date of separation.[2] Although Rule 56.1 has no counterpart in the Federal Rules of Civil Procedure, it borrows certain standards and procedures from summary judgment under Rule 56. As under RCFC 56, a court may render a final judgment under RCFC 56.1. RCFC 56(a); RCFC 56.1. Both the moving and non-moving parties may submit evidentiary affidavits when moving for summary determination on the administrative record. RCFC 56(a); RCFC 56.1. Although the Court of Federal Claims does not adopt a Rule 56 standard of review with respect to independent determinations of contested issues of fact under RCFC 56.1, see Bannum, Inc. v. United States, 404 F.3d 1346, 1355-56 (Fed. Cir. 2005), there were no contested material issues of fact before the court in Williams II, and the court could render final judgment as a matter of law based upon the uncontested facts reflected in the administrative record, see, e.g., Galen Medical Assocs. v. United States, 369 F.3d 1324, 1340 (Fed. Cir. 2004) (resolving questions of law based on administrative record as supplemented by deposition testimony). The date on which the Air Force proffered charges against Plaintiff and the date of Plaintiff's ETS were uncontested by the parties in the Williams II litigation. The contested legal issue – whether Plaintiff's date of

---

[2] In his reply, Plaintiff seems to argue that the Court of Federal Claims dismissed Plaintiff's claim. Pl. Resp. ¶ 8. This is simply not correct. The court denied Defendant's motion to dismiss, reviewed Plaintiff's claim on the merits, granted Defendant's motion for judgment, and entered a final judgment in favor of Defendant. Williams II, 2006 WL 1084002 at *8 and n.15.

7

separation was lawfully extended – was submitted for review and finally determined by the court. Plaintiff did not appeal the decision of the Court of Federal Claims to the Federal Circuit Court of Appeals. See Williams II, 2006 WL 1084002 (No. 05-1123C). Accordingly, the issue was "actually litigated," and the court's resolution in Williams II is preclusive in this case.

      **B.)    The District Court's Previous Dismissal Without Prejudice is Preclusive on the Jurisdictional Issue.**

Finally, although Plaintiff correctly notes that the Court dismissed his amended complaint in Williams I for lack of jurisdiction, and that dismissal "without prejudice" pursuant to Rule 41(b) does not ordinarily have preclusive effect, Pl. Resp. ¶ 17, the Court's dismissal of Plaintiff's prior complaint and the D.C. Circuit's affirmance *does* have preclusive effect *in this Court*. See Kasap v. Folger, Nolan, Fleming & Douglas, Inc., 166 F.3d 1243, 1248 (D.C. Cir. 1999); Dozier v. Ford Motor Co., 702 F.2d 1189, 1194 (D.C. Cir. 1983) ("the [prior] judgment was expressly entered 'without prejudice' . . . [T]he usual meaning of this phrase, however, is 'without prejudice as to the substantive cause of action . . . [but] with prejudice on the issue . . . which was litigated in the prior action," *i.e.*, jurisdiction) (internal citations omitted); Shaw v. Merritt-Chapman & Scott Corp., 554 F.2d 786, 789 (6th Cir. 1977) ("While a dismissal for lack of jurisdiction does not constitute an adjudication upon the merits, it does constitute a binding determination on the jurisdictional question, which is not subject to collateral attack.")). See also American Surety Co. v. Baldwin, 287 U.S. 156, 166 (1932) (Justice Brandeis stating that "the principles of *res judicata* apply to questions of jurisdiction as well as to other issues"); 18 Moore's Federal Practice, § 131.30, at 131.30[1][d][ii] (3d ed. 2006) (stating that dismissal on jurisdictional grounds will have preclusive effect "as to the issue of the lack of subject matter jurisdiction of the court entering the dismissal").

8

The relief sought by Plaintiff in his previous lawsuit in this Court is identical to the relief Plaintiff seeks in this case.  Compare Amended Complaint, Williams I, No. 04CV02161 (D.D.C. June 27, 2005) with Amended Complaint, Williams v. Dep't of the Air Force, No. 1:06CV0508 (D.D.C. June 12, 2006).  The Court dismissed Plaintiff's complaint in Williams I when Plaintiff failed to respond to Defendant's motion to dismiss for lack of subject matter jurisdiction.  Williams I, No. 1:04CV02161 (RCL) (D.D.C. June 27, 2005), aff'd 2006 U.S. App. LEXIS 1047 (D.C. Cir. Jan 13, 2006).  The Court assumed that Defendant's motion was conceded.  Id.  The D.C. Circuit summarily affirmed, noting that Plaintiff offered no basis for the District Court's jurisdiction.  2006 U.S. App. LEXIS 1047 (D.C. Cir. Jan 13, 2006).  The Court's ruling on the issue of jurisdiction is preclusive, and the Court lacks jurisdiction over Plaintiff's Amended Complaint in this case.  Accordingly, Plaintiff's Amended Complaint should be dismissed.

### III.  PLAINTIFF'S ASSERTION THAT AIR FORCE RULES WERE NOT FOLLOWED, RESULTIUNG IN CONSTRUCTIVE DISCHARGE, IS LEGALLY AND FACTUALLY ERRONEOUS.

Plaintiff asserts that in considering Defendant's motion to dismiss under Rule 12(b)(6) for failure to state a claim, this Court may not consider the fact of the preferring of court-martial charges against Plaintiff more than three months prior to Plaintiff's ETS, because the APA does not permit judicial review of courts-martial, and because Plaintiff has alleged no facts relating to the court-martial.  Pl. Resp. ¶ 2.  These assertions are without merit.  See Mem. at 11.  In determining whether Plaintiff's Amended Complaint fails to state a claim under Rule 12(b)(6), the Court may look beyond the complaint to consider matters of public record.  St. Francis Xavier Parochial Sch., 117 F.3d 612, 624 (D.C. Cir. 1997).  Records of prior litigation are public documents subject to judicial notice under Rule 12(b)(6).  See Doe v. District of Columbia, 238 F. Supp. 2d 212, 216 (D.D.C. 2002) ("it is well established that courts are allowed to take

9

judicial notice of matters in the general public record, including records and reports of administrative bodies and records of prior litigation") (internal citations omitted).  Furthermore, consideration of the fact of Plaintiff's retention for purposes of his court-martial does not involve substantive review of the court-martial itself.

Plaintiff further asserts that the Air Force administrative procedures required to effectuate an extension of Plaintiff's term of service for court-martial were not followed, resulting in some form of constructive discharge at the time of Plaintiff's ETS on December 29, 2001.  Pl. Resp. ¶¶ 11-16.  Plaintiff has misconstrued applicable provisions and case law, and the Air Force properly maintained jurisdiction over Plaintiff after Plaintiff's ETS date.  See Mem. at 12-14.  Plaintiff's arguments in opposition to Plaintiff's Motion to Dismiss are without merit.

Plaintiff asserts that Air Force Instruction 36-3208 ¶ 2.4 details the administrative procedure that must be followed in order to involuntarily extend a service member's term of service for purposes of a court-martial, but Plaintiff misreads AFI 36-3208 ¶ 2.4.  The provision outlines the procedure for involuntary extension "in anticipation of the preferring of charges." AFI 36-3208 ¶ 2.4.  The provision refers to ¶ 1.9 "for information about how incomplete court-martial action affects separation from active duty."  Subsection 1.9 states that once an airman has had charges preferred against him, the Air Force shall not administratively discharge him.  AFI 36-3208 ¶ 2.4.  Plaintiff was not retained *in anticipation of* the preferring of charges.  Charges *were preferred* against Plaintiff on September 20, 2001, more than three months before Plaintiff's ETS date of December 29, 2001.  See Mem. at 2; Amended Complaint at ¶ 6, Williams I, No. 04CV02161 (D.D.C. June 27, 2005).  Accordingly, no administrative procedure was required in order for the Air Force to exercise court-martial jurisdiction over Plaintiff.  RCM 202(c).

Plaintiff's reliance on case law is similarly puzzling. Plaintiff states that R.C.M. 201(c)(1) is not self executing. Pl. Resp. ¶ 13. The language he cites without attribution comes from Smith v. Vanderbrush, 47 M.J. 56 (C.A.A.F. 1997), which states that the authority of the Army to retain a soldier pending trial by court-martial "is discretionary and not self-executing." Id. at 58. In Smith the court held that the Army did not retain court-martial jurisdiction over appellee when the army administratively discharged appellee after his ETS date. Id. The court did not question that "[t]he authority to retain servicemembers past their period of obligated service for purposes of trial by court-martial is a longstanding feature of military law," and that once court-martial jurisdiction is exercised, "such jurisdiction shall continue for all purposes of trial, sentence, and punishment, notwithstanding the expiration of that person's term of service . . . ." Id. (citations omitted). The court merely held that where the Army exercises its discretion by affirmatively and administratively discharging a service member, court-martial jurisdiction may no longer be exercised. Id. By contrast, Plaintiff incorrectly asserts that the Air Force is somehow obligated to affirmatively and administratively *retain* a service member in order to exercise court-martial jurisdiction when no administrative discharge has taken place. Pl. Resp. ¶ 12-14. To further support his erroneous assertion that the Air Force was required to administratively extend Plaintiff's term of service after preferring charges against him, Plaintiff also cites language from the dissent in United States v. Fischer 61 M.J. 415 (C.A.A.F. 2005). In Fischer the Court of Appeals for the Armed Forces (CAAF) found that withholding pay from appellant marine after his EAS date was not unconstitutional pretrial punishment when the marine was in custody awaiting trial by court-martial. Id. at 422-23. The issue of whether appellant was properly retained was not before the court, and neither the majority nor the dissent considered the issue. See id.

In light of Plaintiff's failure to demonstrate an affirmative obligation of the Air Force to administratively extend Plaintiff's term of service after preferring court-martial charges against Plaintiff, and despite Plaintiff's attempt to use generalized pleadings to play cat-and-mouse with the fact of his court-martial charges and conviction, Plaintiff has failed to state a claim upon which relief may be granted. Accordingly, Plaintiff's Amended Complaint should be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

## IV. PLAINTIFF'S ASSERTIONS WITH RESPECT TO THE LETTER OF MARCH 31, 2006 DO NOT STATE A CLAIM UNDER THE APA.

In addition to his other arguments in opposition to Defendant's Motion to Dismiss, Plaintiff discusses a letter, dated March 31, 2006, from the Department of the Air Force to Senator Bill Nelson. The letter addresses Senator Nelson's inquiry on behalf of Plaintiff, and explains the authority by which the Air Force exercised court-martial jurisdiction over Plaintiff after Plaintiff's ETS date. Plaintiff seems to argue that the March 31 letter itself constitutes a final agency action, "irregardless [sic] of the proceedings before the court-martial," and reviewable in court under the APA. Pl. Resp. ¶ 27. Insofar as Plaintiff does argue that the March 31 letter is a final agency action reviewable under the APA, Plaintiff's argument is without merit.

Under the APA, a court may only exercise judicial review over a "final" agency action "for which there is no other adequate remedy in a court," 5 U.S.C. § 704. Even if an exchange of letters between a representative of the Air Force and a Senator could be considered an "agency action," an agency action is final only where it marks the "consummation" of an agency's decision-making process, and "to the extent that it imposes an obligation, denies a right or fixes some legal relationship." Reliable Automatic Sprinkler Co. v. Consumer Prod. Safety Com'n, 324 F.3d 726, 731 (D.C. Cir. 2003). The March 31 explanatory letter to Senator Nelson was not

12

part of a decision-making process of the Air Force, and it did not fix a legal relationship or deny a right of Plaintiff.  Plaintiff has failed to state an actionable claim with respect to his retention by the Air Force for court-martial purposes; Plaintiff does not cure this failure by pointing to the subsequent explanatory letter.  The letter in no way augments the legal force or practical effect of the Air Force's original retention of Plaintiff for court-martial purposes.  Cf. FTC v. Std. Oil Co., 449 U.S. 232, 244 (1980) (holding that the refusal of the FTC to withdraw a complaint was not a "definitive action" cognizable under the APA where the underlying complaint was not cognizable under the APA).  Accordingly, Plaintiff's additional argument with respect to the March 31 letter fails to state a claim upon which relief may be granted.

## CONCLUSION

For the foregoing reasons, and those stated in Defendant's Motion to Dismiss, Defendant respectfully requests that this Court dismiss Plaintiff's Amended Complaint with prejudice.

_____/s_____
KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney


_____/s_____
RUDOLPH CONTRERAS D.C. Bar No.  434122
Assistant United States Attorney


_____/s_____
KEVIN K. ROBITAILLE
Special Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 353-9895

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss was served by First-Class mail; postage prepaid to:

MARCUS L. WILLIAMS
Box #77423
1300 N. Warehouse Road
Fort Leavenworth, KS 66027-2304,

on this 20th day of July, 2006.

_____/s/_____
KEVIN K. ROBITAILLE
Special Assistant U.S. Attorney
Civil Division
555 Fourth St., N.W.
Washington, D.C.  20530