UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARCUS L. WILLIAMS, )
        Plaintiff, )
)
v. ) Civil Action No. 06-0508 (RCL)
)
DEPARTMENT OF THE AIR FORCE, )
        Defendant. )
)

### PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

1. Plaintiff, Marcus L. Williams, moves the Court pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, for an order directing entry of partial summary judgment in favor of Plaintiff and against Defendant, Department of The Air Force, on cause of action and for the material facts alleged in Plaintiff's complaint. This motion is made on the ground that the pleadings and evidence on file in this matter establish that there are no genuine triable issue of material fact exists, as demonstrated by Plaintiff's Statement in Compliance with Local Rule 7(h), attached hereto, and that Plaintiff is entitled to judgment as a matter of law. More than 60 days have expired since Plaintiff commenced this action.

2. In further support of his motion, the Plaintiff submits his Memorandum in Support of the Motion for Partial Summary Judgment, and the supplemental facts and evidence attached thereto.

Dated this 16th day of July, 2006.

Respectfully submitted,

*Marcus L. Williams*
Marcus L. Williams
Box #77423
1300 N. Warehouse Rd
Fort Leavenworth KS 66027-2304

**RECEIVED**

JUL 19 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARCUS L. WILLIAMS,            )
        Plaintiff,          )
                            )
v.                             )  Civil Action No. 06-0508 (RCL)
                            )
DEPARTMENT OF THE AIR FORCE,   )
        Defendant.          )
                            )

**PLAINTIFF'S STATEMENT OF MATERIAL FACTS
IN SUPPORT OF HIS PARTIAL SUMMARY JUDGMENT MOTION**

The Plaintiff, Marcus L. Williams, pursuant to Rule 7(h) of this Court, submits the following statement of material facts as to which he contends there is no genuine issue, and which entitle Plaintiff to a partial summary judgment for the determination and declaration of his terminated active service on Expiration of Term of Service ("ETS") 29 December, 2001, the allegations stated in Count I of his complaint.

1. Plaintiff alleged the fact that under the United States Code, Title 10 Section 101(d)(1), defines a duty status of "Active Duty" as "full-time duty in the active military service of the United States." (Complaint, para. 5; uncontroverted)

2. Plaintiff further alleged the fact that under the United States Code, Title 10 Section 101(d)(1), defines a duty status of "Active Service" as "service on active duty." (Complaint, para. 5; uncontroverted)

3. Plaintiff alleged the fact that his Date of Separation of 28 February, 2001, that was entered on 30 January, 1997, was voluntarily extended until 28 December, 2001, on basis of his active duty enlistment extension contract (AF Form 1411). (Complaint, para. 6; uncontroverted)

4. Plaintiff alleged the fact under the savings clause of United States Code, Title 10 Section 802(c), that notwithstanding any other provision of

1

law, that once a person's active service has been terminated in accordance with law or regulations promulgated by the Secretary Concerned that such person is no longer subject to Chapter 47 Uniform Code of Military Justice. (Complaint, para. 8; uncontroverted)

5. At all times relevant to this action, Defendant's internal Air Force Instruction ("AFI") 36-3208, Section 2A paragraph 2.4., "By Order of the Secretary of The Air Force" mandated to involuntarily extend a member's expiration of term of service ("ETS") in writing for purposes of pending charges. (Complaint, para. 9; uncontroverted)

6. And further that, Defendant's internal Air Force Instruction ("AFI") 36-3208, Section 2A paragraph 2.1.1., "By Order of the Secretary of The Air Force" mandated to only retain airmen only when their enlistments are extended by law. (Complaint, para. 9; uncontroverted)

7. Plaintiff alleged the fact that on 29 December, 2001, that his active duty enlistment terminated without an administrative action to effectuate an involuntary extended active duty enlistment. (Complaint, para. 10; uncontroverted)

8. Plaintiff alleged the fact that his Leave and Earnings Statements covering the periods between the calendar months of 1 through 31 March 2002 until 1 through 31 January 2004, conclusively reported and documented his Expiration of Term of Service ("ETS") as 29 December, 2001. (Complaint, para. 11; uncontroverted)

Dated this 16th day of July, 2006.

Respectfully submitted

*Marcus L. Williams*
Marcus L. Williams

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARCUS L. WILLIAMS,            )
            Plaintiff,         )
                               )
       v.                      )  Civil Action No. 06-0508 (RCL)
                               )
DEPARTMENT OF THE AIR FORCE,   )
            Defendant.         )
                               )

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF HIS MOTION FOR PARTIAL SUMMARY JUDGMENT

I. Statement of Relevant Facts

1. On 21 September, 1992, the Plaintiff enlisted in the United States Air Force Reserve on a inactive status for a term of 8 years and subsequently discharged from the delayed entry/enlistment program on 2 February, 1993, and further on 2 February, 1993, enlisted in the regular component of the United States Air Force for an period of 4 years active duty service. (Enlistment/Reenlistment Document, dated 21 September 1992; Attached as Exhibit A)

2. On 29 January, 1997, the Plaintiff was discharged from the United States Air Force with honorable service. On 30 January, 1997, the Plaintiff reenlisted in the United States Air Force for a term of 4 years active duty service. Without a break in Plaintiff's military service, his service period covered 3 months and 11 days of total inactive military service and 3 years 11 months and 28 days of total active military service. (Enlistment/Reenlistment Document, dated 30 January 1997 ("970130"); Attached as Exhibit B)

3. Plaintiff's Date of Separation of 28 February, 2001, that was entered on 30 January, 1997, was voluntarily extended until 28 December, 2001, for the best interest of the Air Force in accordance with his enlistment extension

1

contract (AF Form 1411). (Plaintiff's original complaint, at para. 6)

4. On 11 January, 2002, the Court-Martial Board found that the Plaintiff's total active military service was 8 Years 11 Months. (Record of Trial excerpts, at pages 306-307; attached as Exhibit C). In addition to the Court-Martial finding, the Defendant concluded that Plaintiff's total active military service was 8 Years 11 Months and submitted the Plaintiff's Personal Data Sheet to the Court as evidence. (Plaintiff's Personal Data Sheet; attached as Exhibit D)

5. On 18 November, 2002, the Defendant's subordinate agency Air Force Liaison, Detachment 1, acting through its principle agency concluded as a result of its inquiry into the inclusion of an debt on the Plaintiff, that his expiration of term of service was in the month of December, 2001. (Debt Information Memorandum; attached as Exhibit E)

6. On 22 December, 2005, the Defendant stated the fact before the United States Court of Federal Claims that Plaintiff's expiration of term of service was on 29 December, 2001. (Defendant's Statement of Facts, excerpt at page 1; attached as Exhibit F)

## II. Standard of Review For A Summary Judgment

7. Summary judgment will be granted when the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits or declarations, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). A fact is "material" if it might affect the outcome of the action under the governing law. Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 248 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material

fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The nonmoving party then must "go beyond the pleadings and by [its] own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Id. at 324. See also Laningham v. U.S. Navy, 813 F.2d 1236, 1242 (D.C. Cir. 1987) (nonmoving party has affirmative duty "to provide evidence that would permit a reasonable jury to find" in its favor).

8. In deciding a motion for summary judgment, "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000). Ultimately, the court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Liberty Lobby, 477 U.S. at 251-52.

### III. Argument

#### A. Administrative Enlistment Extension

9. The Defendant's internal service instruction Air Force Instruction (AFI) 36-2606, Reenlistment In The United States Air Force, provides in its subsection of "Terms", that "Extension of Enlistment-- A change to an enlistment document that increases total obligated active service." On 27 February, 2001, the Plaintiff entered into an final active duty enlistment extension contract with the Defendant for purposes of "Best Interest of The Air Force" that which adjusted Plaintiff's expiration of term of active service and date of separation to 29 December, 2001. There exist no additional official documentation or acts by the Defendant that administratively involuntarily extended the Plaintiff's total obligated active service.

10. In the Defendant's misapplication of administrative extensions,

3

it wrongfully believes that a Court-Martial can administatively extend a person's active duty enlistment contrary to Air Force Instruction (AFI) 36-2606 Reenlistment In The United States Air Force (21 November 2001), subsection 4.1. Extension Approval Authority, providing that "HQ AFPC/DPPAER reserves authority to approve extensions of enlistment under certain conditions specified in **Table 4.1.**. Otherwise, base level officials resolve all requests for extensions and extension cancellation.". -**Table 4.1.** Reasons for Extensions of Enlistment, (Observation, Punishment, Probation, And Rehabilitation) *** Rule 22., "If an airman requests an extension of enlistment to...complete an investigation by military or civilian authorities.." The Defendant uses Air Force form 1411 for all extensions of enlistments.... Subsection 4.9., "The MPF uses AF Form 1411 to document all extension and extension cancellation requests."; Subsection 4.1.1., "MPF Chiefs or their designated representatives may approve or disapprove extension or extension cancellation requests **(AF Form 1411, Extension or Cancellation of Extensions of Enlistment in the Regular Air Force/Air Force Reserve)."**

11. The Plaintiff's enlistment extension contract entered on 27 February, 2001, that extended his obligated active service to 28 December, 2001, that further documented his total active military service from 2 February, 1993, (AF Form 1411, Section V; TAFMSD "930202") until 28 December, 2001, totaled his complete obligated military active service (Active Duty) to 8 Years and 11 Months as uncontested by the Defendant, and is final and conclusive.

    B. **Defendant's Admission And Findings of Plaintiff's**
       **Total Active Military Service**

12. The Plaintiff reserves this right to offer this Court further evidence adduced during the Court-Martial Board on basis of the argument of immunities of the administrative aspects (Administrative Procedure Act

"APA") 5 U.S.C. §§ 551, 702 and/or jurisdiction of Court-Martial, Schlesinger v. Councilman, 420 U.S. 738 (1975), on an supplemental basis in support of his motion for partial summary judgment.

13. The record of the court-martial board established an finding of fact made by the Military Judge that Plaintiff's enlistment and extension had previously expired, and further that the Military Judge proffered additional factual findings in construction with Plaintiff's statutory duty status in relation with the Defendant (United States) providing an official document assigned "Personal Data Sheet" containing the contents of Plaintiff's military service record as such pertinent information being derived from Plaintiff's personal records maintained by the Defendant. Within the contents of the "Personal Data Sheet", the Defendant conclusively reported that the Plaintiff's term of military active service was 8 Years 11 Months, and offered and accepted as evidence by the Court.

14. The Air Force Court of Criminal Appeals (AFCCA) affirmed the fact by the Military Judge that Plaintiff's enlistment and extension had expired prior to Court-Martial, however the Air Force Court of Criminal Appeals sua sponte retroactively supplanted Court-Martial jurisdiction over the Plaintiff on basis of the non-withdrawal of charges by the Convening Authority (R.C.M. Rule 604(a)), and not premised upon the Plaintiff's duty status. Solorio v. United States, 483 U.S. 435 (1987), "The jurisdiction of a court-martial depends soley on the accused's status as a member of the Armed Forces, and not on the "service-connection" of the offense charged.".

15. In observing that the Air Force Court of Criminal Appeals opinion raised new unfounded issues of jurisdiction that was not litigated at the court martial nor created by the Plaintiff to put forth as a issue before it, such unregulated action deprived the Plaintiff of his fundamental due

5

process rights wherein that the Court-Martial did not find that such additional facts existed in conjunction with Plaintiff's expiration of term of service and neither the issue of court-martial jurisdiction arosed. Rules for Courts-Martial (R.C.M.) Rule 905(e),..."Other motions, requests, defenses, or objections, except lack of jurisdiction..., must be raised before the court-martial is adjourned for that case and, unless otherwise provided in this Manual, failure to do so shall constitute waiver". The Supreme Court has always disfavored such practices by Appellate Courts holding that, "Ordinarily an appellate court does not give consideration to issues not raised below. For our procedural scheme contemplates that parties shall come to issue in the trial forum vested with authority to determine questions of fact. This is essential in order that parties may have the opportunity to offer all the evidence they believe relevant to the issues which the trial tribunal is alone competent to decide; it is equally essential in order that litigants may not be surprised on appeal by final decision there of issues which they have had no opportunity to introduce evidence... Recognition of this general principal has caused this Court to say on a number of occasions that the reviewing court should pass by, without decision, questions which were not urged". Hormel v. Helvering, 312 U.S. 552, 556 (1941); See also United States v. Olano, 507 U.S. 725 (1993).

### C. Ancillary Admissions By The Defendant

16. The Defendant by and through its subordinate administrative agency, Headquarters Air Force Security Forces Center, on matters of debt inquiry, on 18 November, 2002, determined that the Plaintiff's expiration of term of service ("ETS") was in the month of December, 2001. Additionally, the Defendant thereafter stated to the U.S. Court of Federal Claims that Plaintiff's expiration of term of service ("ETS") was on 29 December, 2001.

Such admission was also determined by the Claims Court.

## Conclusion

WHEREFORE, plaintiff Marcus L. Williams, prays for summary judgment against defendant, Department of the Air Force, for the foregoing reasons above.

Dated this 16th day of July, 2006.

Respectfully submitted,

*/s/ Marcus L. Williams*

MARCUS L. WILLIAMS
Box #77423
1300 N. Warehouse Rd
Fort Leavenworth KS 66027-2304

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 17th day of July, 2006, I caused to be placed in the prison mail via United States Postal Service (Certified Postage, First Class), a copy of my Motion for Partial Summary Judgment, served on the Defendant's attorney of record at the following address:

KEVIN K. ROBITAILLE
Special Assistant U.S. Attorney
Civil Division
555 Fourth St., N.W.
Washington DC 20530

MARCUS L. WILLIAMS
Box# 77423
1300 N. Warehouse Rd
Fort Leavenworth KS 66027-2304