## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARCUS L. WILLIAMS** ) | |
| ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 1:06CV00508 (RCL)** |
| ) | |
| ) | |
| **DEPARTMENT OF THE AIR FORCE,** ) | |
| ) | |
| ) | |
| **Defendant** ) | |
| ) | |

## DEFENDANT'S COUNTER-STATEMENT IN OPPOSITION TO
## PLAINTIFF'S STATEMENT OF MATERIAL FACTS IN
## SUPPORT OF HIS PARTIAL SUMMARY JUDGMENT MOTION

Defendant submits the following opposition to Plaintiff's purported statement of material facts as to which he contends there is no genuine issue. Although couched as factual statements, many of Plaintiff's statements are interpretations of statutes or regulations, and are thus inherently statements of law. Even where Plaintiff actually states facts, Plaintiff's statements are irrelevant. The underlying allegation that Plaintiff was constructively discharged prior to his court-martial is untrue. Plaintiff is therefore not entitled to summary judgment with respect to Count I of his complaint.

1.      Plaintiff's first purported statement of fact is actually his interpretation of 10 U.S.C. § 101(d)(1), and is therefore inherently a statement of law. Although Plaintiff's assertion is probably correct, it is irrelevant because court-martial charges were preferred against Plaintiff prior to Plaintiff's ETS date, and therefore the Air Force properly held Plaintiff on active duty after the expiration of his term of service. See Mem. at 12-13.

2.     Plaintiff's second purported statement of fact is actually his interpretation of 10 U.S.C. § 101(d)(1), and is therefore inherently a statement of law.  Although Plaintiff's assertion is probably correct, it is irrelevant because court-martial charges were preferred against Plaintiff prior to Plaintiff's ETS date, and therefore the Air Force properly held Plaintiff on active duty after the expiration of his term of service.  See Mem. at 12-13.

3.     Plaintiff's third statement of fact is irrelevant because court-martial charges were preferred against Plaintiff prior to Plaintiff's ETS date, and therefore the Air Force properly held Plaintiff on active duty after the expiration of his term of service.  See Mem. at 12-13.

4.     Plaintiff's fourth purported statement of fact is actually his interpretation of 10 U.S.C. § 802(c), and is therefore inherently a statement of law.  The underlying allegation that Plaintiff was constructively discharged from the Air Force is untrue.  See Mem. at 13.

5.     Plaintiff's fifth purported statement of fact is actually his interpretation of AFI 36-3208, and is therefore inherently a statement of law.  Further, Plaintiff's statement is incorrect, because when court-martial charges were preferred against Plaintiff prior to Plaintiff's ETS date, the Air Force properly held Plaintiff on active duty after the expiration of his term of service.  See Mem. at 12-13.

6.     Plaintiff's sixth purported statement of fact is actually his interpretation of AFI 36-3208, and is therefore inherently a statement of law.  Further, Plaintiff's statement is incorrect, because when court-martial charges were preferred against Plaintiff prior to Plaintiff's ETS date, the Air Force properly held Plaintiff on active duty after the expiration of his term of service.  See Mem. at 12-13.

7.     Plaintiff's seventh purported statement of fact is actually an incorrect application of Air Force regulations to fact, and it is further irrelevant because court-martial charges were

-2-

preferred against Plaintiff prior to Plaintiff's ETS date, and therefore the Air Force properly held

Plaintiff on active duty after the expiration of his term of service.  <u>See</u> Mem. at 12-13.

8.    Plaintiff's eighth statement of fact is irrelevant because court-martial charges

were preferred against Plaintiff prior to Plaintiff's ETS date, and therefore the Air Force properly

held Plaintiff on active duty after the expiration of his term of service.  <u>See</u> Mem. at 13.

Respectfully Submitted,

_____
KENNETH L.  WAINSTEIN, D.C.  Bar #451058
United States Attorney

_____
RUDOLPH CONTRERAS D.C. Bar No.  434122
Assistant United States Attorney

_____
KEVIN K. ROBITAILLE
Special Assistant U.S.  Attorney
555 Fourth Street, N.W.,
Washington, D.C.  20530
(202) 353-9895

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____

| | |
|---|---|
| **MARCUS L. WILLIAMS** | ) |
| | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )    **Case No. 1:06CV00508 (RCL)** |
| | ) |
| | ) |
| **DEPARTMENT OF THE AIR FORCE,** | ) |
| | ) |
| | ) |
| **Defendant** | ) |

_____)

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendant Department of the Air Force hereby opposes Plaintiff's Motion for Partial

Summary Judgment.  Plaintiff's motion is utterly meritless and unsupported by any evidence and

is based on a complete misreading of relevant statutes and regulations.. Plaintiff fails to make out

a *prima facie* case for summary judgment and accordingly, Plaintiff's Motion for Partial

Summary Judgment should be denied.  Summary judgment is proper when,

> the pleadings, depositions, answers to interrogatories, and admissions on file,
> together with the affidavits, if any, show that there is no genuine issue as to any
> material fact and that the moving party is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c).  In order for a court to grant summary judgment, the moving party must set

out "sufficient evidence to cause a reasonable fact finder to find that the plaintiff had a *prima*

*facie* case."  Aka v. Washington Hosp. Ctr., 116 F.3d 876, 881 (D.C. Cir. 1997) (*citing* United

States v. General Motors Corp., 518 F.2d 420, 441 (D.C. Cir. 1975)).  A movant establishes a

*prima facie* case for summary judgment – a case that is "fairly arguable" and of "substantial

character" – through affidavits and presumptions that would support directed verdict at trial

unless controverted by evidence presented by the opposing party.  See General Motors, 518 F.2d

at 442.  Although there is no procedural bar to Plaintiff filing a motion for summary judgment at

this stage of litigation, in the absence of evidence or a substantive response by the Government,

a grant of partial summary judgment "would be similar in effect to a default judgment."  See

First American Bank v. United Equity Corp., 89 F.R.D. 81, 87 (D.D.C. 1981).  No default

judgment may be entered against the Government unless the claimant first establishes a right to

relief by satisfactory evidence.  Fed. R. Civ. P. 55(e).

      Plaintiff's Motion for Summary Judgment is based on Plaintiff's misreading of statutes

and Air Force regulations.  Rather than showing an entitlement to relief Plaintiff's exhibits and

arguments demonstrate that this action is properly considered a petition for a writ of habeus

corpus and that Plaintiff's claims have previously been adjudicated against him by the Court of

Federal Claims (CoFC).  Habeas relief is issuable only in the district of confinement.  Carbo v.

United States, 364 U.S. 611, 618 (1961).  Plaintiff is in custody in Fort Leavenworth Kansas and

thus this Court lacks Jurisdiction over this action.  See Defendant's Motion to Dismiss.

      Even if the Court did have jurisdiction, Plaintiff's alleged facts, would not entitle him to

summary judgment.  Plaintiff argues that on his ETS date he ceased to be a member of the

United States Air Force and therefore his Court-Martial lost Jurisdiction over him.  See

Plaintiff's MSJ p. 5.  This is not the law.  As the Court of Claims held when considering this

exact same claim by Plaintiff, the Air Force had the authority, and exercised the authority, to

retain jurisdiction over Mr. Williams after his term of service had expired. Williams v. United

States, 2006 WL 1084002 at 10-11 (Fed. Cl. 2006). RCM 202(c)(1) Permits a Military Member

To Be Held On Active Duty After the Expiration of His or Her Term of Service.  Federal Courts

have long held that court-martial jurisdiction continues until the service member is formally

discharged and that the mere expiration of a term of enlistment does not terminate court-martial

jurisdiction. See Ruizgarcia v. United States, 54 Fed. Cl. 41, 43 (2002) (noting that the

Government continues to possess jurisdiction over a service member who, at the end of an

enlistment contract, is confined as a result of a court martial conviction); Barrett v. Hopkins, 7 F.

312 (C.C. Kan. 1881) (holding that jurisdiction of the court over an army soldier, having once

attached by arrest, was retained for all purposes of trial, judgment, and execution although the

soldier's term of enlistment expired prior to trial).

Plaintiff's utterly meritless motion for partial summary judgment should be denied in

light of Plaintiff's failure to present any admissible evidence or to allege facts sufficient to

establish any basis for relief. See Plaintiff's Statement of Materials Facts in Support of His

Partial Summary Judgment Motion ("Pl. SMF); Plaintiff's Memorandum of Points and

Authorities in Support of His Motion for Partial Summary Judgment ("Pl. Mem."). Plaintiff has

not filed any affidavits or offered any basis for the admissibility of his proffered exhibits. There

is no evidence on record to support Plaintiff's motion for summary judgment. Accordingly,

Plaintiff has failed to present a "fairly arguable" *prima facie* case of "substantial character," and

a grant of partial summary judgment at this stage would be similar in effect to a default judgment

against the government. If the Court does consider the evidence put fort by Plaintiff, these

exhibits demonstrate that Court-Martial charges were preferred against Plaintiff prior to his ETS,

thus ensuring continued jurisdiction by the military court. See Smith v. Vanderbush, 47 M.J. 56

(C.A.A.F. 1997). UCMJ Art.(2)(a)(1), 10 U.S.C.A. § (802)(a)(1). Also see, Solorio v. United

States, 483 U.S. 435, 451 (1987) (holding that "the requirements of the Constitution are not

violated where, as here, a court-martial is convened to try a serviceman who was a member of

the Armed Services at the time of the offense charged"). Thus rather than justifying summary

judgment for Plaintiff, the facts as presented demonstrate that Plaintiff cannot prevail on his

claims.

## **CONCLUSION**

For the foregoing reasons Defendant respectfully requests that this Court deny Plaintiff's

Motion for Partial Summary Judgment.


Respectfully Submitted,

_____
KENNETH L.  WAINSTEIN, D.C.  Bar #451058
United States Attorney


_____
RUDOLPH CONTRERAS D.C. Bar No.  434122
Assistant United States Attorney


_____
KEVIN K. ROBITAILLE
Special Assistant U.S.  Attorney
555 Fourth Street, N.W.,
Washington, D.C.  20530
(202) 353-9895

-4-