IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MARCUS L. WILLIAMS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:06CV00508 (RCL) |
| | ) | |
| DEPARTMENT OF THE AIR FORCE, | ) | |
| | ) | |
| Defendant | ) | |

**DEFENDANT'S COUNTER-STATEMENT IN OPPOSITION TO
PLAINTIFF'S STATEMENT OF MATERIAL FACTS IN
SUPPORT OF HIS PARTIAL SUMMARY JUDGMENT MOTION**

Defendant submits the following opposition to Plaintiff's purported statement of material facts as to which he contends there is no genuine issue. Although couched as factual statements, many of Plaintiff's statements are interpretations of statutes or regulations, and are thus inherently statements of law. Even where Plaintiff actually states facts, Plaintiff's statements are irrelevant. The underlying allegation that Plaintiff was constructively discharged prior to his court-martial is untrue. Plaintiff is therefore not entitled to summary judgment with respect to Count I of his complaint.

1.   Plaintiff's first purported statement of fact is actually his interpretation of 10 U.S.C. § 101(d)(1), and is therefore inherently a statement of law. Although Plaintiff's assertion is probably correct, it is irrelevant because court-martial charges were preferred against Plaintiff prior to Plaintiff's ETS date, and therefore the Air Force properly held Plaintiff on active duty

after the expiration of his term of service. See Mem. at 12-13.

  2. Plaintiff's second purported statement of fact is actually his interpretation of 10 U.S.C. § 101(d)(1), and is therefore inherently a statement of law. Although Plaintiff's assertion is probably correct, it is irrelevant because court-martial charges were preferred against Plaintiff prior to Plaintiff's ETS date, and therefore the Air Force properly held Plaintiff on active duty after the expiration of his term of service. See Mem. at 12-13.

  3. Plaintiff's third statement of fact is irrelevant because court-martial charges were preferred against Plaintiff prior to Plaintiff's ETS date, and therefore the Air Force properly held Plaintiff on active duty after the expiration of his term of service. See Mem. at 12-13.

  4. Plaintiff's fourth purported statement of fact is actually his interpretation of 10 U.S.C. § 802(c), and is therefore inherently a statement of law. The underlying allegation that Plaintiff was constructively discharged from the Air Force is untrue. See Mem. at 13.

  5. Plaintiff's fifth purported statement of fact is actually his interpretation of AFI 36-3208, and is therefore inherently a statement of law. Further, Plaintiff's statement is incorrect, because when court-martial charges were preferred against Plaintiff prior to Plaintiff's ETS date, the Air Force properly held Plaintiff on active duty after the expiration of his term of service. See Mem. at 12-13.

  6. Plaintiff's sixth purported statement of fact is actually his interpretation of AFI 36-3208, and is therefore inherently a statement of law. Further, Plaintiff's statement is incorrect, because when court-martial charges were preferred against Plaintiff prior to Plaintiff's ETS date, the Air Force properly held Plaintiff on active duty after the expiration of his term of service. See Mem. at 12-13.

  7. Plaintiff's seventh purported statement of fact is actually an incorrect application

of Air Force regulations to fact, and it is further irrelevant because court-martial charges were preferred against Plaintiff prior to Plaintiff's ETS date, and therefore the Air Force properly held Plaintiff on active duty after the expiration of his term of service. See Mem. at 12-13.

8.      Plaintiff's eighth statement of fact is irrelevant because court-martial charges were preferred against Plaintiff prior to Plaintiff's ETS date, and therefore the Air Force properly held Plaintiff on active duty after the expiration of his term of service. See Mem. at 13.

Respectfully Submitted,

_____/s_____
KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney


_____/s_____
RUDOLPH CONTRERAS D.C. Bar No. 434122
Assistant United States Attorney


_____/s_____
KEVIN K. ROBITAILLE
Special Assistant U.S. Attorney
555 Fourth Street, N.W.,
Washington, D.C. 20530
(202) 353-9895