UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARCUS L. WILLIAMS,            )
         Plaintiff,            )
                               )
     v.                        ) Civil Action No. 1:06-cv-00508 (RCL)
                               )
DEPARTMENT OF THE AIR FORCE,   )
         Defendant.            )
                               )

### PLAINTIFF'S REPLY TO THE DEFENDANT'S COUNTER-STATEMENT IN OPPOSITION TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS IN SUPPORT OF HIS PARTIAL SUMMARY JUDGMENT MOTION

1. In this above-action, the Plaintiff hereby moves this Court on his timely Reply to Defendant's counter opposition to his motion for partial summary judgment, and only insofar to address matters herein to reflect Plaintiff's original complaint and summary disposition until his amended partial summary judgment motion becomes effective and accordingly the proceedings thereon. Defendant committed service upon the Plaintiff on 24 August, 2006. Aforemost, the Defendant pursues to disenfranchise the Plaintiff from applicable statutes and internal agency regulations on basis of the natural language rather than its standing under the Administrative Procedure Act ("APA") in which the Plaintiff sought his relief under. Moreover, Defendant evinces its arguments under subject-matter jurisdiction pursuant to an Habeas Corpus petition notwithstanding that such matters were argued and now is currently pending before the Court on Defendant's motion to dismiss.

2. However, the Defendant states that after Plaintiff's expiration of term of service expired on 29 December, 2001, prior to court-martial on 10 January, 2002, it did not administratively effectuate an involuntary [e]xtension of Plaintiff's active duty status as required by law and regulations, and nor did the Defendant evidence any source documentation

1

RECEIVED
SEP 5 — 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

that would have executed under applicable laws or regulations that purported to subject the Plaintiff to being [h]eld on active duty.

### I.  Plain Language And Facial Intent

3. The Defendant seeks to circumvent Plaintiff's allegations under the jurisdictional review of the applicable statutes and internal service regulations of the Department of The Air Force that's relied upon by the Plaintiff under the statutory Administrative Procedure Act, 5 U.S.C. §§ 551, 702 respectively, and because the Plaintiff stated the provisions and not made any conclusions of the same, the Defendant wants this Court to construe the relevant allegations as interpretations.  The courts must give substantial deference to an agency's interpretation of its own regulations. Thomas Jefferson Univ. Hosp. v. Shalala, 512 U.S. 504, 512, 114 S.Ct. 2381, 2386, 129 L.Ed.2d 405 (1994).  The court's "task is not to decide which among several competing interpretations best serves the regulatory purpose.  Rather, the agency's interpretation must be given "controlling weight unless it is plainly erroneous or inconsistent with the regulation.'" Udall v. Tallman, 380 U.S. 1, 85 S.Ct. 792, 13 L.Ed.2d 616 (1965).  In other words, we must defer to the Secretary's interpretation unless an "alternative reading is compelled by the regulation's plain language or by other indications of the Secretary's intent at the time of the regulation's promulgation." Id. 114 S.Ct. 2386 (quoting Gardebring v. Jenkins, 485 U.S. 415, 430, 108 S.Ct. 1306, 1314, 99 L.Ed.2d 515 (1988)).

4. The Defendant further refuses to accept statute of an constituted duty status, 10 U.S.C. § 101(d) and 10 U.S.C. § 802(c) for an tolling period of a persons active service/duty status.  Neither the Plaintiff or Defendant cannot make their cases without them.  In assessing the validity of an agency's interpretation of a statute, we begin by asking whether "Congress

has directly spoken to the precise question at issue"; if so, "the court, as well as the agency must give effect to the unambiguously expressed intent of Congress." Mova Pharmaceutical Corp. v. Shalala, 140 F.3d 1060, 1067 (D.C. Cir. 1998), citing Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 842-43, 104 S.Ct. 2778, 2781-82, 81 L.Ed.2d 694 (1984). If the court find that "the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute." Id. at 843.

5. The Defendant also objects to the evidence submitted by the Plaintiff in his summary judgment motion. Plaintiff provided his admission of evidence under the cover of Local Civil Rule (LcvR), Rule 7(h), of this Court that further incorporates subsections (a) and (b) of the aforementioned Rule. See also LcvR 56.1. Defendant, however has not adduced any overriding matter that places limitations or restrictions on what type supporting evidence that the Plaintiff may submit that will be deemed to be inconsistent with the Court's Rules. Burke v. Gould, 286 F.3d 513, 517 (C.A.D.C. 2002) ("This circuit has long upheld strict compliance with the district court's local rules on summary judgment when invoked by the district court. Thus, ...that "[t]he procedure contemplated by the [local] rule ...isolates the facts that the parties assert are material, distinguishes disputed from undisputed facts, and identifies the pertinent parts of the record."

6. Even if the Court favorably considers the Defendant's objection, there continues to be an prior admission under oath by Defendant before an Article I Court.

## II.  Res Judicata

7. Irregardless of Defendant's statements to allege maintaining Plaintiff on active duty, there has been an prior factual finding at the court-martial

3

board concerning the Plaintiff's administrative records that his total active military service was "8 years, 11 months" that coincided with Plaintiff's expiration of term of service ("ETS") of 29 December, 2001. Said finding of fact was made 13 days thereafter Plaintiff's "ETS", and as a result instituted an judicially created right that imperatively relies on the Article III Courts for review. Review of jurisdictional and constitutional claims is further limited by Article 76, U.C.M.J., 10 U.S.C. § 876 to only those issues not fully and fairly considered by the military courts. Burns v. Wilson 346 U.S. 137, 142, 73 S.Ct. 1045 (1953); Piersall v. Winter, 435 F.3d 319, 324 (C.A.D.C. 2006) ("recogniz[ing] that, of necessity, '[military] law ...is a jurisprudence which exists separate and apart from the law which governs in our federal judicial establishment,' "the court held, pursuant to "settled principles of the law of judgments," that the "valid, final judgments of military courts, like those of any court of competent jurisdiction not subject to direct review for errors of fact or law, have res judicata effect and preclude further litigation of the merits." quoting Schlesinger v. Councilman, 420 U.S. 738, 746-47, 95 S.Ct. 1300. See also 10 U.S.C. § 876.

8. Plaintiff's complaint incorporates the duty defining statute, 10 U.S.C. § 101(d)(1), (3), that active service means service on active duty or otherwise for active duty as active service in the military. In Plaintiff's military case, the Court was statutorily restricted from pursuing the determination of Plaintiff's status whether he's an civilian or servicemember, 10 U.S.C. §§ 866, 867, 10 U.S.C. § 802(c). See Clinton v. Goldsmith, 526 U.S. 529 (1999). Specifically, the Defendant needs this instant case to be determined in conflict with the finding of fact by the court-martial board that in order to create an estoppel to any future habeas corpus actions that the Plaintiff may present to the appropriate court.

4

### III. Military Case Law In Conflict With Statute

9. The Defendant further cites <u>Smith v. Vanderbush</u>, 47 M.J. 56 (C.A.A.F. 1997), a military case, to proffer its supporting statement that Plaintiff's active duty status was amendable by virtue of awaiting discharge after expiration of term of service <u>10 U.S.C. § 802(a)(1)</u>. However, <u>Vanderbush</u> evades statute codified in <u>10 U.S.C. § 101(d)</u> in the characterization of an duty status that does not recognize "awaiting discharge after expiration of term of service" as a duty status of personnel. But the cited case does confirm Plaintiff's position that there [m]ust be the effectuation of an administrative action to retain him on active duty as referenced to Army Regulations ("AR") pertinent to separations and retentions. <u>Id. 47 M.J. 60</u>. <u>Vanderbush</u>, also fashions the Rules for Courts-Martial relevant to "The Discussion accompanying RCM 202 makes clear that the authority to retain an individual on active duty is discretionary and not self-executing." <u>Id. 47 M.J. 58</u>.

10. The Plaintiff's case is a case where the administrative procedures were neglicted and totally distinctive from other cases.

### Conclusion

For the particulars hereinabove, the Plaintiff prays that the Court disfavor the Defendant's opposition and counter-statement and grant Plaintiff's summary disposition.

Dated this 30th day of August, 2006.

Respectfully submitted,

*/s/ Marcus L. Williams*
MARCUS L. WILLIAMS

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 31st day of August, 2006, I caused to be placed in the prison mail via United States Postal Service (Certified Postage, First Class), a copy of my Reply Motion to the Defendant's counter-statement in opposition to my statement of material facts in support of partial summary judgment motion, served on the Defendant's attorney of record at the following address:

KEVIN K. ROBITAILLE
Special Assistant U.S. Attorney
Civil Division
555 Fourth St., N.W.
Washington DC 20530

*[signature]*
MARCUS L. WILLIAMS
Box# 77423
1300 N. Warehouse Rd
Fort Leavenworth KS 66027-2304