IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARCUS L. WILLIAMS,<br><br>   Plaintiff,<br><br>v.<br><br>DEPARTMENT OF THE AIR FORCE,<br><br>   Defendant | )<br>)<br>)<br>)<br>)<br>)  Case No. 1:06CV00508 (RCL)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendant Department of the Air Force hereby opposes Plaintiff's Motion for Partial Summary Judgment. Plaintiff's motion is utterly meritless and is based on a complete misreading of relevant statutes and regulations. Plaintiff fails to make out a *prima facie* case for summary judgment and accordingly, Plaintiff's Motion for Partial Summary Judgment should be denied. Summary judgment is proper when,

> the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c). In order for a court to grant summary judgment, the moving party must set out "sufficient evidence to cause a reasonable fact finder to find that the plaintiff had a *prima facie* case." Aka v. Washington Hosp. Ctr., 116 F.3d 876, 881 (D.C. Cir. 1997) (*citing* United States v. General Motors Corp., 518 F.2d 420, 441 (D.C. Cir. 1975)). A movant establishes a *prima facie* case for summary judgment – a case that is "fairly arguable" and of "substantial

character" – through affidavits and presumptions that would support a directed verdict at trial unless controverted by evidence presented by the opposing party. See General Motors, 518 F.2d at 442. Although there is no procedural bar to Plaintiff filing a motion for summary judgment at this stage of litigation, in the absence of evidence or a substantive response by the Government, a grant of partial summary judgment "would be similar in effect to a default judgment." See First American Bank v. United Equity Corp., 89 F.R.D. 81, 87 (D.D.C. 1981). No default judgment may be entered against the Government unless the claimant first establishes a right to relief by satisfactory evidence. Fed. R. Civ. P. 55(e).

Plaintiff's Motion for Summary Judgment is based on Plaintiff's misreading of statutes and Air Force regulations. Rather than showing an entitlement to relief, Plaintiff's exhibits and arguments demonstrate that this action is properly considered a petition for a writ of habeas corpus and that Plaintiff's claims have previously been adjudicated against him by the Court of Federal Claims (CoFC). Habeas relief is issuable only in the district of confinement. Carbo v. United States, 364 U.S. 611, 618 (1961). Plaintiff is in custody in Fort Leavenworth Kansas and thus this Court lacks jurisdiction over this action. See Defendant's Motion to Dismiss.

Even if the Court did have jurisdiction, Plaintiff's alleged facts would not entitle him to summary judgment. Plaintiff argues that on his ETS date he ceased to be a member of the United States Air Force and therefore his Court-Martial lost jurisdiction over him. See Plaintiff's MSJ p. 5. This is not the law. As the Court of Claims held when considering this exact same claim by Plaintiff, the Air Force had the authority, and exercised the authority, to retain jurisdiction over Mr. Williams after his term of service had expired. Williams v. United States, 2006 WL 1084002 at 10-11 (Fed. Cl. 2006). RCM 202(c)(1) permits a Military Member to be held on active duty after the expiration of his or her term of service. Federal Courts have

long held that court-martial jurisdiction continues until the service member is formally discharged and that the mere expiration of a term of enlistment does not terminate court-martial jurisdiction. See Ruizgarcia v. United States, 54 Fed. Cl. 41, 43 (2002) (noting that the Government continues to possess jurisdiction over a service member who, at the end of an enlistment contract, is confined as a result of a court martial conviction); Barrett v. Hopkins, 7 F. 312 (C.C. Kan. 1881) (holding that jurisdiction of the court over an army soldier, having once attached by arrest, was retained for all purposes of trial, judgment, and execution although the soldier's term of enlistment expired prior to trial).

Plaintiff's utterly meritless motion for partial summary judgment should be denied in light of Plaintiff's failure to allege facts sufficient to establish any basis for relief. See Plaintiff's Statement of Materials Facts in Support of His Partial Summary Judgment Motion ("Pl. SMF"); Plaintiff's Memorandum of Points and Authorities in Support of His Motion for Partial Summary Judgment ("Pl. Mem."). There is no evidence on record to support Plaintiff's motion for summary judgment. Accordingly, Plaintiff has failed to present a "fairly arguable" *prima facie* case of "substantial character," and a grant of partial summary judgment at this stage would be similar in effect to a default judgment against the government. The evidence put fort by Plaintiff demonstrates that Court-Martial charges were preferred against Plaintiff prior to his ETS, thus ensuring continued jurisdiction by the military court. See Smith v. Vanderbush, 47 M.J. 56 (C.A.A.F. 1997). UCMJ Art.(2)(a)(1), 10 U.S.C.A. § (802)(a)(1). Also see, Solorio v. United States, 483 U.S. 435, 451 (1987) (holding that "the requirements of the Constitution are not violated where, as here, a court-martial is convened to try a serviceman who was a member of the Armed Services at the time of the offense charged"). Thus rather than justifying summary

judgment for Plaintiff, the facts as presented demonstrate that Plaintiff cannot prevail on his claims.

## CONCLUSION

For the foregoing reasons Defendant respectfully requests that this Court deny Plaintiff's Motion for Partial Summary Judgment.

Respectfully Submitted,

_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


_____
RUDOLPH CONTRERAS D.C. Bar No. 434122
Assistant United States Attorney


_____
KEVIN K. ROBITAILLE
Special Assistant U.S. Attorney
555 Fourth Street, N.W.,
Washington, D.C. 20530
(202) 353-9895