IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MARCUS L. WILLIAMS | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Case No. 1:06CV00508 (RCL) |
| DEPARTMENT OF THE AIR FORCE, | ) ) ) | |
| Defendant | ) ) | |

**DEFENDANT'S COUNTER-STATEMENT IN OPPOSITION TO
PLAINTIFF'S STATEMENT OF MATERIAL FACTS IN
SUPPORT OF HIS PARTIAL SUMMARY JUDGMENT MOTION**

Defendant submits the following opposition to Plaintiff's purported statement of material facts as to which he contends there is no genuine issue. Although couched as factual statements, many of Plaintiff's statements are interpretations of statutes or regulations, and are thus inherently statements of law. Even where Plaintiff actually states facts, Plaintiff's statements are irrelevant. The underlying allegation that Plaintiff was constructively discharged prior to his court-martial is untrue. Plaintiff is therefore not entitled to summary judgment with respect to Count I of his complaint.

1. **Plaintiff alleged the fact that under the United States Code, Title 10 Section 101(d)(1), defines and determines a duty status of "Active Duty" as "full-time duty in the active military service of the United States." (Amended Complaint, para. 4; uncontroverted).**[1]

---

[1] Bolded text taken from Plaintiff's Statement of Material Facts.

Response:  Plaintiff's first purported statement of fact is actually his interpretation of 10 U.S.C. § 101(d)(1), and is therefore inherently a statement of law.  The definition of Active Duty is not material to the issues before the Court.

2. **Plaintiff further alleged the fact that under the United States Code, Title 10 Section 101(d), (3), defines and determines a duty status of "Active Service" as "service on active duty."**

Response:  Plaintiff's second purported statement of fact is actually his interpretation of 10 U.S.C. § 101(d)(3), and is therefore inherently a statement of law.  The definition of Active Service is not material to the issues before the Court.

3. **Plaintiff alleged the facts that his Date of Separation of 28 February, that was entered on 30 January, 1997, was voluntarily extended until 28 December 2001, on the basis of his active duty enlistment extension contract.**

Response:  Defendant agrees that Plaintiff's term of service was voluntarily extended until December 28, 2001.  This fact is not material because court-martial charges were preferred against Plaintiff prior to Plaintiff's ETS date, and therefore the Air Force properly held Plaintiff on active duty after the expiration of his term of service.  See Mem. at 12-13.

4. **Plaintiff alleged the fact that his documented Leave and Earnings Statements encompassing periods of 1 through 31 March, 2002, and running the tenure until 1 January, 2004, reported his conclusive and determined Expiration of Term of Service of 29 December, 2001, marked as "011229" and described in recorded section labeled "ETS."**

Response: Defendant agrees that Plaintiff's Leave and Earning Statements list his ETS as 29 December 2001, this fact is not material because court-martial charges were preferred against

Plaintiff prior to Plaintiff's ETS date, and therefore the Air Force properly held Plaintiff on active duty after the expiration of his term of service.  See Mem. at 12-13.

5. **The Plaintiff alleged the fact in relationship with his enlistment and extension contract located on the Air Force Form (AF Form) 1411 as referred to in paragraph 5 of the amended Complaint, that the said contract coincided with and determined his Expiration of Term of Service (ETS) of 29 December, 2001, as referred to in paragraph 6 of his amended Complaint.**

Response:  Defendant agrees that Plaintiff's enlistment contract listed his ETS as December 29, 2001, but this fact is not material because court-martial charges were preferred against Plaintiff prior to Plaintiff's ETS date, and therefore the Air Force properly held Plaintiff on active duty after the expiration of his term of service.  See Mem. at 12-13.

6. **Plaintiff actually alleged that By Order of The Secretary of The Air Force, covered and described in Air Force Instruction (AFI) 36-2107 Active Duty Service Commitments (ADSC), Subsection 1.1.4.1., stated that, "Enlisted personnel serve on active duty in accordance with their enlistment contracts.", and further that the Plaintiff alleged the fact that on 27 February, 2001, that he entered into his final active duty enlistment and extension contract (AF Form 1411) with the Defendant until 28 December, 2001, as referred to in paragraph 5 of this amended Complaint.**

Response:   Defendant agrees that the AFI contains the quoted passage and that Plaintiff entered an extension contract until December 28, 2001.  This fact is not material because court-martial charges were preferred against Plaintiff prior to Plaintiff's ETS date, and therefore the Air Force properly held Plaintiff on active duty after the expiration of his term of service.  See Mem. at 12-

13.

**7. The Plaintiff alleged the fact that By Order of The Secretary of The Air Force, as covered and described in Air Force Instruction (AFI) 36-2606 Extension Approval Authority, Subsection(s) 4.1., and 4.1.1., uses and incorporates the Air Force Form (AF Form) 1411 as the source document for extensions of enlistments in the regular Air Force.**

Response: This is not a statement of fact but rather an interpretation of AFI 36-3208, and is therefore inherently a statement of law.  Further, the purported fact is not material as Plaintiff was extended due to Court-Martial charges being preferred not by a voluntary extension.

**8. The Plaintiff alleged the fact that on 19 May, 2006, the Defendant finally supplied him with a true copy of his Master Personnel Record that which maintained his final documented extension and enlistment contract (AF Form 1411) as referred to in paragraph 5 of the amended Complaint. The Plaintiff further alleged the fact that his Master Personnel Record contains no other documented extensions of enlistment beyond his Expiration of Term of service of 29 December, 2001.**

Response: Plaintiff's alleged fact is not material because court-martial charges were preferred against Plaintiff prior to Plaintiff's ETS date, and therefore the Air Force properly held Plaintiff on active duty after the expiration of his term of service.  See Mem. at 12-13.

Respectfully Submitted,

_____/s_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


_____/s_____
RUDOLPH CONTRERAS D.C. Bar No. 434122
Assistant United States Attorney


_____/s_____
KEVIN K. ROBITAILLE
Special Assistant U.S. Attorney
555 Fourth Street, N.W.,
Washington, D.C. 20530
(202) 353-9895