UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARCUS L. WILLIAMS,          )
          Plaintiff,         )
                             )
     v.                      )   Civil Action No. 1:06-cv-00508 (RCL)
                             )
DEPARTMENT OF THE AIR FORCE, )
          Defendant.         )
_____)

**PLAINTIFF'S REPLY TO THE DEFENDANT'S MEMORANDUM OF POINTS
AND AUTHORITIES IN OPPOSITION TO SUMMARY JUDGMENT
AND COUNTER-STATEMENT IN OPPOSITION TO STATEMENT OF MATERIAL FACTS**

RECEIVED
OCT 2 3 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Accordingly, the Plaintiff in this action now files his reply to the Defendant's memorandum of points and authorities and counter-statement in opposition, served upon the Plaintiff on 10 October, 2006.

I.

**Plaintiff's Exhibits Are Within Standards
of the Local Rules of the Court and Federal Rule 56**

1. The Defendant objects to the evidence submitted by the Plaintiff in his summary judgment motion. Plaintiff provided his admission of evidence under the cover of Local Civil Rule (LcvR), Rule 7(h), of this Court that further incorporates subsections (a) and (b) of the aforementioned Rule. Subsections (a) and (b) of local civil Rule 7 does not restrict Plaintiff's offering of supplemental evidence to the Court under memorandum of points and authorities. See also LcvR 56.1. As for the direct Federal Rules of Civil Procedure, Rule 56, the Plaintiff exclusively went off the allegations in his complaint that fell within the proper purview of an summary judgment forum. Defendant, however has not offered any overriding matter that places limitations or restrictions on what type supporting evidence that the Plaintiff may submit that will be deemed to be inconsistent with the Court's Rules. Burke v. Gould, 286 F.3d 513, 517 (C.A.D.C. 2002) ("This circuit has

long upheld strict compliance with the district court's local rules on summary judgment when invoked by the district court. Thus, ...that "[t]he procedure contemplated by the [local] rule ...isolates the facts that the parties assert are material, distinguishes disputed from undisputed facts, and identifies the pertinent parts of the record."

### No Motion to Strike

2. If Plaintiff's exhibits to his memorandum of authorities were actually contrary to the local rule of this court and/or the federal rules of civil procedure, the Defendant would have moved before this Court upon an proper and formal motion to strike. The Defendant merely disfavors the Plaintiff's submissions but made no effort to strike such material from the record. The Defendant dispute records that were derived from its own system of records.

3. The true issue is about the Defendant submitting and filing information with this Court (See Plaintiff's Motion to Compel and Sanction) ex parte and making such information ("Mem. at 12-13") a part of the record without the Plaintiff's opportunity to inspect, review and litigate against it while concurrently pleading with this Court to ignore Plaintiff's military service records and prior factual finding of his active military service record as found by the court-martial and admitted by the Defendant.

## II.

### Defendant's Allegation of Court-Martial

4. The Defendant continues to cite and recite the "court-martial" in attempt to enjoin Plaintiff's amended complaint with an aspect of a writ for habeas corpus. In this regard, there continues to pend the Defendant's motion to dismiss, in part that, lack of subject matter jurisdiction to construe Plaintiff's complaint as a habeas corpus petition, but there can

only be one outcome from the Court's decision that would effect the Defendant's opposition to Plaintiff's summary disposition motion, (1) If the Court moves in favor of the Defendant's motion to dismiss for want of subject matter, Plaintiff's summary judgment motion and the Defendant's oppositions would be moot, or (2) If the Court denies the Defendant's motion to dismiss for want of subject matter, then the matter is settled by the Court and the Defendant cannot argue that decision save appellate review.

**Res Judicata**

5. Irregardless of Defendant's statements to allege maintaining Plaintiff on active duty, there has been an prior factual finding at the court-martial board concerning the Plaintiff's administrative records that his total active military service was "8 years, 11 months" that coincided with Plaintiff's expiration of term of service ("ETS") of 29 December, 2001. Said finding of fact was made 13 days thereafter Plaintiff's "ETS", and as a result instituted an judicially created right that imperatively relies on the Article III Courts for review. See Federal Rules of Evidence 201 and Military Rules of Evidence 201. Review of jurisdictional and constitutional claims is further limited by Article 76, U.C.M.J., 10 U.S.C. § 876 to only those issues not fully and fairly considered by the military courts. Burns v. Wilson 346 U.S. 137, 142, 73 S.Ct. 1045 (1953); Piersall v. Winter, 435 F.3d 319, 324 (C.A.D.C. 2006) ("recogniz[ing] that, of necessity, '[military] law ...is a jurisprudence which exists separate and apart from the law which governs in our federal judicial establishment,' "the court held, pursuant to "settled principles of the law of judgments," that the "valid, final judgments of military courts, like those of any court of competent jurisdiction not subject to direct review for errors of fact or law, have res judicata effect and preclude further litigation of the merits." quoting Schlesinger v. Councilman,

3

420 U.S. 738, 746-47, 95 S.Ct. 1300. See also 10 U.S.C. § 876.

6. Plaintiff's complaint incorporates the duty defining statute, 10 U.S.C. § 101(d)(1), (3), that active service means service on active duty or otherwise for active duty as active service in the military. In Plaintiff's military case, the Court was statutorily restricted from pursuing the determination of Plaintiff's status whether he's an civilian or servicemember, 10 U.S.C. §§ 866, 867, 10 U.S.C. § 802(c). See Clinton v. Goldsmith, 526 U.S. 529 (1999). Specifically, the Defendant needs this instant case to be determined in conflict with the finding of fact by the court-martial board that in order to create an estoppel to any future habeas corpus actions that the Plaintiff may present to the appropriate court.

### III.

### Federal Claims Court

7. The United States Court of Federal Claims opinion and order abstained from determining the issue of whether the Defendant "invoked" the authority to effectuate an extension of Plaintiff's active duty military service while continuing being prudent that aforehand of the coexisting determination by the court of Plaintiff's Expiration of Term of Service ("ETS") was on 29 December, 2001, (Opinion and Order at Page 2) that which the opinion and order made no citation of administrative extensions therafter and as covered in the court's denial of Defendant's motion to dismiss on basis of alleged similar and overlapping relief requested by the Plaintiff, the Federal Claims Court stated the following.

> "In this case, however, there is no explicit overlap in the requested relief.......... In the district court, Williams sought only declaratory relief: specifically, (1) a "decree declaring that [p]laintiff was not on active duty...after the expiration of his... enlistment and was neither lawfully retained in service by proper authority nor reentered onto active duty..."

<u>Opinion and Order</u> at page 8.

8. The Federal Claims decision on Plaintiff's (1) Expiration of Term of Service of 29 December, 2001, (2) Its rejection of Defendant's motion for dismissal to allege that Plaintiff's monetary claim overlaps his District Court's requested relief in alleging the absence of retention to active duty after "ETS", and (3) Withdrawing from the issue of whether the Defendant "invoked" such authority for extension to active duty must coincide or otherwise render the Claims Court decision in contradiction within itself and the standard of decision is disrupted. See also <u>Williams v. United States, 71 Fed. Cl. 194 (2006)</u>. Any decision in excess of the aforementioned elements would contradict the Federal Claims Court.

## IV.

### Defendant Failed to Administratively
### Extend Plaintiff's Active Military Service

9. The Air Force Instruction ("AFI") 36-2134, Air Force Duty Status Program, Table 4.1 Duty Status Codes, incorporates the source documentation for notification by the Staff Judge Advocate ("SJA") to the Commander's Support Staff ("CSS"), Military Personnel Flight ("MPF"), for involuntary extensions of active duty enlistments upon pendency of investigation and trial by court-martial, as provides for to the following-

**Table 4.1.  Duty Status Codes.**

[DUTY STATUS CODE]   28

[CLEAR TEXT]   PENDING SEPARATION, UNDER INVESTIGATION

[OPR]   CSS, MPF

[DEFINITION]   Used when extending a member's ETS beyond original ETS for potential court-martial proceedings

[SOURCE DOCUMENT]   Notification in writing from local Staff Judge Advocate (SJA)

10. The aforementioned internal service regulation is further administratively executed and enforced in accordance with Air Force Instruction ("AFI") 36-3208, Administrative Separation of Airmen, Section 2A., paragraph 2.4. Retention for Action by Court-Martial, providing in pertinent part that:

> This paragraph authorizes the retention of airmen beyond ETS in anticipation of the preferring of charges. The SJA determines what type of appropriate action is sufficient to authorize retention pending the preferring of charges. If there is sufficient time, the Staff Judge Advocate (SJA) or a member of the SJA's staff will notify the MPF separations unit in writing to involuntarily extend the member's ETS.

11. There existed no administrative activity by the Defendant to inform by written notification to the Commander's Support Staff ("CSS"), Military Personnel Flight ("MPF"), to involuntary extend Plaintiff's active duty enlistment as demostrated in the Air Force Court of Criminal Appeals case, U.S. v. Barnes, 63 M.J. 563, 564 (28 April 2006):

> "On the day before the appellant's ETS extension ran out, the legal office discovered that the appellant was scheduled to separate from the Air Force the next day. The SJA immediately sent a letter to the Mission Support Squadron commander informing her that the appellant's charges were still pending and that he was not entitled to separate on his ETS"

12. This episode by the Defendant to deviate from the prescribed mandate for the involuntary extension of Plaintiff's expiration of term of service ("ETS") by neglicting the written notification of extension to the military personnel flight ("MPF") is further evidence in Plaintiff's Certificate of Release Or Discharge From Active Duty, DD Form 214, that in accordance with National Defense 32 C.F.R. § 45.3(d)(6), and Air Force Instruction 36-3202 Table 4, Rule 31, Item 18, requires that if a member was extended on active duty, the DD Form 214 must state **"Extension for service was at the request and for the convenience of the government"**. The Plaintiff's Discharge

Certificate, DD Form 214, omits such information in Item 18, labeled therein "Remarks".

13. The Plaintiff's Discharge Certificate, DD Form 214, does not in accordance with law, terminates his military status as pertinent, "every member ...being separated from the Military Services is given a completed DD Form 214 describing relevant data regarding the member's service, and the circumstances of termination... DD Forms 214 are not intended to have any legal effect on termination of the member's service." Department of Defense Instruction ("DODI") 1336.1, Certificate of Release or Discharge from Active Duty (DD Form 214/5 Series) para. 3.2 (Jan. 6, 1989, incorporating through Change 3, Feb. 28, 2003). See also 32 C.F.R. § 45.3(b), Policy and Procedures ("DD Forms 214 are not intended to have any legal effect on termination of the member's service."). The inherent result that an DD Form 214 Discharge Certificate is not equivalent to a terminated duty status nor a independant duty status, see 10 U.S.C. § 101(d)(3), but reaches back to the dispositive issue of Plaintiff's Expiration of Term of Service of 29 December, 2001, that resolves any dispute about his status of whether there was any administrative **"Retention"** in the active military service under the applicable laws of the United States.

V.

**Plain Language And Facial Intent**

14. The Defendant seeks to circumvent Plaintiff's allegations under the jurisdictional review of the applicable statutes and internal service regulations of the Department of The Air Force that's relied upon by the Plaintiff under the statutory Administrative Procedure Act, 5 U.S.C. §§ 551, 702 respectively, and because the Plaintiff stated the provisions and not made any conclusions of the same, the Defendant wants this Court to construe

the relevant allegations as interpretations. The courts must give substantial deference to an agency's interpretation of its own regulations. Thomas Jefferson Univ. Hosp. v. Shalala, 512 U.S. 504, 512, 114 S.Ct. 2381, 2386, 129 L.Ed.2d 405 (1994). The court's "task is not to decide which among several competing interpretations best serves the regulatory purpose. Rather, the agency's interpretation must be given "controlling weight unless it is plainly erroneous or inconsistent with the regulation.'" Udall v. Tallman, 380 U.S. 1, 85 S.Ct. 792, 13 L.Ed.2d 616 (1965). In other words, we must defer to the Secretary's interpretation unless an "alternative reading is compelled by the regulation's plain language or by other indications of the Secretary's intent at the time of the regulation's promulgation." Id. 114 S.Ct. 2386 (quoting Gardebring v. Jenkins, 485 U.S. 415, 430, 108 S.Ct. 1306, 1314, 99 L.Ed.2d 515 (1988)).

15. The Defendant further refuses to accept statute of an constituted duty status, 10 U.S.C. § 101(d) and 10 U.S.C. § 802(c) for an tolling period of a persons active service/duty status. Neither the Plaintiff or Defendant cannot make their cases without them. In assessing the validity of an agency's interpretation of a statute, we begin by asking whether "Congress has directly spoken to the precise question at issue"; if so, "the court, as well as the agency must give effect to the unambiguously expressed intent of Congress." Mova Pharmaceutical Corp. v. Shalala, 140 F.3d 1060, 1067 (D.C. Cir. 1998), citing Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 842-43, 104 S.Ct. 2778, 2781-82, 81 L.Ed.2d 694 (1984). If the court find that "the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute." Id. at 843.

Wherefore, the Plaintiff prays for an Order granting his motion for partial summary judgment where the Defendant has failed to overcome its burden to prove otherwise that Plaintiff is not entitled thereto summary judgment.

Dated this 17th day of October, 2006.

Respectfully submitted,

*/s/ Marcus L. Williams*
MARCUS L. WILLIAMS
Box #77423
1300 N. Warehouse Rd
Fort Leavenworth KS 66027-2304

CERTIFICATE OF SERVICE

    I hereby certify under penalty of perjury that on this 19th day of October, 2006, I caused to be placed in the prison mail via United States Postal Service (Certified Postage, First Class), a copy of my reply to defendant's memorandum and counter-statement in opposition to summary judgment motion, served on the Defendant's attorney of record at the following address:

KEVIN K. ROBITAILLE
Special Assistant U.S. Attorney
Civil Division
555 Fourth St., N.W.
Washington DC 20530


MARCUS L. WILLIAMS
Box# 77423
1300 N. Warehouse Rd
Fort Leavenworth KS 66027-2304

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARCUS L. WILLIAMS,                )
          Plaintiff,            )
                                              )
    v.                                   )   Civil Action No. 1:06-cv-00508 (RCL)
                                              )
DEPARTMENT OF THE AIR FORCE,         )
          Defendant.            )
                                              )

## APPENDIX

**EXHIBIT A**, .....Federal Claims Court, Opinion and Order at pg. 2.

**EXHIBIT B**, .....Federal Claims Court, Opinion and Order at pg. 8.

**EXHIBIT C**, .....Air Force Instruction 36-2134, Table 4.1.

**EXHIBIT D**, .....Air Force Instruction 36-3208, Sec. 2A para. 2.4.

**EXHIBIT E**, .....National Defense, 32 C.F.R. 45.3.

**EXHIBIT F**, .....Air Force Instruction 36-3202, Table 4.

**EXHIBIT G**, .....DD Form 214, Discharge Certificate.