# EXHIBIT A

service on October 1, 2004 and to classify his discharge as dishonorable. He avers that his Expiration Term of Service ("ETS") date was December 29, 2001, that he should be deemed to have been discharged on that date, and that his discharge should be classified as "honorable."

This case is before the court on the government's motion to dismiss and motion for judgment upon the administrative record, as well as Mr. Williams' cross-motions for judgment upon the administrative record and for summary judgment. For the reasons set forth, the government's motion to dismiss is denied but its motion for judgment upon the administrative record is granted. Mr. Williams' cross-motions are denied.

## BACKGROUND[1]

Mr. Williams enlisted in the Air Force on February 2, 1993. Compl. ¶ 5; *see* Administrative Record ("AR") 170 (Certificate of Release or Discharge from Active Duty). His original enlistment period was for four years. Compl. ¶ 5. He re-enlisted in the Air Force on January 30, 1997, with an ETS of February 28, 2001. *Id.* Subsequently, Mr. Williams' enlistment was further extended to December 28, 2001, moving his ETS date to December 29, 2001. *Id.* ¶ 6; *see id.* Ex. A (Extension of Enlistment form (Feb. 28, 2001)).

On June 2, 2001, then-Staff Sergeant Williams was apprehended and placed in military confinement and charged with violations of the Uniform Code of Military Justice ("UCMJ"). Defendant's Motion for Judgment on the Administrative Record ("Def.'s Judgment Mot.") App. at 28-29 (Charge Sheet) (Sept. 20, 2001)).[2] Court-martial charges were preferred against then-Staff Sergeant Williams on September 20, 2001. Def.'s Judgment Mot. App. at 28-29.[3] The charges against him were referred for trial by general court-martial on November 20, 2001. Def.'s Judgment Mot. App. at 30 (Charge Sheet).

Then-Staff Sergeant Williams' court-martial convened on January 10, 2002. He pled guilty to all of the charges except unlawful entry of a dwelling with intent to commit an assault

---

[1]The recitations that follow do not constitute findings of fact by the court. Rather, the recited factual elements are taken from the parties' filings and are either undisputed or alleged and assumed to be true for purposes of the pending motions.

[2]The Uniform Code of Military Justice is codified at 10 U.S.C. §§ 801-946.

[3]He was charged with (1) unlawful entry of a dwelling with the intent to commit an assault (violation of UCMJ Art. 130, 10 U.S.C. § 930); (2) assault with a deadly weapon (violation of UCMJ Art. 128, 10 U.S.C. § 928); (3) theft of a government-owned handgun (violation of UCMJ Art. 121, 10 U.S.C. § 921); (4) desertion (violation of UCMJ Art. 85, 10 U.S.C. § 885); (5) unlawful transport of a stolen firearm (violation of UCMJ Art. 134, 10 U.S.C. § 934); and (6) forging four different checks with the intent to defraud (violation of UCMJ Art. 123, 10 U.S.C. § 923). Def.'s Judgment Mot. App. at 28-29.

# EXHIBIT B

*See* Def.'s Judgment Mot. App. at 42-43. Correlatively, unlike his complaint in this court, Williams' complaint in the district court did not refer to, or make a claim for, the accrued leave. *See* Compl. ¶ 11. In this respect, the government contends that Williams has "attempt[ed] to disguise his complaint before this [c]ourt so it appears that it is based upon different facts than his complaint before the district court." Def.'s Mot. to Dismiss at 10. Despite this protest by the government, the operative facts in each case are demonstrably different, and it is readily apparent that Williams has specifically and successfully endeavored to plead different factual elements in each case.

The government also avers that Williams has in this court effectively requested the "same relief" as he did in the district court claim, thus satisfying the second prong of the *Loveladies* test. *See* Def.'s Mot. to Dismiss at 10-11. In *Harbuck*, the Federal Circuit indicated that the "same relief" does not require that the relief requested in both claims be *exactly* the same, but rather that there must be "'*some* overlap in the relief requested.'" *Harbuck*, 378 F.3d at 1329 (quoting *Keene Corp.*, 508 U.S. at 212) (emphasis added). The plaintiff in *Harbuck* had filed a complaint in district court against the United States alleging sexual discrimination in her employment and seeking monetary and injunctive relief. 378 F.3d at 1326-27. The district court transferred a claim for monetary relief under the Equal Pay Act, 29 U.S.C. § 206(d), to this court and retained the other claims. *Id.* at 1327. The transferred claim was subsequently dismissed because of Section 1500. *Id.* The Federal Circuit affirmed the dismissal of that claim by this court, concluding that this court did not have jurisdiction because the prayer for monetary relief in the transferred claim was "identical to *one* of the prayers for relief in the . . . district court complaint." *Id.* at 1329 (emphasis added).

In this case, however, there is no explicit overlap in the requested relief. Williams seeks monetary relief and correction of his military records in this court. Compl. at 5-6 (Prayer for Judgment ¶¶ B-C). In the district court, Williams sought only declaratory relief: specifically, (1) a "decree declaring that [p]laintiff was not on active duty . . . after the expiration of his . . . enlistment and was neither lawfully retained in service by proper authority nor reentered onto active duty to be tried, convicted, sentenced and punished by General Court-Martial;" and (2) a "decree that those officers . . . who were part of the pretrial and court-martial proceedings did so in knowing . . . violation[] of the [p]laintiff's Constitutional rights." Def.'s Judgment Mot. App. at 43 (Amended Complaint, *Williams v. Department of the Air Force*, No. 04CV02161 (D.D.C. filed Dec. 30, 2004)). The government asks this court to cut through the pleading distinctions in Williams' complaints to treat the correction of military records that Williams seeks here as "overlapping" with the declaratory relief that he sought from the district court, with the result that the "same" relief would be sought in both courts for purposes of Section 1500. *See* Def.'s Mot. to Dismiss at 10-11. The government also argues that any monetary relief that might be ordered by this court would necessarily be accompanied by equitable relief in the form of an honorable discharge, which of necessity would require this court to find that the court-martial was improper, a matter pending before the district court. *Id.* at 11.

8

# EXHIBIT C

**BY ORDER OF THE**
**SECRETARY OF THE AIR FORCE**

*AIR FORCE INSTRUCTION 36-2134*

*8 OCTOBER 2004*

*Personnel*

*AIR FORCE DUTY STATUS PROGRAM*



## COMPLIANCE WITH THIS PUBLICATION IS MANDATORY

**NOTICE:**    This publication is available digitally on the AFDPO WWW site at:
**http://www.e-publishing.af.mil.**

OPR: HQ AFPC/DPFFOC
    (SSgt Noel Gutierrez)
Supersedes AFI 36-2134, 17 February 2004.

Certified by: HQ AFPC/DPF
(Col Roger T. Corbin)
Pages: 75
Distribution: F

This is the initial publication of Air Force Instruction (AFI) 36-2134. This publication implements Air Force Policy Directive (AFPD) 36-26, *Military Force Management.* It assigns responsibilities for Air Force duty status accountability and provides direction on the collection and maintenance of duty status information subject to the Privacy Act of 1974 authorized by Title l0, U.S.C. 8013, *Secretary of the Air Force*, Privacy Act System Notice F036 AF PC Q, *Personnel Data System (PDS)*; and Privacy Act System Notice F036 AF PC J. This instruction sets forth total force duty status policies for all active duty Air Force, Air Force Reserve (AFRES) and Air National Guard (ANG) forces. It establishes guidance for updating and maintaining duty status information on military personnel. Refer to **Attachment 1** for a glossary of references and supporting information. Send comments and suggested improvements on AF Form 847, **Recommendation for Change of Publication**, through appropriate channels, to the Readiness Operations Programs Section, HQ AFPC/DPWROP, 550 C Street West, Suite 15, Randolph AFB TX 78150-4717. Process supplements that affect any military personnel function IAW AFI 33-360, Volume 1, *Publications Management Program.* Coordinate supplements with HQ AFPC/DPWROP. Maintain and dispose of records created as a result of prescribed process in accordance with Air Force Manual (AFMAN) 37-139, *Records Disposition Schedule.*

Duty status reporting assists commanders in supporting peace and wartime mission requirements. The availability of duty status information allows commanders and functional managers to make informed force management decisions by providing quick and accurate determination of names, numbers, and types of unit personnel available for mission taskings. Duty status reporting is event-oriented and serves as a personnel accounting function. Duty status conditions are reported when an individual is projected to be or is in a duty status condition other than present for duty (PFD), as well as when he/she is subsequently returned to present for duty per Air Force Computer System Manual (AFCSM) 36-699, *Military Personnel Data System (MilPDS) User Guide,* Volume 1, Chapter 13 or AFI 36-2911, *Desertion and Unauthorized Absence.*

| DUTY STATUS CODE | CLEAR TEXT | TDY TYPE CODE | OPR | DEFINITION | SOURCE DOCUMENT |
|---|---|---|---|---|---|
| 27 | TDY - OTHER IN COUNTRY - OVERSEAS PERSONNEL ONLY | 8 | CSS, MPF | To report a TDY from an overseas country to another location within the same country. | DD Form 1610 |
| 28 | PENDING SEPARATION, UNDER INVESTIGATION | | CSS, MPF | Used when extending a member's ETS beyond original ETS for potential court-martial proceedings. | Notification in writing from local Staff Judge Advocate (SJA). |
| 29 | TDY – OVERSEAS TO CONUS | 9 | CSS, MPF | To report the TDY of an individual from an overseas location to the CONUS. | DD Form 1610 |
| 30 | WHEREABOUTS UNKNOWN | | CSS, MPF | A transitory casualty status used when the responsible commander suspects the member may be a casualty, whose absence is involuntary, but does not feel sufficient evidence currently exists to make a definite determination of missing or deceased. | AF Form 2098 |

# EXHIBIT D

**BY ORDER OF THE**
**SECRETARY OF THE AIR FORCE**

*AIR FORCE INSTRUCTION 36-3208*

*9 JULY 2004*

*Personnel*

*ADMINISTRATIVE SEPARATION OF AIRMEN*



## COMPLIANCE WITH THIS PUBLICATION IS MANDATORY

**NOTICE:**  This publication is available digitally on the AFDPO WWW site at:
**http://www.e-publishing.af.mil.**

OPR:  HQ AFPC/DPPRS
       (Ms. Nancy Baker)
Supersedes  AFI 36-3208, 10 June 2004

Certified by: HQ AFPC/DPP
(Col Steven F. Maurmann)
Pages: 227
Distribution: F

This instruction states how we administratively separate enlisted members for all reasons except physical disability or court-martial. It contains standards and procedures for implementing Air Force Policy Directive (AFPD) 36-32, *Military Retirements and Separations,* concerning voluntary and involuntary separations. It governs service characterization for administrative separation and prescribes procedures for the probation and rehabilitation program for airmen subject to administrative discharge for cause. This publication applies to members of the Regular Air Force (RegAF). Also, this publication applies to members of the United States Air Force Reserve (USAFR) and members of the Air National Guard of the United States (ANGUS) as indicated in paragraph **1.6.** With Air Force Regulation (AFR) 35-41, volume 3, and Air National Guard Regulation (ANGR) 39-10, this instruction implements Department of Defense Directive (DoDD) 1315.15, *Special Separation Policy for Survivorship,* 26 September 1988, DoD Instructions (DoDI) 1332.15, *Early Release of Military Enlisted Personnel for College or Vocational/ Technical School Enrollment,* 1 Jun 76, DoDD 1332.14, *Enlisted Administrative Separations,* 21 December 1993, and parts of DoDD 1344.10, *Political Activities by Members of the Armed Forces,* 25 September 1986, that provide for separation of enlisted members and DoDD 1332.29, *Eligibility of Regular and Reserve Personnel for Separation Pay,* 20 June 1991, that provides for separation pay for enlisted members.

See **Attachment 1** for glossary references, abbreviations, acronyms, terms and addresses. This instruction requires the collection and maintenance of information protected by the Privacy Act of 1974. The authorities to collect and maintain the records prescribed in this instruction are Title 10 U.S.C., Section 1169, Regular enlisted members; Title 10 U.S.C., Section 1162, Reserves, discharge; and Executive Order 9397, 22 November 1943. System of Records Notice F035 MPC U, *Separation Case Files,* (Officer and Airman) apply. Do not supplement this instruction. Submit proposed operating instructions, manuals, regulations, and so forth, affecting airman separations to Headquarters Air Force Military Personnel Center, Airman Separations Section (HQ AFMPC/DPMARS2), Randolph AFB TX 78150-6001, for review and approval before publishing them.

2.3.1.2.  Waive 180 days and refer the case to HQ AFMPC/DPMARS2 with a recommendation for waiver of all or part of the remainder.

**2.4. Retention for Action by Court-Martial.** For information about how incomplete court-martial action affects separation from active duty, see paragraph **1.9.** These restrictions also apply to ETS separations. This paragraph authorizes the retention of airmen beyond ETS in anticipation of the preferring of charges. The SJA determines what type of appropriate action is sufficient to authorize retention pending the preferring of charges. If there is sufficient time, the Staff Judge Advocate (SJA) or a member of the SJA's staff will notify the MPF separations unit in writing to involuntarily extend the member's ETS.

2.4.1.  Verbally notify when time does not permit written notification, but written confirmation of the verbal notice should be provided the MPF within 5 work days.

**2.5. Retention To Complete Separation Processing.** Retain airmen beyond ETS for the convenience of the government to complete separation processing if they:

2.5.1.  Are en route to the place of separation.

2.5.2.  Decline to reenlist as scheduled. Airmen scheduled for reenlistment within 7 calendar days of their DOS sign a statement agreeing to be retained beyond DOS if they do not reenlist. See AFI 36-2606, table 4.7 (formerly AFR 35-16, volume 1) for more information. Retain for separation processing only.

**2.6. Retention for Medical Treatment or Evaluation.** Retain airmen beyond ETS with their consent (medical hold) for medical treatment or evaluation when their attending physician feels they are not medically qualified for retirement or separation. The medical facility sends the request to HQ AFMPC, Medical Standards Division (DPMMM). HQ AFMPC/DPMMM approves medical hold according to AFMAN 48-123 (formerly AFR 160-43).

2.6.1.  Do not retain airmen beyond ETS without their consent, unless they are physically incapable of expressing consent and have no guardian to act for them. Consent may be presumed in these cases. Make sure airmen (or their guardians) understand the advantages of retention for treatment or evaluation for possible disability separation.

2.6.2.  For formats of the statements requesting or declining to request retention, see **Figure 2.1.** and **Figure 2.2.** File the statement in the FRGp. Make a written report of the circumstances if the airman or guardian will not sign one of the statements. Separate the airman on ETS if retention for treatment or evaluation has not been authorized. Comply with AFMAN 48-123 (formerly AFR 160-43) to arrange for post separation treatment of an airman who has been hospitalized.

**2.7. Airmen Awaiting Disposition by Foreign Courts.** With their consent, retain airmen beyond ETS while they wait for disposition of criminal charges by civilian authorities in a foreign country. Commanders and personnel officers should start their action at least 1 month before the airman's ETS or as soon as they have information showing that civil court disposition may not be complete by ETS. The commander informs the MPF of the facts of the case and the need for retention.

2.7.1.  If an airman's ETS will pass while the civil charges are still pending:

# EXHIBIT E

Policy and procedures.

CODE OF FEDERAL REGULATIONS
TITLE 32--NATIONAL DEFENSE
SUBTITLE A--DEPARTMENT OF DEFENSE
CHAPTER I--OFFICE OF THE SECRETARY OF DEFENSE
SUBCHAPTER D--PERSONNEL, MILITARY AND CIVILIAN
PART 45--CERTIFICATE OF RELEASE OR DISCHARGE FROM ACTIVE DUTY
(DD FORM 214/5 SERIES)

*Current through May 25, 2006; 71 FR 30068*

## § 45.3 Policy and procedures.

(a) Administrative issuance or reissuance of DD Forms 214 and 215.

(1) The DD Form 214 will normally be issued by the command from which the member was separated. In those instances where a DD Form 214 was not issued, the Services concerned may establish procedures for administrative issuance.

(2) The DD Form 214, once issued, will not be reissued except:

(i) When directed by appropriate appellate authority, Executive Order, or by the Secretary concerned.

(ii) When it is determined by the Service concerned that the original DD Form 214 cannot be properly corrected by issuance of a DD Form 215 or if the correction would require issuance of more than two DD Forms 215.

(iii) When two DD Forms 215 have been issued and an additional correction is required.

(3) Whenever a DD Form 214 is administratively issued or reissued, an appropriate entry stating that fact and the date of such action will be made in Block 18, Remarks, of the DD Form 214 unless the appellate authority, Executive Order, or Secretarial directive specifies otherwise.

(b) The Military Services will ensure that every member (except as limited in paragraph (b)(2) of this section and excluding those listed in paragraph (c) of this section) being separated from the Military Services is given a completed DD Form 214 describing relevant data regarding the member's service, and the circumstances of termination. DD Form 214 may also be issued under other circumstances prescribed by the Military Service concerned. A continuation sheet, if required, will be bond paper, and will reference: The DD Form 214 being continued; information from blocks 1 through 4; the appropriate block(s) being continued; the member's signature, date; and the authorizing official's signature. DD Forms 214 are not intended to have any legal effect on termination of the member's service.

---------- 1278 ----------

(1) Release or discharge from active service.

(i) The original of DD Form 214 showing separation from a period of active service with a Military Service, including release from a status that is legally determined to be void, will be physically delivered to the separate prior to departure from the separation activity on the effective date of separation; or on the date authorized travel time commences.

(A) Copy No. 4, containing the statutory or regulatory authority, reentry code, SPD code, and narrative reason for separation also will be physically delivered to the separatee prior to departure, if he/she so requested by initiating Block 30, Member Requests Copy 4.

(B) Remaining copies of DD Form 214 will be distributed on the day following the effective date of separation.

(ii) When separation is effected under emergency conditions which preclude physical delivery, or when the recipient departs in advance of normal departure time (e.g., on leave in conjunction with retirement; or at home awaiting separation for disability), the original DD Form 214 will be mailed to the recipient on the effective date of separation.

(iii) If the separation activity is unable to complete all items on the DD Form 214, the form will be prepared as completely as possible and delivered to the separatee. The separatee will be advised that a DD Form 215 will be issued by the Military Service concerned when the missing information becomes available; and that it will not be necessary for the

(iv) If an optical character recognition format is utilized by a Military Service, the first carbon copy of the document will be physically delivered or mailed to the separatee as prescribed in paragraphs (b) (i) through (iii) of this section.

(2) Release from active duty for training, full-time training duty, or active duty for special work. Personnel being separated from a period of active duty for training, full-time training duty, or active duty for special work will be furnished a DD Form 214 when they have served 90 days or more, or when required by the Secretary concerned for shorter periods. Personnel shall be furnished a DD Form 214 upon separation for cause or for physical disability regardless of the length of time served on active duty.

---------- 1279 ----------

(3) Continuing on active duty. Members who change their status or component, as outlined below, while they are serving on active duty will be provided a completed DD form 214 upon:

(i) Discharge for immediate enlistment or reenlistment (optional--at the discretion of the Military Services). However, Military Services not providing the DD Form 214 will furnish the member a DD Form 256, "Honorable Discharge Certificate," and will issue instructions requiring those military offices which maintain a member's records to provide necessary Service data to the member for application to appropriate civilian individuals, groups, and governmental agencies. Such data will include Service component, entry data and grades.

(ii) Termination of enlisted status to accept an appointment to warrant or commissioned officer grade.

(iii) Termination of a temporary appointment to accept a permanent warrant or commission in the Regular or Reserve components of the Armed Forces.

(iv) Termination of an officer appointment in one of the Military Services to accept appointment in another Service.

(c) DD Form 214 need not be prepared for:

(1) Personnel found disqualified upon reporting for active duty and who do not enter actively upon duties in accordance with orders.

(2) Personnel whose active duty, active duty for training, full-time training duty or active duty for special work is terminated by death.

(3) Personnel being removed from the Temporary Disability Retired List.

(4) Enlisted personnel receiving temporary appointments to warrant or commissioned officer grades.

(5) Personnel whose temporary warrant or commissioned officer status is terminated and who remain on active duty to complete an enlistment.

(6) Personnel who terminate their Reserve component status to integrate into a Regular component.

(7) Personnel separated or discharged who have been furnished a prior edition of this form, unless that form is in need of reissuance for some other reason.

(d) Preparation. The Military Departments will issue instructions governing the preparation of DD Form 214, consistent with the following:

(1) DD Form 214 is an important record of service which must be prepared accurately and completely. Any unavoidable corrections and changes made in the unshaded areas of the form during preparation shall be neat, legible and initialed on all copies by the authenticating official. The recipient will be informed that making any unauthorized change or alteration of the form will render it void.

---------- 1280 ----------

(2) Since DD Form 214 is often used by civilian personnel, abbreviations should be avoided.

(3) Copies of DD Form 214 transmitted to various governmental agencies shall be legible, especially those provided to the Veterans Administration (Department of Veterans Affairs, effective March 15, 1989, in accordance with section 18(a), Pub.L. 100-527 and the Department of Labor).

(4) The authority for a member's transfer or discharge will be cited by reference to the appropriate Military Service regulation, instruction, or manual, followed by the appropriate separation program designator on copies 2, 4, 7, and 8 only. A narrative description to identify the reason for transfer or separation will not be used on copy 1.

(5) To assist the former Service member in employment placement and job counseling, formal inservice training courses successfully completed during the period covered by the form will be listed in Block 14, Military Education; e.g., medical, dental, electronics, supply, administration, personnel or heavy equipment operations. Training courses for combat skills will not be listed. See 1978 Guide to the Evaluation of Educational Experiences in the Armed Services for commonly accepted course titles and abbreviations.

(6) For the purpose of reemployment rights (DoD Directive 1205.12) [FN1] ) all extensions of service, except those under 10 U.S.C. 972, are considered to be at the request and for the convenience of the Government. In these cases, Block 18 of DD Form 214 will be annotated to indicate "Extension of service was at the request and for the convenience of the

[FN1] Copies may be obtained if needed, from the U.S. Naval Publications and forms Center, Attn: Code 1062, 5801 Tabor Avenue, Philadelphia, PA.

(7) When one or more of the data items on the DD Form 214 are not available and the document is issued to the separatee, the applicable block(s) will be annotated "See Remarks." In such cases, Block 18 will contain the entry "DD Form 215 will be issued to provide missing information." When appropriate, Block 18 will also reflect the amount of disability pay, and the inclusive dates of any nonpay/excess leave days.

(8) The authorizing official (E-7, GS-7 or above) will sign the original in ink ensuring that the signature is legible on all carbon copies. If not, a second signature may be necessary on a subsequent carbon copy. The authorized official shall be an E-7, GS-7, or higher grade, except that the Service concerned may authorize chiefs of installation separation activities (E-5, GS-5, or above) to serve in this capacity if designated in writing by the responsible commander and/or director (0-4, or above).

---------- 1281----------

(9) The following are the only authorized entries in Block 24, Character of Service, as appropriate: "Honorable," "Under Honorable Conditions (General)," "Under Other Than Honorable Conditions," "Bad Conduct," "Dishonorable," or "Uncharacterized." When a discharge has been upgraded, the DD Form 214 will be annotated on copies 2 through 8 in Block 18 to indicate the character of service has been upgraded; the date the application for upgrade was made; and the effective date of the corrective action.

(10) The date entered in Block 12.a. shall be the date of enlistment for the earliest period of continuous active service for which a DD Form 214 was not previously issued. For members who have previously reenlisted without being issued a DD Form 214, and who are being separated with any discharge characterization except "Honorable," the following statement shall appear as the first entry in Block 18., "Remarks," on the DD Form 214: "CONTINUOUS HONORABLE ACTIVE SERVICE FROM (applicable date) UNTIL (applicable date)." The "from" date shall be the date of initial entry into active duty, or the first day of service for which a DD Form 214 was not previously issued, as applicable; the "until" date shall be the date before commencement of the current enlistment.

(11) For Service members retiring from active duty enter in Block 18., "Subject to active duty recall by Service Secretary."

(12) For Service members being transferred to the Individual Ready Reserve, enter in Block 18., "Subject to active duty recall and/or annual screening."

(e) Distribution. The Military Services will prescribe procedures governing the distribution of copies of the DD Forms 214 and 215, consistent with their internal requirements, and the following:

(1) DD Form 214--

(i) Copy No. 1 (original). To the member.

(ii) Copy No. 2. To be used as the Military Services' record copy.

(iii) Copy No. 3. To the Veterans Administration (Department of Veterans Affairs, effective March 15, 1989, in accordance with section 18(a), Data Processing Center (214), 1614 E. Woodword Street, Austin, Texas 78772. A reproduced copy will also be provided to the hospital with the medical records if the individual is transferred to a VA hospital. If the individual completes VA Form 21-5267, "Veterans Application for Compensation or Pension," include a copy of the DD Form 214 with medical records forwarded to the VA regional office having jurisdiction over the member's permanent address. When an individual is in Service and enlisting or reenlisting in an active duty status or otherwise continuing on active duty in another status, copy No. 3 will not be forwarded to the VA.

(iv) Copy No. 4. To the member, if the member so requested by having initialed Block 30. If the member does not request this copy, it may be retained in the master military personnel record, to be available in case the member requests a copy later.

---------- 1282----------

(v) Copy No. 5. To Louisiana UCX/UCFE, Claims Control Center, Louisiana Department of Labor, P.O. Box 94246, Capitol Station, Baton Rouge, Louisiana 70804-9246.

(vi) Copy No. 6. To the appropriate State Director of Veterans Affairs (see enclosure 4), if the member so requested by having checked "Yes" in Block 20, "Member Requests Copy Be Sent to Director of Veterans Affairs." The member must specify the State. If the member does not request the copy be mailed, it may be utilized as prescribed by the Military Service concerned.

(vii) Copies No. 7 and 8. To be distributed in accordance with regulations issued by the Military Service concerned.

(viii) Additional Copy Requirements. Discharged Alien Deserters. Provide one reproduced copy of Copy No. 1 to the

precluding the unwarranted issuance of visas to discharged and alien deserters in accordance with DoD Directive 1325.2 [FN2] . Place of birth will be entered in Block 18.

[FN2] Copies may be obtained if needed, from the U.S. Naval Publications and forms Center, Attn: Code 1062, 5801 Tabor Avenue, Philadelphia, PA.

(2) DD Form 214-ws. Utilized to facilitate the preparation of DD Form 214. The document will be used and disposed of in accordance with regulations issued by the Military Service concerned.

(3) DD Form 215. Utilized to correct errors in DD Form 214 discovered after the original has been delivered and/or distribution of copies of the form has been made, and to furnish to separatee information not available when the DD Form 214 was prepared. The distribution of DD Form 215 will be identical to the distribution of DD Form 214.

(4) Requests for Copies of DD Form 214 Subsequent to Separation. Agencies maintaining a separatee's DD Form 214 will provide a copy only upon written request by the member. Agencies will provide the member with 1 copy with the Special Additional Information section, and 1 copy with that information deleted. In the case of DD Form 214 issued prior to July 1, 1979, agencies will provide the member with 1 copy containing all items of information completed, and 1 copy with the following items deleted from the form: Specific authority and narrative reason for separation, reenlistment eligibility code, and separation program designator/number.

---------- 1283 ----------

(i) In those cases where the member has supplied an authorization to provide a copy of the DD Form 214 to another individual or group, the copy furnished will not contain the Special Additional Information section or, in the case of DD forms issued prior to July 1, 1979, those items listed in paragraph (e)(4) of this section.

(ii) A copy will be provided to authorized personnel for official purposes only.

(f) Procurement. Arrangements for procurement of DD Forms 214, 214-ws, and 215 will be made by the Military Services.

(g) Modification of Forms. The modification of the content or format of DD Forms 214, 214-ws, and 215 may not be accomplished without prior authorization of the Assistant Secretary of Defense (Force Management and Personnel) (ASD(FM&P)). Requests to add or delete information will be coordinated with the other Military Services in writing, prior to submission to the ASD(FM&P). If a Military Service uses computer capability to generate forms, the items of information may be arranged, the size of the information blocks may be increased or decreased, and copies 7 and/or 8 may be deleted at the discretion of the Service.

<General Materials (GM) - References, Annotations, or Tables>

SOURCE: 54 FR 7409, Feb. 21, 1989; 57 FR 6199, Feb. 21, 1992; 68 FR 38609, June 30, 2003, unless otherwise noted.

AUTHORITY: 10 U.S.C. 1168 and 972.

**EXHIBIT F**

**BY ORDER OF THE SECRETARY OF THE AIR FORCE**

*AIR FORCE INSTRUCTION 36-3202*

*20 May 1994*

*Personnel*

*SEPARATION DOCUMENTS*





## COMPLIANCE WITH THIS PUBLICATION IS MANDATORY

**NOTICE:** This publication is available digitally on the SAF/AAD WWW site at: http://afpubs.hq.af.mil. If you lack access, contact your Publishing Distribution Office (PDO).

OPR: HQ AFMPC/DPMARS2
 (Mr James H. Jones)
Supersedes AFR 35-6, 1 January 1990.

Certified by: HQ AFMPC/DPMA
(Col Leo M. Cutcliff)
Pages: 50
Distribution: F

This instruction explains how to control, prepare, and distribute separation documents and control lists of Separation Program Designator codes. Separation occurs when members of the Air Force leave active duty, move from one active duty status to another, or are discharged, retired, transferred, dismissed, or released. This instruction implements Air Force Policy Directive 36-32, *Military Retirements and Separations,* 14 July 1993, Department of Defense Instruction 1336.1, 6 January 1989; and portions of DoD Directive 1332.14, 28 January 1982.

The Privacy Act of 1974 affects this instruction. Title 10, U.S.C., Sections 1168 and 1169, authorize the maintenance of the system of records FO35 MPC U, *Separation Case Files,* prescribed by this instruction. A Privacy Act statement must be included on DD Form 214WS, **Worksheet for Certificate of Release or Discharge from Active Duty.**

Major commands and lower levels must submit proposed supplements for approval to Headquarters Air Force Military Personnel Center, Airman Separations Section (HQ AFMPC/DPMARS2), 550 C St West, Ste 11, Randolph AFB TX 78150-4713. Process supplements that affect any military personnel function as shown in Air Force Instruction (AFI) 37-160, volume 1, table 3.2, *The Air Force Publications and Forms Management Programs--Developing and Processing Publications* (formerly Air Force Regulation (AFR) 5-8). **Attachment 1** is a glossary of references, abbreviations, acronyms, and terms.

## *SUMMARY OF REVISIONS*

This is the initial publication of AFI 36-3202, substantially revising AFR 35-6, 1 January 1990. It removes the phrase that limited the legal effect of the DD Form 214, **Certificate of Release or Discharge From Active Duty,** on separation; deletes the requirement to notify HQ AFMPC/DPMARS1 when a regular officer will separate overseas; requires The Air National guard of the United States (ANGUS) and US Air Force Reserve (USAFR) to fill out DD Form 214 for their members serving on an initial active duty for training tour; eliminates the requirement for overseas members to separate at a port separations facility, deletes the requirement that reserve components issue DD Form 257AF, **Under Honorable Condi-**

| 12 | 9 | Command to Which Transferred | When at separation the member enlists in, is transferred to, or reverts to Reserve of the Air Force status, enter component. Otherwise, enter Not Applicable. When a member reverts to ANG status, include the state. For members retired, discharged or placed on TDRL, enter Not Applicable. | USAFR; or ANG, State of New York; or Not Applicable |
|---|---|---|---|---|
| 13 | 10 | SGLI Coverage | Enter thousands of dollars of coverage; or, if none, mark the box with X. | 200,000 |
| 14 | 11 | Primary Specialty Number, Title and Years and Months in Specialty | Enter the primary AF Specialty code (PAFSC) and all additional AFSCs in which the member served for 1 year or more, during member's continuous active military service. In each AFSC, show the highest skill level in which the member performed duties. For each AFSC give the title with the years and months of service. For airmen separated from basic military training or officer training school to whom no AFSC has been awarded, use the reporting identifier. Use other reporting identifiers as awarded AFSCs according to AFIs 36-2108 and 36-2102. Do Not Use reporting identifiers 9A100, 9A200, 9J000 9P000, or 9U000 Use the title applicable to AFSC at the time the duty was performed. -For Officers: Make separate entries showing the highest skill level for separate AFSCs within career progression. -For Airmen: Do not make a separate entry for each skill level below 7-level. When AFSCs merge at the 9-level, make separate entries for the highest skill level in each AFSC below the 9-level. Use AFVAs 36-2102 and 36-2108, Officer/Airman Classification Structure Charts, to indicate the proper AFSC title. | -For Officers: 36P3, Personnel, 5 years. 36P4, Personnel, 7 years and 3 months. 38M4, Manpower, 7 years, 36C3, Chief, Mission Support, 3 years. -For Airmen: 3S051, Personnel Journeyman, 5 years. 3S071, Personnel Craftsman, 14 years, 3S090, Personnel Superintendent, 3 years. |
| 15 | 12a | Date Entered Active Duty This Period | -For Officers: Show the date of entry on current tour of EAD. -For Airmen: Enter date entered Active Duty (EAD) for this period of continuous active duty. -For Reserve Airmen: Show the date ordered to EAD. | 1975 Oct 30 |
| 16 | 12b | Separation Date This Period | Show the date when separation from active duty is effective. For members going on the temporary disability retirement list (TDRL), use the day prior to the "date of retirement" on the orders. | 1979 Oct 29 |
| 17 | 12c | Net Active Service This Period | Years, months, and days of service between dates shown in 12b and 12a less time lost (see rule 61 and notes 3 and 4). | 04 00 00 |

| 18 | 12d | Total Prior Active Service | Total of all active military service before the current period of continuous active service (excludes service in 12c above). | 04 00 00 or 07 04 23 |
|---|---|---|---|---|
| 19 | 12e | Total Prior Inactive Service | Total of all inactive service. Includes inactive time not credited toward pay date. | 00 03 14 or 00 00 00 |
| 20 | 12f | Foreign Service | Total foreign service during continuous active military service. Includes service in Alaska and Hawaii and other areas outside CONUS. | 05 06 22 or 00 00 00 |
| 21 | 12g | Sea Service | Time assigned to a ship. | 00 09 11 or 00 00 00 |
| 22 | 12h | Effective Date of Pay Grade | Effective date of active duty grade held at separation (item 4b). Show year, month, and day. | 1975 May 13 |
| 23 | 13 | Decorations, Medals, Badges, Citations, and Campaign Ribbons Awarded or Authorized (all periods of service) | List all decorations, unit awards, badges, and service awards. Show area of operation for Armed Forces Expeditionary Medal. All should reflect the correct title as it appears in AFI 36-2803. If none awarded, enter "None." | Meritorious Service Medal, AF Good Conduct Medal with two oak leaf clusters, Vietnam Service Medal, and National Defense Service Medal. |
| 24 | 14 | Military Education | List all formal in-service training courses completed during continuous active military service. Omit only training courses for combat skills. Include Professional Military Education by correspondence through the Extension Course Institute. Show in-residence course length. You may use either weeks or hours to show course length. Use titles and abbreviations from the current Guide to Evaluation of Educational Experiences in the Armed Services. If no training was completed, enter "None." | Fire Prevention Technician, 4 weeks or 160 hours, Nov 1974. Public Information officer, 8 weeks, Dec 1975. Finance Supervisor, 13 weeks or 320 hours, Nov 1975. Squadron Officer School, 11 weeks or 440 hours, Dec 1979 (by correspondence). |
| 25 | 15a | Member Contributed to Post-Vietnam Era Veterans' Educational Assistance Program (VEAP) | Mark YES with an X if member made any contribution (Public Law 94-502, Title IV). If member withdraws his or her contribution from VEAP account or did not participate, mark NO. See note 5. Does not count participation with the Montgomery GI Bill. | |
| 26 | 15b | High School Graduate or Equivalent | Mark NO only if the member did not graduate from high school and does not have an equivalency certificate. Otherwise, mark YES. | |

21

| 27 | 16 | Days Accrued Leave Paid This Enlistment. | Do not leave blank. Enter -0- for zero or negative balance. Do not use any fraction other than .5. | 33, 30.5, or -0- |
|----|----|----|----|----|
| 28 | 17 | Dental Care Within 90 Days of Separation | Make this entry if the SF Form 603, Health Record-Dental , or 603A, Health Record-Dental Continuation, indicates Separation examination and treatment completed within 90 days of separation, retirement, or release. | Mark YES if member was provided a complete dental examination and all appropriate dental services and treatment within 90 days prior to separation. Mark NO if member was either not provided a complete dental examination, or all appropriate dental services and treatment were not provided within 90 days prior to separation, or both. |
| 29 | 18 | Remarks | Make only the entries authorized in rules 30 - 49, if they are applicable. Make no others unless specifically authorized by HQ AFMPC/DPMARS. | |
| 30 | | Continuous Honorable Active Military Service | Include continuous honorable active military service for a member who has previously reenlisted without being issued a DD Form 214 and who is separated with any discharge characterization except honorable (DD, BCD, UOTHC, and Under Honorable Conditions [General]). "From" date is the date of initial entry into active duty, or the first day of service for which a DD Form 214 was not previously issued; the "to" date is the date before the current enlistment. | Continuous Honorable Active Military Service from 12 Jun 80 to 11 Jun 88. |
| 31 | | Extensions of Enlistment or Period of Required Service | Do not include retention to make good time that was lost according to 10 U.S.C. 972. | Extension for service was at the request and for the convenience of the government. |
| 32 | | Reserve of the Air Force (ResAF) Grade | If the grade shown in item 4a is lower than the member's ResAF grade, enter the ResAF grade. | Reserve of the Air Force Grade: MAJOR, 04. |

# EXHIBIT G

| CAUTION: NOT TO BE USED FOR IDENTIFICATION PURPOSES | THIS IS AN IMPORTANT RECORD. SAFEGUARD IT. | ANY ALTERATIONS IN SHADED AREAS RENDER FORM VOID |
|---|---|---|

## CERTIFICATE OF RELEASE OR DISCHARGE FROM ACTIVE DUTY

| 1. NAME (Last, First, Middle) | 2. DEPARTMENT, COMPONENT AND BRANCH | 3. SOCIAL SECURITY NUMBER |
|---|---|---|
| WILLIAMS, MARVIN LONNIE | AIR FORCE – USAF | 265  75  7191 |

| 4a. GRADE, RATE OR RANK | b. PAY GRADE | 5. DATE OF BIRTH (YYYYMMDD) | 6. RESERVE OBLIGATION TERMINATION DATE (YYYYMMDD) N/A |
|---|---|---|---|
| AB | E1 | 19720530 | |

| 7a. PLACE OF ENTRY INTO ACTIVE DUTY | b. HOME OF RECORD AT TIME OF ENTRY (City and state, or complete address if known) |
|---|---|
| SPANGDAHLEM AB GE | JACKSONVILLE FL |

| 8a. LAST DUTY ASSIGNMENT AND MAJOR COMMAND | b. STATION WHERE SEPARATED |
|---|---|
| 42ND SUPPLY SQUADRON    (AET) | LACKLAND AFB TX |

| 9. COMMAND TO WHICH TRANSFERRED | 10. SGLI COVERAGE | NONE |
|---|---|---|
| N/A | AMOUNT: $250,000 | |

| 11. PRIMARY SPECIALTY (List number, title and years and months in specialty. List additional specialty numbers and titles involving periods of one or more years.) | 12. RECORD OF SERVICE | YEAR(s) | MONTH(s) | DAY(s) |
|---|---|---|---|---|
| 2S051, SUPPLY MANAGEMENT JOURNEYMAN   8 YEARS, 11 MONTHS | a. DATE ENTERED AD THIS PERIOD | 1996 | FEB | 02 |
| | b. SEPARATION DATE THIS PERIOD | 2004 | OCT | 01 |
| | c. NET ACTIVE SERVICE THIS PERIOD | 11 | 06 | 12 |
| | d. TOTAL PRIOR ACTIVE SERVICE | 00 | 00 | 00 |
| | e. TOTAL PRIOR INACTIVE SERVICE | 00 | 00 | 00 |
| | f. FOREIGN SERVICE | 00 | 01 | 24 |
| | g. SEA SERVICE | 00 | 00 | 00 |
| | h. EFFECTIVE DATE OF PAY GRADE | 2003 | JAN | 11 |

| 13. DECORATIONS, MEDALS, BADGES, CITATIONS AND CAMPAIGN RIBBONS AWARDED OR AUTHORIZED (All periods of service) | 14. MILITARY EDUCATION (Course title, number of weeks, and month and year completed) |
|---|---|
| AIR FORCE ACHIEVEMENT MEDAL WITH 1 DEVICE, NATIONAL DEFENSE SERVICE MEDAL WITH 1 DEVICE, NCO PROFESSIONAL MILITARY EDUCATION GRADUATE RIBBON          SEE REMARKS | AIR FORCE BASIC MILITARY TRAINING, 6 WEEKS, MAR 1997, AIRMAN LEADERSHIP SCHOOL, JUL 1999 |

| 15a. MEMBER CONTRIBUTED TO POST-VIETNAM ERA VETERANS' EDUCATIONAL ASSISTANCE PROGRAM | | YES | X | NO |
|---|---|---|---|---|
| b. HIGH SCHOOL GRADUATE OR EQUIVALENT | | X | YES | | NO |

| 16. DAYS ACCRUED LEAVE PAID 0 | 17. MEMBER WAS PROVIDED COMPLETE DENTAL EXAMINATION AND ALL APPROPRIATE DENTAL SERVICES AND TREATMENT WITHIN 90 DAYS PRIOR TO SEPARATION | YES | NO X |
|---|---|---|---|

**18. REMARKS**
CONT ITEM 13:  AIR FORCE OVERSEAS SERVICE LONG TOUR RIBBON, AIR FORCE
OVERSEAS SERVICE SHORT TOUR RIBBON, AIR FORCE TRAINING RIBBON, AIR
FORCE LONGEVITY SERVICE AWARD WITH 1 DEVICE  CONTINUOUS HONORABLE
ACTIVE MILITARY SERVICE FROM 02 FEBRUARY 1994 THROUGH 30 JANUARY 1997,
25 MARCH 2002 THROUGH 01 OCTOBER 2004, 912 DAYS, EXCESS LEAVE -
NOTHING FOLLOWS.

The information contained herein is subject to computer matching within the Department of Defense or with any other Federal or non-Federal agency for verification purposes and to determine eligibility for, and/or continued compliance with, the requirements of a Federal benefit program.

| 19a. MAILING ADDRESS AFTER SEPARATION (Include Zip Code) | b. NEAREST RELATIVE (Name and address - include Zip Code) |
|---|---|
| 1201 N WAREHOUSE ROAD FT LEAVENWORTH KS 66027 | 8935 EDGEFIELD ROAD APT E-4 JACKSONVILLE FL 32211 |

| 20. MEMBER REQUESTS COPY 6 BE SENT TO (Specify state/local Director of Veterans Affairs) | | | YES | X | NO |
|---|---|---|---|---|---|

| 21. SIGNATURE OF MEMBER BEING SEPARATED | 22. OFFICIAL AUTHORIZED TO SIGN (Typed name, grade, title and signature) |
|---|---|
| MEMBER NOT AVAILABLE TO SIGN | TAMALA RIVERA, TSGT, USAF PERSONNEL, AIR FORCE CORRECTIONS *Tamala Rivera* |

### SPECIAL ADDITIONAL INFORMATION (For use by authorized agencies only)

| 23. TYPE OF SEPARATION | 24. CHARACTER OF SERVICE (Include upgrades) |
|---|---|
| DISCHARGE | DISHONORABLE |

| 25. SEPARATION AUTHORITY | 26. SEPARATION CODE | 27. REENTRY CODE |
|---|---|---|
| HQ 11TH WING GCMO # 152 20040628 | JJD | 2B |

| 28. NARRATIVE REASON FOR SEPARATION |
|---|
| COURT-MARTIAL (OTHER) |

| 29. DATES OF TIME LOST DURING THIS PERIOD (YYYYMMDD) | 30. MEMBER REQUESTS COPY 4 (Initials) |
|---|---|
| 20020111-20020325 | |

**DD Form 214-AUTOMATED, FEB 2000**          *PREVIOUS EDITION IS OBSOLETE.*

SERVICE-2