UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARCUS L. WILLIAMS,       )
                              )
      Plaintiff,          )
                              )
    v.                     )     Civil Action No. 06-0508 (RCL)
                              )
DEPARTMENT OF THE AIR FORCE,  )
                              )
      Defendant.        )

## MEMORANDUM OPINION

Plaintiff is a federal inmate serving a sentence pursuant to a court-martial conviction. He brought this *pro se* action seeking a declaratory judgment under the Administrative Procedure Act ("APA"), 5 U.S.C. § 708, *et seq.* Defendant has filed a motion to dismiss. Because the Court lacks subject matter jurisdiction over plaintiff's claim, the case will be dismissed.

### Background

Plaintiff is a former member of the United States Air Force. He enlisted on February 2, 1993. *Williams v. United States*, 71 Fed. Cl. 194, 195 (2006). His initial date of separation from active duty was February 28, 2001. Compl. ¶ 5. Plaintiff extended his active duty status to December 28, 2001. *Id.*

On June 2, 2001, plaintiff was placed in military confinement and charged with violations of the Uniform Code of Miliary Justice ("UCMJ"). *Williams*, 71 Fed. Cl. at 195. Plaintiff was charged with (1) unlawful entry of a dwelling with the intent to commit an assault; (2) assault with a deadly weapon; (3) theft of a government handgun; (4) desertion; (5) unlawful transport of a stolen firearm; and (6) forgery. *Id.* at 196 n.3. On January 11, 2002,

following his guilty pleas, plaintiff was sentenced to a dishonorable discharge, a reduction in rank, and ten years imprisonment. *Id.* at 196.

Plaintiff appealed his conviction to the United States Air Force Court of Criminal Appeals. *Id.* His conviction was affirmed on February 20, 2004. *Id.* Plaintiff's petition for review was denied by the United States Court of Appeals for the Armed Forces. *Id.*

Plaintiff is currently incarcerated at the United States Disciplinary Barracks in Leavenworth, Kansas. Compl. ¶1. He alleges that his active duty enlistment expired on December 29, 2001, *Id.* ¶11. Therefore, he contends that after that date he was no longer subject to the UCMJ. *Id.* ¶12.

### Standard of Review

Defendant moves to dismiss pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C.Cir. 2002). The complaint need only set forth a short and plain statement of the claim, giving the defendant fair notice of the claim and the grounds upon which it rests. *Kingman Park Civic Ass'n v. Williams*, 348 F.3d 1033, 1040 (D.C.Cir. 2003) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

A court should not dismiss a complaint for failure to state a claim unless the defendant can show beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Warren v. Dist. of Columbia*, 353 F.3d 36, 37 (D.C.Cir. 2004); *Kingman Park*, 348 F.3d at 1040. Thus, in resolving a Rule 12(b)(1) or 12(b)(6) motion, the court must treat the complaint's factual allegations as true and draw all reasonable inferences therefrom in the plaintiff's favor. *Macharia v. United States*, 334 F.3d 61, 67 (D.C.Cir. 2003),

2

*cert. denied*, 540 U.S. 1149 (2004); *Holy Land Found. for Relief & Dev. v. Ashcroft*, 333 F.3d 156, 165 (D.C.Cir. 2003). While many well-pleaded complaints are conclusory, the court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations. *Warren*, 353 F.3d at 39; *Browning*, 292 F.3d at 242. In addition, the plaintiff has the burden of proving subject matter jurisdiction by a preponderance of the evidence. *Felter v. Norton*, 412 F. Supp. 2d 118, 122 (D.D.C. 2006) (citation and quotation omitted).

### Discussion

Defendant moves to dismiss for lack of subject matter jurisdiction on the ground that plaintiff's cause of action is, in effect, one for habeas corpus relief. Habeas corpus is the exclusive remedy for a federal prisoner bringing a claim that would have a "probabilistic impact" upon the duration of his custody. *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 809 (D.C.Cir. 1988)(en banc); *see also Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)(habeas is exclusive remedy if success of an action "would necessarily demonstrate the invalidity of confinement or its duration"). Although petitioner has styled his complaint as one for declaratory relief, the Court is not bound by a *pro se* litigant's characterization of his cause of action. A court must determine the proper characterization of a filing by the nature of the relief sought, *McLean v. United States*, No. 90-318, 2006 WL 543999, at *1 (D.D.C. Mar. 3, 2006), i.e., "to create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis." *Castro v. United States*, 540 U.S. 375, 381-82 (2003).

"[T]he writ of habeas corpus has long been recognized as the appropriate remedy for servicemen who claim to be unlawfully retained in the armed forces." *Parisi v. Davidson*, 405

U.S. 34, 39 (1972). When a member of the armed forces has been court-martialed and challenges his active duty status or otherwise challenges his conviction, he must bring his cause of action pursuant to the habeas corpus statute, 28 U.S.C. § 2241. *Rooney v. Sec'y of Army*, 405 F.3d 1029, 1031 (D.C.Cir. 2005); *Brown v. Sec'y of Army*, 89 Fed. Appx. 275 (D.C.Cir. 2004)(per curiam); *Monk v. Sec'y of Navy*, 793 F.2d 364, 366 (D.C.Cir. 1986). A party cannot avoid the habeas corpus statute by seeking a declaratory judgment. *LoBue v. Christopher*, 82 F.3d 1081, 1082 (D.C.Cir.1996).

Habeas corpus jurisdiction under 28 U.S.C. § 2241 resides only in the district court where the prisoner is incarcerated *Rumsfeld v. Padilla*, 542 U.S. 426, 433 (2004). The warden where the petitioner resides is the custodian for purposes of habeas jurisdiction. *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1238 (D.C.Cir.), *cert. denied*, 543 U.S. 975 (2004); *Blair-Bey v. Quick*, 151 F.3d 1036, 1039 (D.C.Cir. 1998).

Plaintiff is confined in Leavenworth, Kansas. Thus, this Court lacks subject matter jurisdiction over his challenge to his court-martial. Plaintiff's claim must be filed in the District of Kansas.

### Conclusion

Based on the foregoing, defendant's motion to dismiss will be granted. A separate order accompanies this Memorandum Opinion.

ROYCE C. LAMBERTH
United States District Judge

DATE: 1-4-07

4